```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                       :
UNITED STATES OF AMERICA               :    SUPERSEDING INDICTMENT
                                       :
          - v. -                       :    S1 17 Cr. 722 (VSB)
                                       :
SAYFULLO HABIBULLAEVIC SAIPOV,         :
                                       :
               Defendant.              :
                                       :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 9 2018

**COUNTS ONE THROUGH EIGHT**
(Murder in Aid of Racketeering Activity)

The Grand Jury charges:

ISLAMIC STATE OF IRAQ AND AL-SHAM

1. At all relevant times, there existed a foreign terrorist organization known as, among other names, the Islamic State of Iraq and al-Sham ("ISIS"). ISIS's publicly stated purpose is the establishment of an Islamic state or caliphate based in the Middle East and Africa that encompasses all Muslims worldwide.

2. ISIS has pursued the objective of an Islamic state through, among other things, killing and deliberate targeting of civilians, mass executions, persecution of individuals and communities on the basis of their religion, nationality, or ethnicity, kidnapping of civilians, forced displacement of Shia communities and minority groups, killing and maiming of children, rape, and other forms of sexual violence. ISIS has recruited thousands of foreign fighters from across the globe to

assist with its efforts to expand its so-called caliphate in Iraq, Syria, and other locations in Africa and the Middle East, and has leveraged technology to spread its violent extremist ideology and for incitement to commit terrorist acts.

3.   On October 15, 2004, the U.S. Secretary of State designated al Qaeda in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, which was a precursor to ISIS, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act ("INA") and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

4.   On May 15, 2014, the Secretary of State amended the designation of AQI as an FTO under Section 219 of the INA and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant as its primary name.  The Secretary also added the following aliases to the FTO listing: ISIS, the Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production.  In an audio recording publicly released on June 29, 2014, ISIS announced a formal change of its name to the Islamic State.  On September 21, 2015, the Secretary added the following aliases to the FTO listing:

2

Islamic State, ISIL, and ISIS. To date, ISIS remains a designated FTO.

## THE ISIS ENTERPRISE

5. At all times relevant to this Indictment, ISIS, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1959(b)(2) — that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce. ISIS is an organized terrorist group based in the Middle East and Africa that operates worldwide and constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

6. ISIS, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Section 1959(b)(1) and 1961(1), namely, acts indictable under: (i) Title 18, United States Code, Section 956(a)(1) (relating to conspiracy to murder, kidnap, or maim persons abroad); (ii) Title 18, United States Code, Section 1114 (relating to killing or attempted killing of officers and employees of the United States); (iii) Title 18, United States Code, Section 2332 (relating to certain homicides and other

3

violence against United States nationals occurring outside of the United States); (iv) Title 18, United States Code, Section 2332a (relating to use of weapons of mass destruction); (v) Title 18, United States Code, Section 2332b (relating to acts of terrorism transcending national boundaries); (vi) Title 18, United States Code, Section 2332f (relating to bombing of public places and facilities); (vii) Title 18, United States Code, Section 2339A (relating to providing material support to terrorists); and (viii) Title 18, United States Code, Section 2339B (relating to providing material support to terrorist organizations).

7. ISIS's principal purpose is to maintain its self-proclaimed Islamic state based in the Middle East and Africa, and to continue conquering territory until ISIS's caliphate covers the entire world. ISIS attempts to achieve this goal through various means including the promotion and execution of acts of terrorism; preserving and protecting the power, territory, and profits of ISIS through murder, attempted murder, and other acts of violence and terrorism; and promoting and enhancing the Enterprise and the activities of its members and associates.

## MEANS AND METHODS OF THE ENTERPRISE

8. Among the means and methods employed by ISIS's members and associates in conducting and participating in the conduct of the Enterprise's affairs are the following:

    a. ISIS members and associates solicit, organize, and carry out acts of violence, intimidation, and threats, including murders, suicide bombings, and kidnappings, and solicit and cause others to do so, with the intent to establish a global Islamic state.

    b. ISIS members and associates make and disseminate recruiting materials and propaganda encouraging others to join ISIS and personally participate in acts of violence, including in suicide attacks, materials which are distributed over the Internet to increase and further the public perception of ISIS as a terrorist organization. These materials include propaganda designed to encourage ISIS followers to commit acts of violence using vehicles as weapons. For example, the July 2016 issue of *Dabiq*, ISIS's then-official magazine, praised the "brother" who answered "the Islamic State's calls to target nations participating in the Crusader coalition fighting the Caliphate" by "killing more than 80 people and injuring more than 300 others" with a truck in an attack that occurred in Nice, France, on or about July 14, 2016. In September 2016, ISIS changed the

name of its official magazine from *Dabiq* to *Rumiyah*. In November 2016, ISIS released *Rumiyah, Issue 3*, which has an article titled "Just Terror Tactics," which again focused on a vehicle attack as a primary attack weapon with a secondary attack using a knife or gun to maximize the "kill count" and terror.

