UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA          :        17 Cr. 722 (VSB)

    -v-                                                     :

SAYFULLO HABIBULLAEVIC SAIPOV,    :

    Defendant                                        :

------------------------------------------------------- X

                                                                          DAVID E. PATTON
                                                                          Federal Defenders of New York, Inc.
                                                                          Attorney for Defendant
                                                                          SAYFULLO HABIBULLAEVIC SAIPOV
                                                                          52 Duane Street, 10th Floor
                                                                          New York, New York 10007
                                                                          Tel.: (212) 417-8750

                                                                          Jennifer L. Brown, Esq.
                                                                          Attorney-in-Charge

TO:    Geoffrey S. Berman, Esq.
          United States Attorney
          Southern District of New York
          One St. Andrew's Plaza
          New York, New York 10007

Attn:  **Andrew Beaty / Amanda Houle**
          **Matthew Laroche**
          Assistant United States Attorney
          Southern District of New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA             :        17 Cr. 722 (VSB)

     -v-                             :

SAYFULLO HABIBULLAEVIC SAIPOV,       :

          Defendant                  :

------------------------------------------------------- X
```

**DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT FROM SEEKING THE DEATH PENALTY, OR, IN THE ALTERNATIVE, FOR THE APPOINTMENT OF AN INDEPENDENT PROSECUTOR TO DECIDE WHETHER A CAPITAL PROSECUTION SHOULD BE AUTHORIZED**

### INTRODUCTION

Mr. Saipov moves the Court to preclude the government from seeking a death sentence against him or, in the alternative, to appoint an independent prosecutor to decide whether the death penalty should be pursued. We bring this motion today because President Donald J. Trump, in a tweet, dated September 3, 2018, insisted that Attorney General Sessions' charging decisions should be governed by nakedly political considerations. Previously, the President has repeatedly demanded that Mr. Saipov be killed by the government. The combined impact of the President's statements make it impossible for Attorney General Sessions– who works for Mr. Trump– to discharge his statutory and constitutional obligation to exercise independent discretion in determining whether a capital prosecution is warranted. Preclusion of a death sentence or the appointment of an independent prosecutor is necessary to protect Mr. Saipov's

1

constitutional and statutory right to a fair and non-arbitrary decision as to whether he should be exposed to the possibility of a death sentence.

## STATEMENT OF FACTS

**A.     President Trump Demands the Death Penalty Upon Mr. Saipov's Arrest**

Immediately following Mr. Saipov's arrest on October 31, 2017, President Trump stated that the government should execute him.



The next day, President Trump doubled down on his demand, urging the government to "move fast" to kill Mr. Saipov.



Since his initial cries for the DEATH PENALTY, President Trump has continued to inject himself into Mr. Saipov's case. In a tweet, dated November 3, 2017, he described Mr. Saipov as a "degenerate animal." In another tweet, dated November 1, 2017, he cited Mr. Saipov's case to support an attack on the State Department's Diversity Visa Lottery Program.

B. **President Trump's Call for Political Considerations to Govern Justice Department Charging Decisions**

President Trump has recently tweeted that he expects non-case related political considerations to govern Attorney General Sessions' charging decisions. On September 3, 2018, President Trump excoriated Attorney General Sessions for having neglected the political ramifications of charging Republicans with crimes.

In response to recent federal indictments of two current Republican congressmen, President Trump tweeted[1]:



---

[1] This unvarnished call for politics to take precedence over the law is the culmination of many earlier similar laments that the Justice Department and Attorney General Sessions have failed to fully utilize their power in pursuit of President Trump's political agenda. For example, President Trump has repeatedly decried the Attorney General's purported lack of interest in charging Hillary Clinton with a crime.

