UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>SAYFULLO HABIBULLAEVIC SAIPOV,<br><br>Defendant. | S1 17 Cr. 722 (VSB) |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and SAYFULLO HABIBULLAEVIC SAIPOV, the defendant, that the United States believes the circumstances of the offenses charged in Counts One through Eight and Count Twenty Eight are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the United States will seek the sentence of death for these offenses: eight counts of Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), and Violence and Destruction of Motor Vehicles, in violation of Title 18, United States Code, Sections 33(a) and 34, all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts One through Eight and Count Twenty Eight as specified below:

SAYFULLO HABIBULLAEVIC SAIPOV was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a). (Counts One through Eight and Twenty Eight).

A.    <u>Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D)</u>.

    **1.**    **Intentional Killing.**    SAYFULLO HABIBULLAEVIC SAIPOV intentionally killed Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij,

Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco. 18 U.S.C. § 3591(a)(2)(A).  (Counts One through Eight and Twenty Eight).

      2.      **Intentional Infliction of Serious Bodily Injury.**  SAYFULLO HABIBULLAEVIC SAIPOV intentionally inflicted serious bodily injury that resulted in the deaths of Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco. 18 U.S.C. § 3591(a)(2)(B).  (Counts One through Eight and Twenty Eight).

      3.      **Intentional Participation in Acts Resulting in Death.**  SAYFULLO HABIBULLAEVIC SAIPOV intentionally participated in acts, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person or persons, other than one of the participants in the offense, and the victims, Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco, died as a direct result of the acts.  18 U.S.C § 3591(a)(2)(C).  (Counts One through Eight and Twenty Eight).

      4.      **Intentional Engagement in Acts of Violence, Knowing that the Acts Created a Grave Risk of Death to a Person.**  SAYFULLO HABIBULLAEVIC SAIPOV intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person or persons, other than one of the participants in the offense, such that the participation in the acts constituted a reckless disregard for human life and that the victims, Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco, died as a direct result of the acts. 18 U.S.C § 3591(a)(2)(D).  (Counts One through Eight and Twenty Eight).

B.    <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

1.    **Death During Commission of Another Crime.**  The death, and injury resulting in death, of Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco, occurred during the commission and attempted commission of an offense under Title 18, United States Code, Section 33 (destruction of motor vehicles).  18 U.S.C. § 3592(c)(1).  (Counts One through Eight and Twenty Eight).

2.    **Grave Risk of Death to Additional Persons.**  SAYFULLO HABIBULLAEVIC SAIPOV, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense.  18 U.S.C. § 3592(c)(5).  (Counts One through Eight and Twenty Eight).

3.    **Heinous, Cruel, and Depraved Manner of Committing the Offense.**  SAYFULLO HABIBULLAEVIC SAIPOV committed the offense in an especially heinous, cruel, and depraved manner in that it involved serious physical abuse to the victims.  18 U.S.C. § 3592(c)(6).  (Counts One through Eight and Twenty Eight).

4.    **Substantial Planning and Premeditation**.  SAYFULLO HABIBULLAEVIC SAIPOV committed the offense after substantial planning and premeditation to cause the death of a person and commit an act of terrorism.  18 U.S.C. § 3592(c)(9).  (Counts One through Eight and Twenty Eight).

5.    **Multiple Killings**.  SAYFULLO HABIBULLAEVIC SAIPOV intentionally killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).  (Counts One through Eight and Twenty Eight).

C.   Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

1. **Victim Impact.**  SAYFULLO HABIBULLAEVIC SAIPOV caused injury, harm, and loss to the families and friends of Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco.  The injury, harm, and loss caused by SAIPOV with respect to each deceased victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.  (Counts One through Eight and Twenty Eight).

2. **Injury to Surviving Victims.**  SAYFULLO HABIBULLAEVIC SAIPOV, apart from the impact of the deaths of victims as identified in C.1, *supra*, caused serious physical and emotional injury, including maiming, disfigurement, permanent disability, and grievous economic hardship, to individuals who survived the offense, including those victims identified in Counts Nine through Twenty Six of the Indictment.  (Count Twenty Eight).

3. **Engaged in Acts of Violence to Support a Terrorist Organization.**  SAYFULLO HABIBULLAEVIC SAIPOV committed the offense to support and further the ideological goals of the Islamic State of Iraq and al-Sham ("ISIS"), a terrorist organization that has as one of its goals to kill U.S. nationals around the world.  (Counts One through Eight and Twenty Eight).

4. **Future Dangerousness.**  SAYFULLO HABIBULLAEVIC SAIPOV is likely to commit criminal acts of violence in the future such that he poses a continuing and serious threat to the lives and safety of others as demonstrated by, among other things, his commission of the acts of violence charged in the Indictment, his stated intent to continue his attack in New York City had his truck not been rendered inoperable, and his continued support for the radical terrorist activities and goals of ISIS, which include the killing of U.S. nationals.  (Counts One through Eight and Twenty Eight).

5. **Selection of Site for Acts of Terrorism.** SAYFULLO HABIBULLAEVIC SAIPOV targeted the bike path on the West Side Highway on Halloween because he intended to maximize the devastation to civilians and in an attempt to instill fear in New Yorkers and tourists who use the bike path. (Counts One through Eight and Twenty Eight).

6. **Lack of Remorse.** SAYFULLO HABIBULLAEVIC SAIPOV demonstrated a lack of remorse in the days and months following his crimes. (Counts One through Eight and Twenty Eight).

    Respectfully Submitted,

    GEOFFREY S. BERMAN
    United States Attorney
    Southern District of New York

By:     /s/
    Andrew D. Beaty
    Amanda Houle
    Matthew Laroche
    Assistant United States Attorneys
    Tel.: (212) 637-2420

Cc: Defense Counsel (via ECF)