**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2019

I am in receipt of the Government's ex parte submission, made pursuant to Section 4 of the Classified Information Procedures Act.  I will refrain from making a determination as to whether to review the Government's submission in camera and ex parte until after August 9, 2019--the deadline for Defendant's reply in further support of his motion to compel.  In his reply, Defendant may raise any objection he has to my considering the Government's opposition in camera and ex parte.

SO ORDERED:

HON. VERNON S. BRODERICK 7/22/2019
UNITED STATES DISTRICT JUDGE

By ECF
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United State Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

We write in connection with defendant Sayfullo Habibullaevic Saipov's motion (the "Discovery Motion"), dated March 18, 2019, for notice and discovery relating to intercepted communications of Saipov with other individuals that were produced to Saipov in November 2018 (the "Intercepts").  In the Discovery Motion, Saipov seeks to compel disclosure of the legal authority for the surveillance that led to the Intercepts, as well as all information from the surveillance concerning Saipov's connection to ISIS or his radicalization.  Saipov seeks this information so that he can (i) "litigate whether the government lawfully obtained or derived the evidence it plans on using at trial (or a potential penalty phase) from that surveillance," and (ii) "meaningfully rebut the government's terrorism-related charges or aggravating factors."  (Br. 20).

Earlier today, the Government made a classified, *ex parte* submission pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, and Federal Rule of Criminal Procedure 16(d)(1), in opposition to the Discovery Motion (the "CIPA Brief").  As detailed in the CIPA Brief, the Discovery Motion should be denied for two reasons:  First, as the Government has told Saipov, the Government is not using the Intercepts at any stage of this case and did not rely on the Intercepts to derive evidence against Saipov.  As a result, Saipov has no basis to challenge the lawfulness of the underlying surveillance.  Second, consistent with the Government's prior representations to Saipov, the Government has not identified any information concerning Saipov's connections to ISIS, or how or by whom Saipov was radicalized in support of ISIS or any other terrorist group—other than what has already been produced in discovery.  As

The Honorable Vernon S. Broderick
July 19, 2019
Page 2

a result, there is no additional discovery responsive to the Discovery Motion and the Government believes it is in compliance with its disclosure obligations.

The Government also respectfully submits that the Court should review the CIPA Brief *in camera* and *ex parte*. Proceeding in such a manner is particularly appropriate in the context of a motion (such as the CIPA Brief) to prohibit discovery of certain materials pursuant to Rule 16 and CIPA Section 4. Both of those provisions expressly authorize the Government to make such motions to delete *in camera* and *ex parte*. *See* Fed. R. Crim. P. 16(d)(1) ("Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon a motion by a party, the court may permit the party to make a showing, in whole or in part, in the form of a written statement to be inspected by the judge alone."); 18 U.S.C. App. 3 § 4 ("The court may permit the United States to make a request" to deny or limit discovery of classified information "in the form of a written statement to be inspected by the court alone"); *see also, e.g.*, *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("The legislative history [of CIPA] explains that because the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules" (internal quotation marks omitted)); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984) (same).

This makes sense. The Government moves to delete certain materials from discovery so that it will not need to reveal them. If the Government's motion to delete is not reviewed *in camera* and *ex parte*, the motion practice would itself reveal the information that the Government seeks ultimately to shield. *See, e.g.*, *Klimavicius-Viloria*, 144 F.3d at 1261. In fact, to proceed in an adversarial fashion now, before considering the arguments in the CIPA Brief *ex parte*, would effectively provide the notice concerning the Intercepts that Saipov seeks—whether he is entitled to it or not. Such an approach would frustrate the very purpose of *in camera* review and risk unnecessarily disclosing classified information. *See, e.g.*, *United States v. Ahmed*, 2011 WL 4915005, at *6 (S.D.N.Y. 2011) (rejecting defense challenge to *ex parte* discovery motion, reasoning that the Government's submission established that "*ex parte*, *in camera* review was proper" and "[t]o have proceeded otherwise would have 'defeated the very purpose of the discovery rules'" (quoting *Aref*, 533 F.3d at 81)).

The Second Circuit has embraced the foregoing arguments in the CIPA context: "We . . . reject [appellant's] contention that the district court improperly held *ex parte* hearings with the Government when evaluating classified materials." *Aref*, 533 F.3d at 78. In support of this conclusion, the Second Circuit cited *Klimavicius-Viloria*, CIPA's legislative history, and the language of CIPA Section 4 and Rule 16(d), which also contemplates *ex parte* proceedings to address discovery issues. Applying these principles, district courts routinely permit the Government to proceed *ex parte* pursuant to CIPA. *See, e.g.*, *United States v. Pham*, 12 Cr. 423 (AJN) (S.D.N.Y. 2015) (Dkt. 46); *United States v. al Liby*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2014) (Dkt. 1652); *United States v. Abu Ghayth*, S13 98 Cr. 1023 (LAK) (S.D.N.Y. 2014) (Dkt. 1285); *United States v. Mustafa*, 04 Cr. 356 (KBP) (S.D.N.Y. 2013) (Dkt. 233); United *States v. al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y 2013) (Dkt. 1284); *United States v. Chichakli*, 09 Cr. 1002 (WHP) (S.D.N.Y. 2013) (Dkt. 85); *United States v. El-Hanafi*, S5 10 Cr. 162 (KMW)

The Honorable Vernon S. Broderick
July 19, 2019
Page 3

(S.D.N.Y. 2012) (Dkt. 94); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010) (Dkt. 782); *United States v. al-Kassar*, 07 Cr. 354 (JSR) (S.D.N.Y. 2009) (Dkt. 354); *United States v. Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2008) (Dkt. 57 and 58).

      In light of the foregoing, and for the additional reasons set forth in the CIPA Brief, the Government respectfully submits that the Court should consider the CIPA Brief *in camera* and *ex parte*, and thereafter deny the Discovery Motion.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney


by: _____/s/_____
                Emil J. Bove III
                Amanda Houle
                Matthew Laroche
                Assistant United States Attorneys
                (212) 637-2444 / 2194 / 2420

cc: Defense Counsel (via ECF)