UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                              :

UNITED STATES OF AMERICA,      :
                              :

          -against-         :

                              :

SAYFULLO HABIBULLAEVIC SAIPOV,  :
                              :

          Defendant.     :
                              :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/14/2019___

17-CR-722 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Defendant's July 26, 2019 request for an additional thirty minutes of

phone calls with his immediate family per month, (Doc. 195), as well as the Metropolitan

Correctional Center's ("MCC") August 9, 2019 opposition thereto, (Doc. 198).  I understand that

the Government takes no position as to Defendant's request.  (*See* Doc. 195, at 2.)

      Pursuant to the terms of the Special Administrative Measures ("SAMs") governing

Defendant's pretrial confinement, Defendant must receive a minimum of one phone call with his

immediate family per month; so long as that requirement is satisfied, "[t]he quantity and duration

of [Defendant]'s non-legally privileged telephone calls with his immediate family members shall

be set by the USMS/BOP/DF."  (*See* Doc. 56-1, § 3(a)(ii).)  In an Opinion & Order dated

January 14, 2019, I denied Defendant's constitutional challenge to the SAMS, subject to two

revisions of the attorney–client provisions that are not at issue here.  (Doc. 108.)

      Federal Bureau of Prisons ("BOP") policy requires that inmates housed in the Special

Housing Unit ("SHU"), as Defendant is, be permitted one phone call per month.  (*See* Doc. 198,

at 1 (citing BOP Program Statement No. 5270.11, *Special Housing Units*).)  MCC's policy—

which permits SAMs inmates either one thirty-minute social call or two fifteen-minute calls per

1

month—in fact exceeds the minimum requirements established by BOP.  (*See id.* at 1–2.)
Defendant seeks an increase in his allotted immediate family telephone calls per month, on the
grounds that (1) MCC's policy is not connected to any "legitimate penological goal;" (2)
Defendant has generally been unable to take advantage of his allotted in-person visits with his
immediate family; (2) Defendant's "past, present, and future relationship with his immediate
family is an essential feature of his mitigation case."  (Doc. 195.)

A challenged institutional regulation will be deemed valid "if it is reasonably related to
legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  To determine the
validity of such a regulation, courts must consider whether (1) there is a "valid rational
connection" between the regulation and the purported government interest; (2) alternative means
of exercising the asserted constitutional right remain available; (3) accommodation of the right
asserted by the inmate will have a significant impact "on guards and other inmates, and on the
allocation of prison resources generally"; and (4) there is an absence of ready alternatives to the
regulation.  *Id.* at 89–91.

Applying these factors to MCC's policy limiting all SAMs inmates to thirty minutes of
social telephone calls per month, I find the policy to be reasonably related to legitimate
penological interests.  Taking into consideration, as I must, the "professional expertise of
corrections officials," *Bell v. Wolfish*, 441 U.S. 520, 548 (1979) (internal quotation marks
omitted), I find there is a rational connection between limiting the frequency and duration of
SAMs inmates' social calls and the safety and security of MCC; that permitting Defendant
additional phone time would impact other inmates, staff, and prison resources; and that ready
alternatives are not available.  As MCC explained, "social calls for all inmates, including those in
SHU, are for security reasons limited to 15 minutes by the BOP's Inmate Telephone System

('ITS')," and any modifications "require an override of the ITS by MCC New York staff."  .
(Doc. 198, at 1 n.1.)  As the MCC also explained, SHU/SAMs calls are staff-intensive and divert
resources from MCC's Special Investigative Services ("SIS") Department, which is responsible
for protecting the safety of inmates, staff, and the public by, among other things, investigating
inmate misconduct, monitoring institutional video cameras, reviewing inmate emails and calls,
and engaging in searches for contraband.  Each telephone call for a SAMs inmate requires the
participation of staff from two MCC departments (the SHU Unit Team and the SIS Department)
before, during, and following the call, and is therefore resource-intensive.  In addition, there are
several other SAMs inmates currently housed at MCC who are subject to the same social call
restrictions and I find that disturbing MCC's uniform policy with respect to Defendant's
telephone calls will likely spur similar requests from other SAMs inmates, which could further
impact MCC's limited resources.

Although Defendant is the only current SAMs inmate at MCC potentially facing the
death penalty, I find that Defendant has various alternative means of exercising his constitutional
right to develop mitigation evidence reflecting his close relationship with his family.  Defendant
is currently entitled to a phone call with his parents and siblings and another call with his wife
and children each month and, although his wife and children have not visited him "frequently"
given their out-of-state residence, (Doc. 195, at 1–2), he has not gone without in-person family
visits.  He may also communicate with his immediate family in writing.  Moreover, Defendant
fails to cite any case law to support his claim that the currently allotted duration and frequency of
his social calls with his immediate family violate the Constitution.

For the foregoing reasons, Defendant's request for additional monthly phone calls with
his immediate family is DENIED.

SO ORDERED.

Dated:  August 14, 2019
        New York, New York

_____
Vernon S. Broderick
United States District Judge