**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 3, 2020

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street
New York, NY 10007

Re:   **United States v. Sayfullo Saipov**
      **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick,

      We write regarding today's deadline to serve notice pursuant to Federal Rule of Criminal Procedure 12.2(b).[1] We do not intend to introduce expert evidence on a mental condition in the guilt phase, pursuant to Rule 12.2(b)(1). Regarding our intent to introduce expert evidence concerning a mental disease or defect at any penalty phase under Rule 12.2(b)(2), an extension of the deadline is necessary. The defense team's mental health-related investigation is at a critical stage and we need approximately 30 days to complete it and to comply with 12.2(b)(2).

      Rule 12.2 notice can be served "within the time provided for filing a pretrial motion or at any later time the court sets." Fed. R. Crim. P. 12.2(b). And "[t]he court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders." Id. The Court is, therefore, afforded significant discretion regarding 12.2 timing.

      We have worked diligently to meet the deadline set by the Court. However, our investigation into evidence of a mental condition is ongoing and has been hampered by numerous obstacles. The Court is aware of our efforts from ex parte filings and we are seeking to conclude our inquiries as soon as possible. If, at the end of our investigation, we file notice that details a necessary and meritorious claim of a mental condition, the requested delay would constitute good cause. See United States v. Duggan, 743 F.2d 59, 80 (2d Cir. 1984) superseded

---

[1] The defense has already served on the government the other notices that were due today: Mr. Saipov's non-mental health expert initial disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) for the guilt and penalty phases.

1

by statute on other grounds, United States v. Abu–Jihaad, 630 F.3d 102, 119-20 (2d Cir. 2010) ("'Cause' consists not only of explanation for the belatedness of the party's action, but also of a showing of some merit in the position belatedly to be advanced.").

Our request for this extension does not upset the pre-trial schedule. Even on the current schedule, voir dire does not begin for ten weeks.[2] Reducing that by 30 days still leaves a sufficient amount of time for an examination pursuant to Rule 12.2(c)(1)(B) (which is triggered by 12.2(b) notice by the defense and a motion by the government). See, e.g., United States v. Umana, 08 Cr.134, Dkt. No. 661, 2009 WL 2489309, at *2 (W.D.N.C. Aug. 12, 2009) (denying government's request for earlier disclosure and setting a 12.2 deadline of August 21, 2009 when trial was scheduled for six weeks later: October 5, 2009). "Courts have concluded that disclosure of opinions of defense penalty-phase experts regarding a defendant's mental condition should be made shortly before the beginning of a trial to protect against derivative use of the information during the guilt phase of the case." United States v. Madison, 17 Cr. 15, 2018 WL 4610616, at *2 (M.D. Fla. July 17, 2018), report and recommendation adopted, 2018 WL 3738255 (M.D. Fla. Aug. 7, 2018).

Moreover, because we only seek an extension of the notice requirement pursuant to subsection (b)(2) of Rule 12 – i.e. for the penalty phase only – there is no possible prejudice to the government. In a capital case, if a defendant has served 12.2.(b)(2) notice, any "results and reports of any examination conducted solely under Rule 12.2(c)(1) … must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition." Fed. R. Crim. P. 12.2(c)(2). In other words, the prosecution team would not be entitled to even review any expert findings until the guilt phase is completed. Therefore, the instant request would not delay the date on which the government would be otherwise entitled to see any report, which would eliminate the possibility of any prejudice to the prosecution team.[3] A 30-day delay would also leave ample time during which a 12.2(c)(1)(B) examination could take place—i.e., in the weeks before jury selection, during jury selection, or during the guilt phase.

Rule 12.2 was amended in 2002 and "extends that [mental condition] notice requirement to a defendant who intends to offer expert evidence, testimonial or otherwise, on his or her mental condition during a capital sentencing proceeding." Fed. R. Crim. P. 12.2 advisory committee's note. In doing so, Congress wanted to ensure that "mental examinations can be conducted without unnecessarily delaying capital sentencing proceedings." Id. Our request for an extension of the notice deadline will not cause any delay of the penalty phase in this case whatsoever.

---

[2] The defense filed a letter today that discusses an option to postpone this date by three weeks.

[3] If the defense request to take Rule 15 depositions after the guilt phase is granted, the government will not only have the week between phases it originally expected, but an additional three weeks.

2

Finally, it would be premature for the government to request any remedy at this time. If and when we serve notice, there will still be sufficient time to complete an examination as set forth in the rule. If, at that time, the government disagrees, it can seek appropriate leave from the Court. Any opposition now – before the government sees any notice and before it knows what, if any, examination they might request pursuant to 12.2(c)(1)(B) and the length of time that examination may take – would be improper.

Therefore, for all of the reasons contained herein, the Court should extend by 30 days the defendant's deadline to provide notice under Rule 12.2(b)(2).

                                        Respectfully submitted,

                                        /s/
                                        David Patton
                                        Counsel for Sayfullo Saipov