# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 7, 2020

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street
New York, NY 10007

Re:   **United States v. Sayfullo Saipov**
      **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick,

We write regarding the process for making strikes for cause following the potential jurors' completion of the juror questionnaires.  Specifically, we request that if either party opposes a strike for cause based solely on that juror's answers to the questionnaire, that juror should proceed to *voir dire*.  In other words, we object to the Court excusing any jurors for cause without the consent of both parties before *voir dire* commences.

The Court previously ordered the parties to file lists of stipulated and non-stipulated strikes for cause and it scheduled a conference for the Court to rule on those strikes.  *See* Dkt. Nos. 173, 250.[1]

When both parties agree that a juror should be struck for cause based on her questionnaire answers alone (*i.e.*, a stipulated strike for cause), the Court should review and rule on that stipulated strike.  However, when the parties disagree about whether a juror should be struck for cause (*i.e.*, a non-stipulated strike) based on her questionnaire answers alone, the Court should permit that juror to proceed to *voir dire* before ruling on that non-stipulated strike.

A juror may be excused for cause on the basis of her views on the death penalty if those views are so deeply entrenched that they "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."  *Wainwright v. Witt*, 469 U.S. 412, 420 (1985) (quoting *Adams v. Texas*, 448 U.S. 38, 45 (1980)). The burden lies with the party making the challenge.  *See id.* at 423 ("it is the adversary seeking exclusion who must demonstrate, through questioning, that the potential juror lacks impartiality.").

---

[1] As the Court is aware, the defense recently file a motion to alter the dates of those events.

1

In delegating great deference to trial judges regarding strikes for cause, the Supreme Court envisioned that the trial judge would engage *in person* with each venireperson. *Id.* at 424-26. The Supreme Court wrote: "this is why deference must be paid to the trial judge who *sees* and *hears* the juror." *Id.* at 426 (emphasis added).

In *United States v. Quinones*, 511 F.3d 289, 300-02 (2d Cir. 2007), the Second Circuit declined to adopt a per se rule requiring oral *voir dire* in a capital case, but "strongly … recommend[ed]" it. Regarding the common use of oral *voir dire* in this circuit, the Court wrote:

> The practice is commendable. The bluntness or hesitancy, confidence or discomfort displayed by prospective jurors as they respond to questions about the possibility of returning a capital verdict often reveals as much about bias as the actual answers given. Mindful of this fact, the Supreme Court, in virtually every capital *voir dire* case from *Witt* through *Uttecht* [*v. Brown*, 551 U.S. 1 (2007)], has emphasized a trial court's opportunity to observe demeanor in according deference to removal decisions.

*Quinones*, 511 F.3d at 301 (internal citations omitted).

Other circuit courts have also articulated the importance of evaluating jurors in person before striking jurors for cause. For example, in *United States v. Chanthadara*, 230 F.3d 1237, 1275 (10th Cir. 2000), the Tenth Circuit held that "the removal of at least one potential juror excused on the basis of questionnaire answers regarding her death penalty views was reversible error." Because at least one juror was improperly excluded, the death sentence was reversed. *Chanthadara*, 230 F.3d at 1275 (relying on *Gray v. Mississippi*, 481 U.S. 648, 668 (1987)). Although the Tenth Circuit, too, declined to adopt a *per se* rule obligating trial judges to conduct *voir dire* before ruling on cause strikes, the Court applied *de novo* review rather than the higher abuse-of-discretion standard because "the heightened deference we pay to these determinations is based almost exclusively on the trial judge's unique ability to *observe* demeanor and assess credibility." *Id.* at 1269 (internal citations omitted) (emphasis added). The Court articulated the crucial role that credibility findings play in *voir dire* in every case – and, therefore, their amplified importance when someone is facing the death penalty: "because the jurors are vested with greater discretion in capital cases, the examination of prospective jurors must be more careful than in non-capital cases." *Id.* In *Chanthadara*, because the trial court had not observed the demeanor of the juror in question, the appellate court had equal ability to review the written questionnaire answers and ultimately determined that the juror had been excused for cause in error. *Id.*

Therefore, if the parties disagree about striking a potential juror for cause, we ask the Court to allow that juror to proceed to *voir dire*, where the parties and the Court may evaluate her demeanor and assess her credibility, before such a strike is ruled on. Other district courts have adopted this same practice. *See, e.g.*, *United States v. Ronell Wilson*, 04 Cr. 1016 (NGG), 2013WL1091661, at *4 (Mar. 15, 2013 E.D.N.Y.) (ordering that "each prospective juror (who has not been struck for cause *with the parties' consent* on the basis of his/her questionnaire responses alone) be questioned in person by the court in an individually sequestered setting") (emphasis added); *United States v. Larry Lujan*, 05 Cr. 0924 (RB), Dkt. No. 762 (Apr. 12, 2011 D.N.M.) (ordering that "Counsel will meet and confer regarding strikes for cause. By June 6,

2011, counsel shall submit to the Court a stipulated list of those venire-persons they mutually recommend should be stricken for cause based solely on questionnaire responses. *The Court will not entertain opposed motions to strike a venire-person based solely on responses on the Substantive Questionnaire*.") (emphasis added).  We ask this Court to follow suit.

Respectfully submitted,

/s/
David Patton
Counsel for Sayfullo Saipov