UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA            :

                                    :

         -against-              :              S1 17-CR-722 (VSB)

                                    :

SAYFULLO HABIBULLAEVIC SAIPOV,  :           **OPINION & ORDER**

                                    :

              Defendant.       :

                                    :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/2020

VERNON S. BRODERICK, United States District Judge:

        Defendant Sayfullo Habibullaevic Saipov is charged in a twenty-eight count superseding

indictment, filed on June 19, 2018 ("Indictment").  The Indictment charges Saipov with, among

other offenses, murder and attempted murder in aid of racketeering and provision of material

support to a designated foreign terrorist organization, arising out of an attack in New York City

on October 31, 2017 (the "October 31, 2017 attack").  During that attack, Saipov—purportedly

acting on behalf of the Islamic State of Iraq and al-Sham—allegedly drove a flatbed truck onto a

cycling and pedestrian pathway on the west side of lower Manhattan, resulting in eight fatalities

and injuring numerous others.  (Doc. 61, at ¶ 15.)

        Currently before me is Saipov's renewed "motion to compel the government to submit

parole applications on behalf of" five additional family members ("Additional Family

Members") filed on December 2, 2019.[1]  (Doc. 232, at 1.)  According to Defendant, the

Additional Family Members "were denied visas pending further administrative processing."

---

[1] By Order dated September 9, 2019, after resolving various legal issues, I directed the United States Attorney's
Office for the Southern District of New York ("Government" or "Prosecution Team") to submit applications to the
United States Department of Homeland Security ("DHS") seeking parole on behalf of Saipov's immediate family
members—his father, mother, and two sisters.  The legal determinations in that Order applies with equal force to this
Opinion & Order even though Defendant Saipov has not specifically raised the same issues here.

(*Id.*)  In response to Defendant's renewed motion, on December 13, 2019, the Government filed a letter asserting that Defendant's motion was "premature" because the visa applications for the Additional Family Members were still subject to administrative processing.  (Doc. 238.)  In his reply letter on December 17, 2019, Defendant Saipov pointed out that applicants who have been denied visas pending further administrative processing are advised that *"before making inquiries about status of administrative processing, [they] should wait at least 180 days from the date of interview or submission of supplemental documents, whichever is later."  Administrative Processing Information*, U.S. Dep't of State—Bureau of Consular Affairs (February 6, 2020, 1:07 PM), https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html.  (*See* Doc. 243, at 1.)  The Government has not attempted to rebut the notion that it may take anywhere up to 180 days or longer from the date of the interviews of the Additional Family Members for the United States Department of State ("State Department") to complete its administrative processing.  The consular interviews of the Additional Family Members took place in November 2019.  (Doc. 232, at 1.)  Therefore, assuming the State Department takes approximately 180 days to complete the administrative processing, it will not have completed its review until after the date the trial is scheduled to begin.

Pursuant to 8 U.S.C. § 1182(d)(5)(A),

The Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled . . . .

Congress has transferred this authority from the Attorney General to the Secretary of DHS.  *See Matter of Arrabally*, 25 I. & N. Dec. 771, 777 n.5 (BIA 2012).  The categories of individuals

potentially eligible for parole include those "[a]liens who will be witnesses in proceedings being, or to be, conducted by judicial, administrative, or legislative bodies in the United States." 8 C.F.R. § 212.5(b)(4). In order for parole to be granted, DHS must find that the applicant "present[s] neither a security risk nor a risk of absconding." *Id.* § 212.5(b).

As I have previously held, (Doc. 205, at 11), I do not have the authority to order that anyone be paroled into the United States as the power to parole lies exclusively with the Secretary of DHS, *see* 8 U.S.C. § 1182(d)(5)(A); *Ofosu v. McElroy*, 98 F.3d 694, 700 (2d Cir. 1996) ("[P]arole is a matter of the [Secretary of DHS's] discretion . . . ."), and DHS's determination related to parole is not subject to my review. *Ricketts v. Simonse*, No. 16 Civ. 6662 (LGS), 2016 WL 7335675, at *4 (S.D.N.Y. Dec. 16, 2016) ("[P]arole is a discretionary decision made within the Department of Homeland Security without [] review by an immigration judge or federal court."). However, I and other courts have ordered prosecutors to seek parole on behalf of prospective defense witnesses. *See, e.g.*, *United States v. Saipov*, 412 F. Supp. 3d 295, 303–04 (S.D.N.Y. 2019); *United States v. Filippi*, 918 F.2d 244, 246 (1st Cir. 1990) (observing that the district court "ordered the United States Attorney 'to request a Special Public Interest Parole for [a potential defense witness] and . . . to assist in bringing this material witness to the country to testify at trial'" (second alteration in original)); *United States v. Muhtorov*, No. 12 Cr. 33, ECF No. 1429 (D. Colo. June 9, 2017) (directing prosecutors to "prepare and present, on an expedited basis, an application to obtain 'significant public benefit' parole" for two Uzbek citizens who defendant intended to call at trial).

