# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 10, 2020

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 2/19/2020

The Jury Clerk is directed to provide the list of prospective
jurors summoned for U.S.A. v. Saipov as well as those
jurors who were excused.

Re:     **United States v. Sayfullo Saipov**
        **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick,

We write to ask the Court about the juror questionnaire and the process for the completion of the questionnaires which is set to begin on February 19, 2020.

The parties submitted a joint questionnaire, noting the objections of each party to certain questions, on January 6, 2020.  Dkt. No. 247.  The parties filed letters regarding the contested questions on January 6 (Dkt. No. 248), January 13 (Dkt. No. 251), and January 16 (Dkt. No. 253).

We are writing, first, to ask that the parties be given an opportunity to review any near-final draft of the questionnaire that the Court intends to use, before the questionnaire is finalized for distribution.  Allowing the parties one final review will enable us to make any objections and appropriate final edits (including, for example, regarding the questions about mental health[1]). The government joins in this request.

Second, we are writing to clarify the location and process for the questionnaires.  The parties had contemplated and agreed that for each group of jurors who were summoned to the courthouse, "upon arrival, each group will be introduced to the parties and receive preliminary instructions."  See Dkt. No. 235, Government Letter, dated December 6, 2019.  Thus, we

---

[1] The government reserved the right to object to these questions, and the defense agreed that the topic would be revisited at a later date.  Because we have asked the Court to delay the Rule 12.2 notice deadline, the defense would consent to the deletion of certain mental health-related questions from the questionnaire.  We reserve the right to conduct *voir dire* on the topics in these questions, however.

expected that each group would be brought to a courtroom, where Your Honor would introduce the parties and read preliminary instructions.  *See*, *e.g.*, *United States v. Elijah Williams*, 00 Cr. 1008 (NRB) (Mar. 30, 2005 S.D.N.Y.).[2]  We intend to propose draft instructions for the Court's consideration shortly.  We understand that, at present, the Jury Clerk is planning to have prospective jurors complete the questionnaires in the jury room (room 160) at 500 Pearl Street, in the absence of the Your Honor and the parties.  The defense believes that each group should be brought into a courtroom, where Your Honor would administer initial instructions and introduce the parties, as regularly done in *voir dire* proceedings in this district.  The government takes no position on this request.

Finally, we understand that 3200 summonses were sent out in this case (800 per session) and that the parties will receive a panel list of those who actually fill out the questionnaires, along with the questionnaires themselves.  We understand the Jury Clerk can provide a list of all of the jurors who were summoned, at the direction of the Court.  We hereby ask the Court to release that list to the parties.  The government has no objection to this request.  We also ask for the list of summoned individuals who were granted hardship excusals by the Jury Clerk and the reason for each excusal.

Thank you for your consideration.

Respectfully submitted,

/s/
David Patton
Counsel for Sayfullo Saipov

---

[2] The introductory remarks in *Williams* are attached here as Exhibit A.