**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 16, 2020

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 2/21/2020

The pretrial conference scheduled for March 23, 2020 is adjourned sine die.

Re:   *United States v. Sayfullo Saipov*
       **(S1) 17 Cr. 0722 (VSB)**

Dear Judge Broderick,

The Court has adjusted the trial schedule to begin individual *voir dire* on April 20, 2020. In light of this slight adjustment to the schedule, and because of counsel's competing Rule 15 obligations between the date the jurors will fill out the questionnaires (February 19 and 20) and the commencement of *voir dire*, we write to request small adjustments to some of the pre-trial deadlines. The government objects to any further changes in the schedule. Specifically, we propose:

- March 30: Parties to file proposed jury instructions for both guilt and penalty phases (one week later than the current deadline of March 23, per docket number 173).

- Week of March 30: Parties to file lists of stipulated strikes for cause (the original date per docket number 173, later amended by docket number 250 to March 9).

- Week of April 6: Parties appear for a conference to address strikes for cause (the original date per docket number 173, and two weeks later than set in docket number 250).

The two requests to adjust the schedule by more than the one week that the trial was continued are both regarding strikes for cause. As the defense wrote in letters dated February 3 and February 5, 2020 (*see* Dkt. Nos. 257, 260), most of the trial team will be traveling to Uzbekistan on March 2, so that it can be prepared to proceed with Rule 15 depositions on March 10 in Kazakhstan. As such, there is now a two-week period of time after the juror questionnaires are completed when the trial team will be unable to meaningfully review them. The proposed

1

changes to the schedule will allow us to focus on the Rule 15 depositions while we are abroad. When we return, we will be able to focus appropriately on the review of the juror questionnaires and jury instructions.

   Denying this request would directly implicate our ability to effectively represent Mr. Saipov during jury selection and during the Rule 15 portion of the penalty phase. This proposed adjustment does not prejudice the government in any way; indeed, government counsel will also be able to focus on the Rule 15 depositions and have more time with the questionnaires as a result. It will not delay any other trial proceedings.

           Respectfully submitted,

           _____/s/_____
           David Patton
           Counsel for Sayfullo Saipov