```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                                                            :         S1 17-CR-722 (VSB)
               -against-                                    :
                                                            :         OPINION & ORDER
                                                            :
SAYFULLO HABIBULLAEVIC SAIPOV,                              :
                                                            :
               Defendant.                                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Defendant Sayfullo Habibullaevic Saipov is charged in a twenty-eight count superseding indictment, filed on June 19, 2018 ("Superseding Indictment"). Currently before me is Saipov's motion for access to the records and papers used in connection with the constitution of the grand jury that returned the Superseding Indictment against him. (Doc. 218.) Because Defendant Saipov's motion solely seeks access to the grand jury selection materials, Saipov's motion is GRANTED.

## I. Procedural History

      Defendant Saipov was originally charged in a criminal complaint on November 1, 2017, arising out of the October 31, 2017, truck attack. During that attack, Saipov—purportedly acting on behalf of the Islamic State of Iraq and al-Sham ("ISIS")—allegedly drove a flatbed truck onto a cycling and pedestrian pathway on the west side of lower Manhattan, resulting in eight fatalities and many more individuals injured. (*See generally* Doc. 1.)

      On November 21, 2017, a grand jury returned a twenty-two count indictment. (Doc. 8). On June 19, 2018, a grand jury ("Grand Jury") returned the Superseding Indictment against

Defendant Saipov. (Doc. 61.) The Superseding Indictment charges Saipov with eight counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); eight counts of assault with a dangerous weapon and attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3); ten additional counts of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); one count of providing material support to a designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; and one count of violence and destruction of a motor vehicle resulting in death, in violation of 18 U.S.C. §§ 33(a) and 34. (Doc. 61.) The murder in aid of racketeering charges, as well as the charge for violence and destruction of a motor vehicle resulting in death, carry a possible sentence of death. *See* 18 U.S.C. §§ 34, 1959(a)(1).

On November 5, 2019, Defendant Saipov filed a letter motion seeking "access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f)." (Doc. 218.) In connection with this motion Saipov seeks access to records and papers related to the composition of both the Grand Jury that returned the Superseding Indictment against him and the trial jury. The Government filed a responsive letter on November 8, 2019. (Doc. 221.) During a conference held on November 18, 2019, I asked the parties to brief the timeliness of Defendant Saipov's motion as it related to seeking access to records and papers related to the Grand Jury that returned the Superseding Indictment. (Doc. 228 at 11-12.) In response to my request, the Government filed a letter on December 6, 2019, that dealt in part with the timeliness issue, (Doc. 236 at 3-4), and on

2

December 10, 2019, Defendant Saipov filed a letter, a portion of which was dedicated to the timeliness issue, (Doc. 237 at 7-9).

## II.  Discussion

The Government asserts that case law dictates that Defendant Saipov's motion related to the grand jury selection procedure should have been brought within seven-days from the date of the Indictment. (Doc. 236 at 3-4.) Defendant Saipov asserts that the JSSA does not have a specific requirement for requesting records related to grand jury selection but grants "parties access to records 'at all reasonable times during the preparation and pendency of such a motion,'" and then suggests that "the question of whether his potential motion to dismiss is timely should be addressed if and when a motion is actually filed." (Doc. 237 at 7.) Defendant Saipov also argues that although the JSSA may set a deadline for motions to dismiss an indictment, "there may be no such deadline for constitutional challenges to the composition of the grand jury." (*Id.*) Saipov also argues that he would be prejudiced by being precluded from investigating the grand jury selection process but that the Government would suffer no prejudice "because the government will be analyzing and litigating similar records for the petit jury challenge." (Doc. 237 at 9-10.)

### A.  *Applicable Law*

"The sixth amendment affords every criminal defendant entitled to a jury trial the right to trial 'by an impartial jury.'" *United States v. LaChance*, 788 F.2d 856, 864 (2d Cir. 1986). In *Duren v. Missouri*, 439 U.S. 357 (1979), the Supreme Court interpreted this right to mean, among other things, that the pool from which a trial jury is drawn must represent a "fair cross section" of the community in which the defendant is tried. *Id.*, at 368. The JSSA "extends this

fair cross section requirement of the sixth amendment to the pool from which federal grand jurors are selected."[1] *LaChance*, 788 F.2d at 864.  Section 1867(a) of the JSSA provides that

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Courts strictly enforce the timeliness requirements under the JSSA.  *United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007); *United States v. Paradies*, 98 F.3d 1266, 1277 (11th Cir. 1996).  In connection with a motion related to the selection and/or composition of a grand jury or petit jury, the JSSA provides that "parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."  28 U.S.C. § 1867(f).

### B. *Application*

The Second Circuit has yet to specifically consider what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury.  However, other courts that have considered the issue have held that motions challenging grand jury selection and composition must be filed within seven days from the date of indictment.  *See Dean*, 487 F.3d at 849 ("Because [defendant] did not try to inspect the grand jury list and jury qualification questionnaires within seven days of his indictment, the date on which he could have discovered if there were grounds for a challenge, he failed to meet the deadline for filing a motion to stay under 28 U.S.C. § 1867(a)"); *United States v. Nunnally*, No. 5:05–cr–00045–RS–GRJ, 2011 WL

---

[1] The JSSA provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. § 1861.

4

643443, *2 (N.D. Fla. 2011) ("Where a criminal defendant does not attempt to inspect grand jury lists and materials within seven days of his indictment, which is the date on which he could have discovered if there were grounds for a challenge, he fails to meet the deadline for filing a motion to stay under § 1867(a)"); *United States v. Buczek*, No. 08–CR–54S, 2009 WL 2230808, *1 (W.D.N.Y. 2009) ("Courts throughout the United States have strictly enforced the seven-day limitation period and have held that where the challenge is to a grand jury selection, the seven-day period begins to run from the date of the indictment.").

Here, Defendant Saipov has not filed a motion with regard to the selection or composition of the Grand Jury that returned the Indictment. Instead, he seeks access to the records and papers used in connection with the selection and constitution of the Grand Jury that returned the Indictment on June 19, 2018. (Doc. 61.) Defendant Saipov first requested access to the Grand Jury records and papers on November 5, 2019, (Doc. 218), almost a year and half after the Grand Jury returned the Indictment. Therefore, there is no question that any motion that Defendant Saipov might file with regard to the selection and composition of the Grand Jury would be filed more than seven days from the date of indictment. However, since Defendant only seeks information and records at this time, I will defer decision on timeliness until a motion challenging the selection and composition of the Grand Jury.

### III. <u>Conclusion</u>

For the foregoing reasons, Defendant Saipov's motion seeking access to the records and papers related to the selection and composition to the Grand Jury that returned the Superseding Indictment is GRANTED.

SO ORDERED.

Dated: February 26, 2020
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge