```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                        :
UNITED STATES OF AMERICA                :
                                        :   PROTECTIVE ORDER
     - v. -                             :
                                        :   S1 17 Cr. 722 (VSB)
SAYFULLO HABIBULLAEVIC SAIPOV,          :
                                        :
                    Defendant.          :
                                        :
- - - - - - - - - - - - - - - - - - - - X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2020

Upon the application of the United States of America, Geoffrey S. Berman, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Amanda Houle, Sidhardha Kamaraju, Matthew Laroche, and Jason A. Richman, for a protective order relating to material produced pursuant to 18 U.S.C. § 3500 and *Giglio* v. *United States*, 405 U.S. 150 (1972) (collectively, the "3500 material"), and with the consent of defendant Sayfullo Habibullaevic Saipov, by and through his attorneys, Andrew Dalack, Esq., Sylvie Levine, Esq., Annalisa Mirón, Esq., David Patton, Esq., David Ruhnke, Esq., and David Stern, Esq., it is hereby ORDERED that:

1. Defense counsel must destroy or return to the Government all 3500 material and any witness list, at the conclusion of the trial of this matter or when any appeal (including post-conviction relief under 28 U.S.C. § 2255) has become final; and

1

2. The defense is precluded from disseminating or disclosing any 3500 material and any witness list to anyone other than the defendant, the defendant's counsel, any paralegal or staff employed by the defense for the purpose of representing the defendant, and any expert witness the defense has retained or consulted with in connection with this case; and

3. The defense shall not leave any 3500 material or any witness list in any jail facility, and the defendant may only review 3500 material and any witness list, when in the presence of defense counsel, any paralegal, or other staff employed by the defense for the purpose of representing the defendant; and

4. It is further ordered that defense counsel may show to a prospective defense witness his or her own FD-302 and any attachments (with the names of law enforcement redacted from the document); and

5. The defense can otherwise seek *ex parte* authorization of the Court to show (but not provide copies of) other specified 3500 material to persons whose access to such materials is otherwise prohibited by this Order. The Court shall grant the request if the Court determines that such access is necessary for the purpose of preparing the defense of the case, which may include preparation for any potential penalty phase proceeding. Each of the

individuals to whom disclosure of 3500 material is made shall be provided a copy of this Order by defense counsel of record and advised by defense counsel of record that he or she shall not further disseminate the 3500 material except at the express direction of counsel of record, and such direction will only be given if previously approved by the Court.

Dated:   New York, New York
         March 3            , 2020

Vernon S. Broderick
United States District Judge