**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

August 6, 2021

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

**Re:** *United States v. Sayfullo Saipov*
(S1) 17 Cr. 722 (VSB)

Dear Judge Broderick,

We write pursuant to the Court's Order dated June 22, 2021 directing the parties to submit an update regarding Rule 15 depositions and Mr. Saipov's intent to seek deauthorization of the death penalty, *see* Dkt. No. 389, and in response to the government's letter from earlier today, *see* Dkt. No. 396 ("Gov't Ltr."). For the reasons we previously articulated to the Court, *see* Dkt. Nos. 379 (defense letter of May 13, 2021), 388 (defense letter of June 17, 2021), and 390 (transcript of June 3, 2021 conference), the defense maintains that it is premature to set a trial date or Rule 15 depositions.

Regarding the Rule 15 depositions, the government thinks "the parties should schedule Rule 15 depositions in Uzbekistan for the Fall of 2021," *see* Gov't Ltr. at 1. The request is not realistic. The government acknowledges that Uzbekistan remains on the State Department's highest travel advisory level, Level 4: "Do Not Travel." As of this writing, the vaccination rate is less than 4% in that country.[1] Moreover, the CDC has reported that the Delta variant has been identified in Uzbekistan,[2] and just today, Uzbekistan "reported record new COVID-

---

[1] *See* Kazakhstan, Uzbekistan Report Record Daily COVID-19 Cases, Aug. 5, 2021, Reuters, https://www.reuters.com/world/asia-pacific/kazakhstan-uzbekistan-report-record-daily-covid-19-cases-2021-08-05/.

[2] CDC Website, https://covid.cdc.gov/covid-data-tracker/#global-variant-report-map (last visited Aug. 5, 2021).

19 infections."[3] Just because bad news about rising infection rates and dire travel advisories for Uzbekistan and other countries has become "normal" does not make the news any less dire. Nor does the possibility of future increases in vaccination rates in Uzbekistan alleviate what is currently a severe public health crisis that shows no signs of abating any time soon.

In addition to the COVID-related obstacles to conducting international Rule 15 depositions, the parties have still not identified a country where the depositions can be conducted consistent with the Federal Rules of Criminal Procedure and the Constitution. As the government states, it is still conferring with the Uzbek government about the protocols for depositions in Uzbekistan, including the current requirements that a prosecutor from the Uzbek Prosecutor General's Office be present during the depositions and that an employee from the Uzbek Prosecutor General's Office serve as a translator and pose the questions to the witnesses. Because of those requirements, the parties have been discussing the possibility of alternative locations. But until a suitable country has been identified, it does not make sense to schedule the depositions.[4]

Moreover, as the Court is well aware, the COVID-19 pandemic continues to pose a significant threat not just overseas, but also right here in New York. It is a threat made all the more serious by the emergence and prevalence of the highly-contagious Delta variant of the virus.[5] Just this week, Chief Judge Swain re-instated the mask policy in the courthouses because "the number of new people infected has risen to the point that makes New York County at high risk of community transmission." *See* SDNY Mask Policy Update, Aug. 2. 2021, *attached as* Exhibit A. It is simply not yet possible to consider scheduling many hundreds of potential jurors to appear at the courthouse for jury selection, as this case requires.

With all of this uncertainty about the virus, coupled with the parties' ongoing negotiations regarding the host country for, and the terms of, Rule 15 depositions, it is premature to schedule the depositions for Fall 2021. Instead, we request that the parties be permitted to update the Court in 30 days regarding the Rule 15 depositions.

---

[3] *See* note 2, *supra*.

[4] The government also notes its proposal to "hold remote video-recorded depositions," Gov't Ltr. at 1, but those may be subject to the same Uzbek-imposed rules, threatens Mr. Saipov's rights to a fair trial, and does not vitiate the defense team's obligations to travel to Uzbekistan to prepare our witnesses to testify.

[5] Biden calls Delta Variant a 'Largely Preventable Tragedy That Will Get Worse Before It Gets Better,' Aug. 5. 2021, N.Y. Times, https://www.nytimes.com/live/2021/08/03/world/covid-delta-variant-vaccine.

      Regarding the deauthorization process, the Department of Justice has not yet offered any updated policies, despite the Biden Administration's avowed opposition to the death penalty. *See* Dkt. No. 388; Gov't Ltr at 2. The parties have continued to regularly confer regarding any updates, but the government has no additional information at this time. *See id.* Moreover, the current Protocols continue to contain a "heavy presumption against second or successive defense requests to de-authorize." *See* Dkt. No. 388 at 2. Given this uncertainty, we request to update the Court regarding our potential deauthorization letter in 30 days as well.

                                        Respectfully Submitted,

                                        /s/
                                        David Patton
                                        Counsel for Sayfullo Saipov

Given the low vaccination rate in Uzbekistan and the rising COVID-19 infection rate, I find that it is premature to schedule Rule 15 depositions at this time. Within 30 days, the parties should file a joint status letter updating me on their discussions regarding alternate locations for the depositions and the protocol that will be used. The parties should inform me whether any of the countries proposed by defense counsel are viable options. The parties are also directed to update me within 30 days regarding defendant's potential deauthorization request. The parties' request that I exclude time in the interests of justice under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) is Granted through September 10, 2021. I also find that the case is "complex" as that term is used in the Speedy Trial Act and this finding supports granting the continuance. The continuance is necessary to, among other things, allow the parties to continue to prepare for trial, and I find that the ends of justice served by granting the continuance outweigh the interest of the public and Defendant Saipov in a speedy trial.

SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK  8/12/2021
UNITED STATES DISTRICT JUDGE