**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

May 18, 2022

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:  **United States v. Sayfullo Saipov**
     **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick,

The parties write in response to the Court's Order of May 6, 2022 to address outstanding issues regarding the trial in the above-captioned case. See Dkt. No. 448.

First, the parties agree that the Court's preliminary remarks to prospective jurors need not be modified (except to reflect the dates of the new trial schedule).

Second, the parties agree that the preliminary remarks should take place in person, in the ceremonial courtroom.

Third, in light of the modifications to the schedule made at the conference on May 4, 2022, which extended the juror questionnaire process to take place on three consecutive Thursdays and Fridays in August, the parties understand that the final questionnaires will be completed 10 days later than we initially anticipated, i.e. on August 27, 2022. See Dkt. No. 426. Given this adjustment, the defense requests that the post-questionnaire dates be adjourned by the same 10 days, so that the parties have sufficient time to review all of the questionnaires and make fully-informed strikes for cause. This is particularly important for the defense because counsel will be extremely busy following the completion of the questionnaires, including significant international travel. Abbreviating the schedule, as the government suggests below, in combination with the now six days of court time in August, would significantly impair counsel's ability to prepare for trial. Therefore, the defense proposes:

| | |
|---|---|
| October 6 | Parties to file list of stipulated strikes for cause. |
| October 13 | Conference for Court to rule on stipulated strikes for cause. List of venire finalized and notified. |
| October 21 | Individual voir dire begins, followed by trial. |

The Government believes that a 10-day adjustment is unnecessary, and proposes a more limited adjournment as set out below. Given that the questionnaires will be returned on a rolling basis across the dates that the Court has set, the Government does not believe that it is appropriate to delay the schedule a full 10 days. The parties will be receiving some of the questionnaires earlier than anticipated under the new schedule and thus will be, as to some of the questionnaires, ahead of the review schedule previously anticipated. Moreover, delaying the beginning of individual voir dire by 10 days will necessarily delay the start of trial by approximately the same number of days. While it remains to be seen how long jury selection will take, given the estimates announced by the parties as to the anticipated length of the guilt phase of the trial, delaying the start date of voir dire by 10 days makes more likely that the guilt phase will run into the December holiday break. Completing the guilt phase before the December holidays, if possible, is most efficient, and will impose a lesser burden on, for example, witnesses and victims traveling internationally. Accordingly, the Government proposes the following:

| | |
|---|---|
| September 30 | Parties to file list of stipulated strikes for cause. |
| October 5 | Conference for Court to rule on stipulated strikes for cause. List of venire finalized and notified. |
| October 11 | Individual voir dire begins, followed by trial. |

Fourth, regarding the Court's February 27, 2020 Opinion and Order, Dkt. No. 296, regarding jury selection, the defense maintains its March 6, 2020 requests for reconsideration regarding (a) sharing juror research and (b) attorney-conducted voir dire. See Dkt. No. 310. The government maintains the positions it articulated on March 11, 2020. See Dkt. No. 317. As articulated in those letter motions, the parties are in agreement regarding the risks of sharing juror research and the government does not oppose the defense's request that the Court rescind that order. The parties continue to disagree about attorney-conducted voir dire.

Fifth, upon further discussion, the parties agree that it is premature to impose a vaccination requirement at this time, as we do not yet know what the COVID-19 conditions or courthouse protocols will be at the time of the trial. Both parties would like to be heard on this issue when the trial date is closer and those facts are available.

Finally, the parties also renew the joint requests we made on February 28, 2020, regarding the mechanics of jury selection, with updated dates to reflect the new trial schedule. See Dkt. Nos. 298, 309. Specifically, we propose summoning 15 jurors per day to the courthouse at the start of each day; we propose providing the Court with general instructions for each day's panel and general voir dire questions before the conference at which the Court will rule on the cause strikes; and we propose providing individual voir dire questions on a rolling basis. See id.

Thank you for your consideration.

Respectfully submitted,

/s/
David Patton
Counsel for Mr. Saipov