# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 2, 2022

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**   08/04/22

The parties shall file a proposed Protective Order
to govern the jury records on or before August 18,
2022.

**Re:   United States v. Sayfullo Saipov**
        **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick:

Through this letter motion, and without objection from the government, we respectfully renew our request for Mr. Saipov's petit jury records pursuant to 28 U.S.C. § 1867(f). We previously sought records in November 2019 (ECF No. 218). And while the Jury Administrator has provided records relating to the grand jury who issued the superseding indictment in this case, we have not yet received authorization for our previously filed petit jury demand. Through this letter, we supersede that earlier request with an updated demand. As Mr. Martin suggests, he has received additional information relating to petit jury data in other cases, and a fuller set of records is necessary in this case too. See Martin Declaration, Exhibit A. Therefore, without objection from the government, we seek the Court's authorization to obtain directly from the Jury Administrator for the Southern District of New York all of the information set forth in the "Attachment 1" to the declaration prepared by defense expert Jeffrey Martin. Id.

**A. Saipov has a clearly established constitutional and statutory right to a petit jury selected from a fair cross-section of the Southern District of New York.**

The Supreme Court has consistently interpreted the Sixth Amendment right to trial by an impartial jury to require a petit jury that is indifferent and selected from a fair cross-section of the community: "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," Irvin v. Dowd, 366 U.S. 717, 723 (1961), and "a fair possibility for obtaining a jury constituting a representative cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 529 (1975).  As the Court explained in Taylor, "The unmistakable import of this Court's opinions … is that the selection of a petit jury

from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." 419 U.S. at 528-29.

Federal legislation governing jury selection within the federal court system has a similar thrust. In enacting the JSSA, Congress stated, "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. In that Act, Congress also established the machinery by which the stated policy was to be implemented (28 U.S.C. §§ 1862 through 1866) and also established a procedure for challenging compliance with the selection rules. 28 U.S.C. § 1867.

**B. Saipov must have access to the records he seeks in order to prepare a motion concerning any non-compliance with his constitutional and statutory entitlement to a petit jury drawn from a fair cross-section of the community.**

With respect to criminal cases and the JSSA, before voir dire begins, a defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the JSSA's provisions in selecting the grand or petit jury. 28 U.S.C. § 1867(a). And during the preparation of a motion challenging compliance with the fair cross-section requirement, the parties in a criminal case "shall be allowed to inspect, reproduce, and copy" records relevant to his claim. § 1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975) ("[A]n unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'") (quoting 28 U.S.C. § 1861). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." Id.

Crucially, in order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "avail himself" of the "right of access to otherwise nonpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). A defendant's motion may not be denied because it is unsupported by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Jury Selection Act." United States v. Marcano-Garcia, 622 F.2d 12, 18 (1st Cir. 1980) (citations omitted). Nor may a motion to inspect be denied because the defendant fails to allege facts which show a "probability of merit in the proposed jury challenge." United States v. Beaty, 465 F.2d 1376, 1380 (9th Cir. 1972). See also United States v. Gotti, 2004

2

WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that the information would reveal a violation) (unreported).

Here, like any other litigant considering a challenge under the Sixth Amendment and JSSA to the composition of his petit jury, Saipov is entitled to inspect the records that he and the defense's retained statistician (Jeffrey Martin) require to prepare a motion.  Once the requested records are obtained, Mr. Martin will analyze them expeditiously and the defense will, if appropriate, file a fair-cross section and JSSA challenges within seven days of his findings and no later than the date *voir dire* begins – October 11, 2022. <u>See</u> 28 U.S.C. 1867(a).

So that the defense may expeditiously prepare any constitutional and statutory challenges to jury selection and empanelment, we will confer with the government regarding access to the existing jury records from other cases for use in Mr. Saipov's case, so that the Jury Administrator need not make unnecessary additional productions. Further, we respectfully request that the Jury Administrator provide any answers to Mr. Martin's questions as soon as the answers are known and as soon as practicable, on a rolling basis.

Finally, should the Court endorse Mr. Saipov's records demand, the parties will file a proposed Protective Order to govern the jury records.

Respectfully submitted,

 /s/ Annalisa Mirón, Esq.
David Patton, Esq.
Andrew Dalack, Esq.
Sylvie Levine, Esq.
Annalisa Mirón, Esq.
David Ruhnke, Esq.
David Stern, Esq.
Counsel for Sayfullo Saipov

## DECLARATION OF JEFFREY MARTIN

The undersigned, Jeffrey Martin, declares as follows:

