**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 9, 2022

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:   **United States v. Sayfullo Saipov
      (S1) 17 Cr. 722 (VSB)**

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.   08/09/22
Defendant's appearance is waived as to the August 10, 11, 12, 17, 18 and 19 appearances.

Dear Judge Broderick:

We write in response to the Court's Order dated yesterday, August 8, 2022 directing the parties to submit a joint letter "explaining each party's position as to whether Jury Questionnaire Days are considered part of the 'trial stage' of this case under Fed. R. Civ. P. 43(a)(2)." (Dkt. No. 474).

The parties agree that the Jury Questionnaire Days (August 11, 12, 17, 18, 19, 2022) are not a part of the "trial stage" within the meaning of Rule 43 of the Federal Rules of Criminal Procedure. Jury questionnaires, which serve a largely administrative function in advance of individual voir dire, are often completed outside the presence of both parties. See United States v. Greer, 285 F.3d 158, 167 (2d Cir. 2002) ("routine administrative procedures relating to jury selection are not part of the true jury impanelment process in which parties and counsel have a right to participate"). During the upcoming jury questionnaire dates, potential jurors will not be subject to individual questioning by the Court or by the parties, and they will not be the subject of challenge in open court. As such, the parties concur that Mr. Saipov's presence at the upcoming pretrial conference tomorrow (which is a proceeding 'on a question of law' under Rule 43(b)(3)) and during the Jury Questionnaire Days is not required. See, e.g., United States v. Rudolph, 00-CR-422 (N.D. Ala.) (Dkt. No. 496) (declaration in support of a capital defendant's waiver of appearance during jury questionnaire days).

Even if the Jury Questionnaire Days are part of the "trial stage" within the meaning of Rule 43, a defendant may make a knowing and voluntary waiver of his right to be present. See United States v. Allen, 788 F.3d 61, 75 (2d Cir. 2015) ("Allen and his counsel were apprised of the nature and purpose of the [jury] orientation, but declined the district court's invitation to attend. Thus, we hold that, even assuming Allen had a right to be present at the orientation, he knowingly and voluntarily waived it."); Cohen v. Senkowski, 290 F.3d 485, 493 (2d Cir. 2002)

("Because Cohen was fully aware of the pre-screening procedure but did not object to it nor ask to attend, and because his counsel was present throughout, Cohen waived his right to be present for the procedure."). As relevant to his knowing and voluntary waiver, Mr. Saipov was present for the jury questionnaire process in February 2020, and the forthcoming Jury Questionnaire Days are substantially identical in nature.

In compliance with the Court's Order, we submit the attached sworn declaration from David Stern in support of Mr. Saipov's waiver of his appearance on August 11, 12, 17, 18, and 19, 2022. In addition, pursuant to Rule 43(b)(3)), the defense also waives Mr. Saipov's appearance at tomorrow's pretrial conference (August 10).

Respectfully submitted,

/s/ David Patton, Esq.
Counsel for Sayfullo Saipov

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

          - v -                :        AFFIRMATION
                                        (S1) 17 Cr. 722 (VSB)
SAYFULLO SAIPOV,               :

               Defendant.      :
------------------------------X
```

I, David Stern, Esq., hereby affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am one of the attorneys of record for the defendant in the above-captioned case, Sayfullo Saipov. I make this affirmation in support of the defendant's motion for the Court to accept his waiver of appearance for August 11, 12, 17, 18, and 19—the dates prospective jurors are scheduled to appear at the courthouse to fill out a written questionnaire.

2. On August 8, 2022, I visited Mr. Saipov at MDC Brooklyn with the assistance of an Uzbek interpreter. During our meeting, I discussed the process of jury selection with Mr. Saipov. In particular, I explained to Mr. Saipov the purpose of the jury questionnaire, the remarks to be made by the Court to prospective jurors about completing the questionnaire, and his right to be present.

3. Mr. Saipov and I also discussed the matter of waiving his presence on August 11, 12, 17, 18, and 19, during which the

1

    Court will provide introductory remarks and potential jurors will complete the written questionnaires. Mr. Saipov expressed his desire to waive his presence on those days.

4. Given the extent of our discussion, I represent to the Court that Mr. Saipov wishes to waive his presence during the jury questionnaire dates, and that his decision was made intelligently, knowingly, voluntarily, and without any promises or coercion.

DATED:    New York, NY
            August 9, 2022

                                                        /s/ *David Stern*
                                                     **DAVID STERN, ESQ.**