UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
                    Plaintiff, :
:     S1 17-cr-722 (VSB)
      -against- :
:     **ORDER**
SAYFULLO HABIBULLAEVIC SAIPOV, :
:
                    Defendant. :
:
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On August 16, 2022, I ordered that the Defense file their requests concerning masking and vaccination requirements for jury selection and trial. (Doc. 487.) I am in receipt of a letter motion from the Defense requesting that the Court require a vaccinated jury, (Doc. 518), an affirmation from defense counsel David Stern that Mr. Saipov wishes to exclude unvaccinated jurors from his petit jury and waives any legal objection to the exclusion of unvaccinated jurors, (Doc. 518-1), and a proposed order containing factual findings about the vaccination requirement, (Doc. 518-2). The Government takes no position on the Defense's request for a vaccinated jury, on the condition that Mr. Saipov waives certain legal objections, and provided that I make certain factual findings. (*See* Doc. 518.) The parties wish to address the masking requirement "closer in time to the beginning of individual voir dire," and the Defense "anticipates requesting a masking-optional policy for the courtroom." (*Id.*)

      In accordance with the Defense's proposed order, (Doc. 518-2), I make the following findings:

1. A vaccination requirement is necessary to avoid unnecessary disruption of the trial or deliberations due to juror illness from COVID-19 or exposure to COVID-19.
2. The community levels of COVID-19 have recently ranged from medium to high in New York County and are not anticipated to be significantly lower during the trial in the fall and winter months, which have historically seen an increase in COVID-19 cases.
3. Vaccines reduce the risk of severe disease from COVID-19.
4. Courthouse policy presently requires that unvaccinated persons who are in close contact with a person who has COVID-19 remain excluded from the courthouse for 10 days.
5. Under the Jury Service and Selection Act, unvaccinated jurors in a trial of this length would be likely to "disrupt the proceedings," 28 U.S.C. § 1866(c)(2), and to "adversely affect the integrity of jury deliberations," 28 U.S.C. § 1866(c)(5), because they are more likely to become seriously ill and are more likely to be required to quarantine during trial and jury deliberations, thereby potentially causing a delay in the proceedings.
6. Unvaccinated persons do not constitute a "distinctive group" under *Duren v. Missouri*, 439 U.S. 357 (1979), because vaccination status is not an immutable characteristic such as race, gender, or ethnic background, and in any event the vaccination requirement is justified by a significant state interest of minimizing the risk of severe disease from COVID-19 and reducing the risk of trial disruption.
7. Excluding unvaccinated persons from the jury does not constitute structural error because it is not "a defect affecting the framework within which the trial proceeds,"

*Johnson v. United States*, 520 U.S. 461, 468 (1997), and in any event, the defendant has expressly made a knowing, voluntary, and enforceable waiver of any claim of structural error.

Furthermore, I make the following additional findings related to masking:

8. A masking requirement is necessary to avoid unnecessary disruption of the trial or deliberations due to juror illness from COVID-19 or exposure to COVID-19.
9. Use of masks reduces transmission of COVID-19.[1]
10. Courthouse policy presently requires people who test positive for COVID-19—or who are instructed by a health care provider to assume that they have COVID-19 due to symptoms and/or exposure—to remain excluded from the courthouse for at least five days, or longer depending on certain diagnostic criteria.
11. Courthouse policy presently provides that individuals need not wear masks in the courthouse "unless instructed to do so by a judicial officer in a courtroom or its adjacent areas (e.g., robing room, jury deliberation room)."

Accordingly, it is hereby

ORDERED that an individual may not be seated as a juror in the above-captioned case unless at least two weeks have passed since the individual's second dose in a two-dose series, such as the Pfizer-BioNTech and Moderna vaccines, or at least two weeks have passed since the individual's single-dose J&J/Janssen vaccine.

IT IS FURTHER ORDERED that, notwithstanding any courthouse policies to the contrary, all individuals in the courtroom during the trial in the above-captioned case must wear masks, except for witnesses while testifying and counsel when questioning from the podium.

---

[1] *See, e.g.*, *Science Brief: Community Use of Masks to Control the Spread of SARS-CoV-2*, CDC (updated Dec. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/masking-science-sars-cov2.html.

IT IS FURTHER ORDERED that, notwithstanding any courthouse policies to the contrary, jurors must wear masks in the jury room unless eating or drinking, in which case, jurors are directed to remain at least six feet apart.

IT IS FURTHER ORDERED that everyone must otherwise abide by all COVID protocols in place for the courthouse.

SO ORDERED.

Dated: September 12, 2022
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge