

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 20, 2022

<u>Via ECF</u>
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

  Re:  *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

  Pursuant to the Court's September 14, 2022 Order, Dkt. 563, the Government delivered to the Court today electronic and hardcopy binders of the 71 reports recently produced to the defendant. Because the defense motion also discusses the 17 reports produced relating to ▮▮▮▮▮ the Government provided those reports to the Court as well. We have divided the reports according to the categories set forth in our September 2, 2022 brief, Dkt. 521: (i) the 28 reports previously in the possession of the Prosecution Team (Tab A); (ii) the 43 reports pertaining to Saipov that were not previously in the possession of the Prosecution Team (Tab B); and (iii) the 17 reports pertaining specifically to ▮▮▮▮▮ (none of which were previously in the possession of the Prosecution Team) (Tab C). We have also provided to the Court the production letters that were sent to defense counsel regarding these reports, including letters that were provided to defense counsel on an Attorneys' Eyes Only basis because those letters bear on current or former sources of information, including Individual-1 and Individual-2 referenced in the Government's September 2 brief.[1]

  As detailed in the Government's September 2 brief, the overwhelming majority of these reports pertain to witness interviews in which the witness indicated that the witness had limited prior interactions with Saipov, sometimes just a passing interaction. None of the reports are exculpatory. Fewer than 10 of the reports reference Saipov's radicalization or extremist views. *See* Dkt. 521 at 31 (describing reports referencing radicalization that were not in the Prosecution Team's possession), 33-34 (describing reports referencing radicalization that were in the Prosecution Team's possession). As set out in the Government's September 2 brief, even assuming that all of the reports referencing radicalization were in the Prosecution Team's possession (which they were not), there is no *Brady* violation because, to the extent the reports are relevant to any penalty phase, they are being produced months in advance, and because if Saipov did, for example, receive extremist propaganda from another person or have

---

[1] We are providing the reports to the Court in the form they were provided to the defense, although, in line with the Disclosure Order issued by the Court today, Dkt. 569, we are in the process of producing versions of the reports that do not contain redactions for witness contact information.

The Honorable Vernon S. Broderick, U.S.D.J.
September 20, 2022
Page 2

conversations with someone who encouraged him to believe in *jihad*, that is all already within Saipov's knowledge. *See United States v. Diaz*, 922 F.2d 998, 1007 (2d Cir. 1990) (holding that "there is no improper suppression within the meaning of *Brady* where the facts are already known by the defendant" and that "[e]vidence is not 'suppressed' if the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence"); *see also United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001) (holding that a *Brady* analysis is fundamentally retrospective, requiring an assessment of whether the result of the proceeding would have been different). For these reasons and those set out in the Government's September 2 brief, the defendant's *Brady* claim is without merit and should be denied without a hearing.

The Government will provide further information on or before September 28, 2022 consistent with the Court's Order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
    Andrew Dember
    Amanda Houle
    Jason A. Richman
    Alexander Li
    Assistant United States Attorneys
    (212) 637-2563/2194/2589/2265

cc:    Defense counsel (via ECF)