        c.    ISIS members and associates make and disseminate recruiting materials and propaganda encouraging others who are unable to travel to the Middle East to instead conduct attacks in other countries. For example, on or about March 31, 2015, the user of Twitter account @AbuHu55ain_, believed to be used at the time by an ISIS member located in Syria, tweeted: "Lone Wolfs Rise Up"; "If you can't make the hijrah [*i.e.*, travel to the Middle East], dont sit at home & give up . . . ignite a bomb, stab a kaffir [*i.e.*, the disbelievers or non-Muslims], or shoot a politican!"; "if you came here, you'd be on the frontline fighting, right? But u couldn't come here, so why not fight the kuffar over there?"; and "i always see in the media brothers getting caught making hijrah, brothers know that your jihad is not over just because you got stopped."

        d.    ISIS members and associates make and have made public statements and issued public declarations, which, among other things: (i) proclaimed and acknowledged acts of violence

6

had been committed by ISIS; (ii) threatened future acts of violence if ISIS's demands were not met; and (iii) were intended to promote and foster the prestige and standing of ISIS. In addition to the attack in Nice, France, referenced above, ISIS has publicly claimed responsibility for the following terrorist attacks, among others: (1) on or about November 13 and 14, 2015, a group of attackers carried out attacks in Paris, France, which killed approximately 130 people; and (2) on or about March 22, 2016, a group of attackers carried out bombings in Brussels, Belgium, which killed at least 32 people.

   e. ISIS members and associates have received money and other forms of support for ISIS's activities from individuals in the United States and elsewhere.

   f. ISIS members and associates use instrumentalities and facilities of interstate and foreign commerce, including telephones, computers, mail, and wire facilities to communicate, promote, and conduct the affairs of ISIS.

## STATUTORY ALLEGATIONS

9. On or about October 31, 2017, in the Southern District of New York and elsewhere, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, for the purpose of gaining entrance to ISIS, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered the eight victims listed

7

below, that is, with the intent to cause the death of the victims, did cause the death of the victims and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, and thereby caused the death of the victims, in the vicinity of New York, New York, in violation of New York Penal Law, Section 125.25.

| Count | Victim |
|---|---|
| One | Diego Enrique Angelini |
| Two | Nicholas Cleves |
| Three | Ann-Laure Decadt |
| Four | Darren Drake |
| Five | Ariel Erlij |
| Six | Hernan Ferruchi |
| Seven | Hernan Diego Mendoza |
| Eight | Alejandro Damian Pagnucco |

(Title 18, United States Code, Section 1959(a)(1).)

### COUNTS NINE THROUGH SIXTEEN
(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

10.  Paragraphs One through Eight of the Indictment are realleged and incorporated by reference as though fully set forth herein.

11. On or about October 31, 2017, in the Southern District of New York and elsewhere, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, for the purpose of gaining entrance to ISIS, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted with a dangerous weapon and attempted to murder the eight victims listed below, in the vicinity of New York, New York, in violation of New York Penal Law, Sections 120.05, 125.25 and 110.00.

| Count | Victim |
| --- | --- |
| Nine | M.R.C. |
| Ten | S.H. |
| Eleven | K.L. |
| Twelve | A.M. |
| Thirteen | D.M. |
| Fourteen | M.M. |
| Fifteen | R.P. |
| Sixteen | M.V.R. |

(Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5).)

## COUNTS SEVENTEEN THROUGH TWENTY SIX
(Attempted Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

12. Paragraphs One through Eight of the Indictment are realleged and incorporated by reference as though fully set forth herein.

13. On or about October 31, 2017, in the Southern District of New York and elsewhere, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, for the purpose of gaining entrance to ISIS, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder the ten victims listed below, in the vicinity of New York, New York, in violation of New York Penal Law, Sections 125.25 and 110.00.