The attack on Attorney General Sessions' purported failure to base his charging decisions on political grounds comes at the same time that the President's personal attorney, Rudolph Giuliani, "confirmed that he and Trump have discussed Sessions' possible removal."[2]

## ARGUMENT

### ATTORNEY GENERAL SESSIONS CANNOT FULFILL HIS STATUTORY AND CONSTITUTIONAL DUTY TO FAIRLY AND INDEPENDENTLY DECIDE WHETHER MR. SAIPOV SHOULD FACE CAPITAL PUNISHMENT GIVEN PRESIDENT TRUMP'S COMMENTS DEMANDING THE DEATH PENALTY AND HIS INSISTENCE THAT JUSTICE DEPARTMENT CHARGING DECISIONS BE CONTROLLED BY POLITICAL CALCULATIONS

The combination of President Trump's demand that the government kill Mr. Saipov, his more recent tweets advocating that political calculations should inform Justice Department charging decisions, and his personal attorney's confirmation that Attorney General Sessions might be fired for not doing as the President wishes, make it impossible for Attorney General Sessions to fulfill his statutory duty to fairly and independently decide whether to seek the death penalty against Mr. Saipov. Accordingly, the death penalty should be precluded as a penalty for Mr. Saipov. Alternatively, the Court should appoint an independent prosecutor who can fairly exercise the discretion required by statute and the Constitution.

### A. Congress Has Vested the Attorney General with the Sole Authority to Decide Whether to Seek A Death Sentence

Congress has determined that only the "attorney for the government" may decide when to seek capital punishment for a death-eligible offense. When an individual is charged with

---

[2] Carol D. Leonning, et al., *Trump privately revived the idea of firing Sessions this month, according to people familiar with the discussions,* The Wash. Post (August 28, 2018).

committing a death-eligible offense, the "attorney for the government" is authorized to seek a death sentence only if he or she "believes that the circumstances of the offense are such that a death sentence is justified." Title 18, U.S.C. § 3593(a).

Congress intended for the decision to be made by the Attorney General and his subordinates alone. See e.g. United States v. Cheevers, 423 F.Supp. 2d. 1181, 1187 (D. Kan. 2006) ("The [Federal Death Penalty Act] *vests discretion in federal prosecutors* to determine whether the government will pursue the death penalty for offenses that authorize capital punishment, emphasis added.").

To ensure that the solemn responsibility as to whether to seek a death sentence is appropriately exercised, the Department of Justice has created a "death penalty protocol." See § 9.10.000 *et. seq.* of the United States Attorney's Manual. In every death-eligible case, the United States attorney must complete an evaluation that analyzes the "facts and evidence, including evidence relating to aggravating and mitigating factors, the defendant's background and history, the basis for federal prosecution, and other relevant information."

President Trump's tweets[3] mock Congress' command that a death sentence should be sought only if the Attorney General believes that "the circumstances of the case" warrant capital punishment. As soon as Mr. Saipov was arrested, President Trump, without knowing a thing about Mr. Saipov and barely anything about the crime itself, peremptorily instructed his Attorney General to "move fast" to execute Mr. Saipov.

---

[3] The President's tweets are his official statements. See Trump v. Hawaii, 138 S.Ct. 2392, 2437 n.1. (Sotomayor, J., dissenting).

Equally appalling is President Trump's recent insistence that he wants Attorney General Sessions' charging decisions to be governed by raw political considerations, even if they are unrelated to the facts and circumstances of the crime. The President condemned Attorney General Sessions because he chose to indict "two very popular Republican congressman." Imagine the tweets if Attorney General Sessions did not heed President Trump's demand for an execution.

The pressure from Mr. Trump's intemperate demands are simply too great for Attorney General Sessions or anyone else who works for President Trump to appropriately exercise the fact-based, independent decision-making process required by Section 3593(a). A decision not to seek death would expose the decision-maker to a blaze of public scorn and ridicule as well as the possible loss of employment. That taint on the charging process cannot be tolerated.