Accordingly, in light of the potential that the administrative processing may take 180 days or longer to complete, I will direct the Prosecution Team to submit applications to DHS seeking to parole the Additional Family Members into the United States to facilitate their live,

in-person testimony at trial. Consistent with my prior ruling, the Government should seek to parole the Additional Family Members into the United States sufficiently in advance of a potential penalty phase to enable them to prepare with defense counsel prior to testifying. The parties shall meet and confer regarding the substance of these parole applications; however, because the Government is more familiar with the relevant facts—including, for instance, any security risks that paroling the Additional Family Members into the country might pose—the Government shall make the final determination as to the information to include in the applications.[2] I make no finding that the requested paroles are appropriate and my direction should not be construed as such. I understand that the ultimate determination as to the appropriateness of parole will be made by DHS, as it is in every case in which a parole application is submitted. However, given that this is a capital case and the defense has asserted that the Additional Family Members are important mitigation witnesses, I find it appropriate to require that parole applications be submitted to the Secretary of DHS for his consideration, regardless of their ultimate success. Because there is no set time-table for the processing of parole applications, it is important that the application process begin as soon as possible.

As I previously held, given the risk that the Secretary of DHS may, in his discretion, deny the parole applications, and the fact that DHS's parole determinations are not subject to judicial review, the Defense Team must proceed with depositions pursuant to Federal Rule of Criminal Procedure 15 or other arrangements for obtaining testimony from the Additional Family Members.

---

[2] Saipov's counsel is directed to advise the Government whether or not any of the Additional Family Members have engaged in non-legal communications with Defendant Saipov. In connection with the Government's preparation of the parole applications and to the extent that such communications exist, I grant the Prosecution Team permission to review prior and future non-legal communications between Saipov and the Additional Family Members.

I am also in receipt of Saipov's request to adjourn the trial schedule or to add a four-week break between the guilt a penalty phases, (Doc. 257), the Government's objection to adjourning the trial or adding a four-week break between the guilt and penalty phases, (Doc. 259), and Saipov's responses in further support, both the publicly filed letter, (Doc. 260), and the *ex parte* letter (filed under seal). Upon consideration of both parties' positions, the trial schedule will be pushed back by one week, to April 20, 2020, and there will be a one week break between the guilt and penalty phases of trial. As I specifically addressed in my Opinion & Order of September 9, 2019, where I directed defense counsel to begin to investigate alternative arrangements to obtain testimony, I made clear that "there will be no further adjournments on the ground that Saipov has been unable to secure the in-person appearance of potential witnesses, or because of delay in seeking alternative means to obtain such testimony." *Saipov*, 412 F. Supp. 3d at 304. I reiterated my position at the hearing held on January 23 and 24, 2020, when I warned Saipov to move forward as if parole applications would not be granted, and to prepare for Rule 15 depositions accordingly. The issues raised relating to the Rule 15 depositions, including the visa applications, the parole applications, and the location of the depositions, have been under consideration for quite some time and do not present a novel justification for adjournment not previously raised or considered. In other words, I made clear to the parties the need to move forward and arrange for alternatives to live testimony. I do not find either party's efforts to blame the other for the current situation persuasive, and I suggest the parties direct their efforts towards coordinating the Rule 15 depositions as I essentially directed back in September 2019. There is more than enough time for the Rule 15 depositions to be completed prior to trial even considering the jury selection process and the work that both parties must do prior to trial.

For the foregoing reasons, it is hereby:

ORDERED that the Prosecution Team shall submit applications to DHS to parole the Additional Family Members into the United States to facilitate their presentation of in-person testimony at trial. Prior to the submission of those applications, the parties shall meet and confer regarding the substance of the applications and the proposed terms of parole, if those applications are granted.

IT IS FURTHER ORDERED that the parties shall continue to meet and confer regarding the scheduling and completion of Rule 15 depositions of the Additional Family Members and any other individuals the parties have discussed.

IT IS FURTHER ORDERED that nothing in this Opinion & Order precludes the Government from contacting the State Department with regard to the status of the administrative processing related to the visas for the Additional Family Members.

IT IS FURTHER ORDERED that the trial schedule is adjourned one week from April 13, 2020, to April 20, 2020, and there will be a one-week break between the guilt and penalty phases of trial.

The Clerk's Office is respectfully directed to terminate the motions at Documents 209, 217, 232, and 257.

SO ORDERED.

Dated: February 11, 2020
       New York, New York

Vernon S. Broderick
United States District Judge