1. My name is Jeffrey O'Neal Martin.  I hold a Bachelor's degree in Mathematics and Economics from Vanderbilt University and a Master's degree in Economics from the University of Chicago.
2. I am employed as a consultant on statistical issues, a consultant on actuarial issues, and as a consultant to political campaigns.  I have been qualified as an expert on statistical issues in Federal Courts and State Courts.
3. Since 1997, I have been involved in cases involving challenges to the jury lists in Federal and State Courts.  Specifically, I have been involved in cases in the Southern District of New York.
4. I have been asked by counsel to review the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel that is used to select Trial Jurors in this case.
5. In order to complete the review, I require data as listed in "Attachment 1" for data relating to the Trial Jury in this case.
6. I am prepared to answer any questions the Court may have and will be glad to discuss ways in which the data can be delivered that best fits the way in which the Clerk's office operates.
7. I do not seek any personal information that would allow the identification of any individual.
8. The information requested is common to other reviews of Federal jury wheels that I have been asked to perform. The information requested herein has been provided to me in connection with my work as an expert in approximately 20 similar challenges brought on behalf of federal criminal defendants in this and other federal jurisdictions.
9. In "Attachment 1" items #1 through #16 do not involve any personal or other information that could be used to identify any individual.
10. In "Attachment 1" items #17 through #25 should only include the randomly generated Juror Number and not the Name, Street Address, Day of Birth, or Month of Birth.  In this way, no individual person can be identified.
11. In "Attachment 1" item #26 should have the individual's Name and Street Address redacted in order to remove any personally identifiable information.
12. In "Attachment 1" items #27 through #29 inherently include personally identifiable information.  The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.
13. In November 2019 I supplied a declaration detailing the items needed to analyze the construction and implementation of the Master Jury Wheel and Qualified Jury Wheel for both the grand jury and the trial jury in this case.  This request is only for trial jury data and is substantially the same request for standard data.  I have added some requests to better understand any effect that the Covid-19 pandemic has had (items #2, #3, #5, #6,

Page 1

and #29).  I have added requests to better understand the historical pattern of representation (items #8 and #25).  I have added requests about details raised in the previous analysis of the grand jury as well as other analyses (items #4, #19, #21, #22, and #23).  I have received the additional data in other cases and believe it is necessary for a full analysis in this case.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this 31st day of July 2022

_____Jeffrey Martin

**ATTACHMENT 1**

1) The Jury Plan for the Southern District of New York currently in effect and, if different in any respect, at the time trial jurors are summoned in this case. This Plan is believed to be the "Amended Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Southern District of New York" effective February 13th, 2009.

2) A description of any changes from the previous procedures or from the Jury Plan for the trial jury or creation of the trial jury because of the Covid-19 pandemic.

3) Any order of the Court that effects the previous procedures or the Jury Plan for the trial jury or creation of the trial jury because of the Covid-19 pandemic.

4) A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon trial jurors in this case.

5) The jury division chosen for the trial jury in this case.

6) A description of reason for the choice of jury division for the trial jury in this case.

7) Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that are used to summon the trial jurors in this case as required by 28 U.S.C. § 1863(a).

8) Any AO-12 form or JS-12 forms completed since the Jury Plan became effective February 13th, 2009.

9) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that are used to summon trial jurors in this case with the Jury Plan, Jury Selection and Service Act and constitutional requirements.

10) The date when the Master Jury Wheel that was used to summon trial jurors in this case was refilled as described in the Jury Plan Section III B.

11) The record of the steps, numbers, and calculations as described in the Jury Plan Section II A.

12) The general notice explaining the process by which names are periodically and randomly drawn as described in the Jury Plan Section III D.

13) The calculation of the division of jurors from each county to reasonably reflect the relative number of registered voters as described in the Jury Plan Section IV B.

14)     The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

15)     The date when trial jurors are summoned in this case.

16)     The number of persons summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

17)     The District, Manhattan Division, and White Plains Division Master Jury Wheel data as described in the Jury Plan Sections III A, III B and III C in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

18)     The District, Manhattan Division, and White Plains Division Qualified Jury Wheel data as described in the Jury Plan Section III D in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

19)     The entire list of deferred jurors from the previous Master Jury Wheel who could possibly be summoned for service in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

20)     Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted or excused from jury service as described in the Jury Plan.  The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

21)     To the extent that the Status Code involves an excusal or deferral based on undue hardship or extreme inconvenience, please explain whether the excusal or deferral was granted by a judge or court staff. To the extent the Status Code refers to Disqualifications, Exemptions, or Excuses with "for official use", please supply the specific reason or describe what "for official use" means.

22)     Are persons marked as excused available for summoning as described in the Jury Plan Section VIII?

23)     Are persons deferred to a different date?  If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

24)     The Juror Number only (and not Name or Street Address) for persons selected as
        potential trial jurors in this case.

25)     The Juror Numbers for persons selected as potential jurors for criminal juries that
        were summoned for trials scheduled to take place (or that have taken place) from
        September 2021 through June 2022.

26)     The source of data in electronic form for the Master Jury Wheel used to summon
        trial jurors in this case as described in the Jury Plan Sections I (4) and III A (voter
        registration list).  The data should include, as available, Race, Gender, Hispanic
        Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal
        information or information that could be used to identify any individual such as
        Name or Street Address.

27)     The juror qualification and summons forms for the persons summoned (or to be
        summoned) as potential jurors in this case.

28)     The disposition of each summoned potential trial juror in this case as to excusal,
        deferment, disqualification or selection as described in the Jury Plan.

29)     Any Covid-19 questionnaires and summary information of Covid-19 questionnaires
        including Juror Number for potential trial jurors in the case.