| Count | Victim |
|---|---|
| Seventeen | I.B. |
| Eighteen | D.T.B. |
| Nineteen | M.C. |
| Twenty | F.D. |
| Twenty One | J.D. |
| Twenty Two | C.G. |
| Twenty Three | N.S. |
| Twenty Four | J.P.T. |
| Twenty Five | L.W. |

10

| Twenty Six | Y.Z. |

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT TWENTY SEVEN
(Provision of Material Support and Resources to a Designated Foreign Terrorist Organization)

The Grand Jury further charges:

14. Paragraphs One through Eight of the Indictment are realleged and incorporated by reference as though fully set forth herein.

15. From at least in or about October 2017, up to and including on or about November 1, 2017, in the Southern District of New York and elsewhere, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, did knowingly and intentionally provide, and attempt to provide, "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, services and personnel (including himself), to a foreign terrorist organization, namely, ISIS, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIS engages and has engaged

in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), thereby causing the death of at least one person, all in violation of Title 18, United States Code, Section 2339B(a)(1), and (i) the offense occurred in whole or in part within the United States, and (ii) the offense occurred in and affected interstate and foreign commerce, to wit, SAIPOV drove a truck onto a bike lane and a pedestrian walkway in New York, New York, intentionally killing at least eight individuals and injuring others.

(Title 18, United States Code, Section 2339B.)

## COUNT TWENTY EIGHT
(Violence and Destruction of Motor Vehicles)

The Grand Jury further charges:

16. Paragraphs One through Eight of the Indictment are realleged and incorporated by reference as though fully set forth herein.

17. On or about October 31, 2017, in the Southern District of New York and elsewhere, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, did willfully, with intent to endanger the safety of any person on board and of anyone whom he believed would be on board, and with a reckless disregard for the safety of human life, damage, disable, and destroy a motor vehicle that was used, operated, and employed in interstate and foreign commerce,

thereby causing the death of at least one person, to wit, SAIPOV damaged a truck that was used, operated, and employed in interstate and foreign commerce, and that was used for commercial purposes on the highways in the transportation of passengers, passengers and property, and property and cargo, when SAIPOV drove the truck onto a bike lane and a pedestrian walkway in New York, New York, with reckless disregard for human life, causing the deaths of at least eight individuals and injuring others.

(Title 18, United States Code, Sections 33(a), 34.)

SPECIAL FINDINGS AS TO SAYFULLO HABIBULLAEVIC SAIPOV

18.   Counts One through Eight and Twenty Eight of the Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts One through Eight and Twenty Eight of the Indictment, alleging the murders of Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Alejandro Damian Pagnucco, and Hernan Diego Mendoza, the defendant SAYFULLO HABIBULLAEVIC SAIPOV:

    a.   was eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

    b.   intentionally killed the victims (Title 18, United States Code, Section 3591(a)(2)(A));

13

   c. intentionally inflicted serious bodily injury that resulted in the death of the victims (Title 18, United States Code, Section 3591(a)(2)(B));

   d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

   e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

   f. caused the deaths of the victims during the commission and attempted commission of, and during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 33 (destruction of motor vehicles) (Title 18, United States Code, Section 3592(c)(1));

   g. committed the offense in an especially heinous, cruel, and depraved manner in that it involved serious physical

abuse to the victims (Title 18, United States Code, Section 3592(c)(6));

   h. committed the offense after substantial planning and premeditation to cause the death of the victims and to commit an act of terrorism (Title 18, United States Code, Section 3592(c)(9)); and

   i. intentionally killed and attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

## FORFEITURE ALLEGATION AS TO COUNT TWENTY SEVEN

19. As a result of planning and perpetrating Federal crimes of terrorism against the United States, as defined in 18 U.S.C. Section 2332b(g)(5), and as alleged in Count Twenty Seven of this Indictment, SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461:

   a. All right, title, and interest in all assets, foreign and domestic;

   b. All right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United

States, citizens and residents of the United States, and their property; and

        c.    All right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including but not limited to a sum of money representing the value of the property described above as being subject to forfeiture.

### Substitute Assets Provision

20.    If any of the above-described forfeitable property, as a result of any act or omission of SAYFULLO HABIBULLAEVIC SAIPOV, the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C § 853(p), and 28 U.S.C. § 2461 to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(G), and 2332b(g)(5) and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SAYFULLO HABIBULLAEVIC SAIPOV,

Defendant.

### SUPERSEDING INDICTMENT

S1 17 Cr. 722 (VSB)

(Title 18, United States Code,
Sections 1959(a)(1), 1959(a)(3), 1959(a)(5),
2339B, 33(a), 34.)

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

_____ Foreperson.

6/19/18 - Filed Superseding Indictment
da