### B. The Due Process Clause of the Constitution Requires A Reliable, Non-Arbitrary Decision as to Whether to Seek the Death Penalty.

This case appears to be the first time in the history of the federal death penalty where the President of the United States clamored for a death sentence immediately after the defendant's arrest and/or advocated for politically based charging decisions. Accordingly, there is no case law directly addressing the constitutional implications of such an unreasoned and impulsive course of behavior. Nevertheless, basic due process and Eighth Amendment principles as articulated by the Supreme Court compel the conclusion that Mr. Saipov's constitutional rights have been violated.

Although Congress has vested the Attorney General with wide discretion in making the determination about seeking a death sentence, his or her discretion cannot be exercised arbitrarily. When the government "opts to act in a field where its action has significant

discretionary elements it must nonetheless act in accord with the dictates of the Constitution–and, in particular, in accord with the Due Process Clause." <u>Evitts v. Lucey</u>, 469 U.S. 387, 401 (1985); <u>City of Sacramento v. Lewis</u>, 523 U.S. 833, 834 (1998)( "Protection against governmental arbitrariness is the core of due process.").

Moreover, the Supreme Court has consistently emphasized the heightened need for reliability in capital cases. "Because there is a qualitative difference between death and any other permissible form of punishment, 'there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case." <u>Zant v. Stephens</u>, 462 U.S. 862, 884-885 (1983) (quoting <u>Woodson v. North Carolina</u>, 428 U.S. 280, 305 (1976)(plurality opinion). A death sentence is only reliable and constitutional when it is the product of an *individualized* determination on the basis of the character of the individual and the circumstances of the crime." <u>Id.</u> at 879, (emphasis in original). Conversely a death sentence is less reliable (and unconstitutional) when it appears to be the result of personal whim or instinct. "It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion." <u>Id</u>. T 885.

Given President Trump's official statements, a decision by the Attorney General to seek death for Mr. Saipov would pose a constitutionally unacceptable risk of arbitrariness and unreliability. The President is Mr. Sessions' boss. Accordingly, the chances are far too great that his decision on whether to seek death will trace back (or, at the very least, appear to trace back) to President Trump's arbitrary, uninformed and emotional impulses– e.g. "government

7

should move fast. **DEATH PENALTY**," and/or his insistence that the Justice Department's charging decisions should be controlled by political calculations.

### C. This Court Has the Authority to Appoint an Independent Prosecutor

If the Court chooses not to preclude the death penalty entirely, it has the authority to appoint an independent prosecutor to at least attempt to provide a fair and legal process for determination of whether Mr. Saipov should be exposed to the death penalty. Because no President has ever sought to so boldly interfere with the charging decision of the Attorney General in a death penalty case, there is no precise precedent for such an appointment. But Rule 42(a)(2) of Federal Rules of Criminal Procedure authorizes district courts to appoint "another attorney" outside of the Department of Justice as a special prosecutor to investigate and try potential instances of criminal contempt. And in a variety of scenarios, courts have found that they have the "inherent authority" to appoint special counsel to represent positions that the government refuses to take. See, e.g., United States v. Arpaio, 887 F.3d. 979 (9th Cir. 2018) (court had "inherent authority" to appoint a special counsel to represent a position abandoned by the United States on appeal).

Mr. Sessions works for President Trump and obviously wants to keep his job. It defies reality, not to mention all appearances, to believe that he could make a truly independent decision as to whether Mr. Saipov should face the death penalty, knowing that a decision not to seek death would inevitably trigger a "tweetstorm" of ridicule and scorn from the President and might well lead to the loss of his job. For this reason, absent preclusion of the death penalty, the only way to assure the reality and appearance of impartiality consistent with due process, is the appointment of an independent counsel.

**CONCLUSION**

Attorney General Sessions cannot fulfill his statutory and constitutional duty to make an independent and non-arbitrary decision as to whether Mr. Saipov should be subject to the death penalty. The remedy is to preclude the government from seeking a death sentence or, in the alternative to appoint an independent prosecutor to make the decision.

Respectfully submitted,

/s/ Jennifer Brown
Jennifer Brown
Mark Gombiner
David Patton
Federal Defenders of New York
Tel.: (212) 417-8700

David Stern
Tel.: (212) 571-5500