UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                      :
UNITED STATES OF AMERICA              :
                                                                      :
              -against-                       :
                                                                      :          S1 17-cr-722 (VSB)
SAYFULLO HABIBULLAEVIC SAIPOV,  :
                                                                      :                **ORDER**
              Defendant.                :
                                                                       :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On October 7, 2022, the defense submitted a letter motion "to inform [me] that it intends for Mr. Saipov to be produced for the first day of individual *voir dire*" and on that day "Mr. Saipov intends to waive his appearance for the duration of individual *voir dire* from October 12 to the conclusion of jury selection." (Doc. 600.) The Government did not object to the anticipated waiver, and on October 11, 2022 Saipov waived his appearance to be present during individual *voir dire*.

       During the final pre-trial conference, held on October 7, 2022, the defense indicated that, even though it was not requesting such a waiver at this time, it would be permissible under Fed. R. Crim. P. Rule 43, ("Rule 43") for Mr. Saipov to waive his appearance at trial after a jury is empaneled. Given that the Notes of Advisory Committee on Rules—1974 Amendment state, in part, that "[t]he defendant's right to be present during the trial on a capital offense has been said to be so fundamental that it may not be waived" and that the "ultimate determination of when a defendant can waive his right to be present in a capital case . . . is left for further clarification by the courts," it is hereby

       ORDERED that the defense submit a supplemental letter motion by November 4, 2022,

in support of the position that Mr. Saipov, as a defendant in a capital case, can waive his appearance at all stages of trial. In addition to providing legal support that a capital defendant may waive his appearance under Rule 43 and the Constitution, the letter must address the following related questions:

(1) Does Mr. Saipov intend to waive his appearance at or after opening statements?[1]

(2) Does Mr. Saipov intend to waive his appearance at trial based on the same reasons articulated to the court on October 11, 2022? Specifically that "it will interfere with [his] prayers," because he "usually start[s] doing prayers at 2:00 in the morning, and it stops at around 6:00 in the morning," and "will [also] be praying" "in the late afternoon" between 4:00 p.m. and 6:00 p.m."

(3) If Mr. Saipov is present at trial, approximately how long would he request for each prayer break? In addition, are there any accommodations that he would request to perform his daily prayers other than a prayer rug?

(4) Does counsel believe based upon their review of the case law and experience in death penalty related litigation that a voluntary, knowing, on-the-record waiver by Mr. Saipov to his presence at trial after jury selection satisfies both Rule 43 and the Constitution?

(5) Is the decision to accept a proffered waiver solely within my discretion? In other words, can I reject such a waiver without violating the law?

(6) If I reject Mr. Saipov's waiver, will he voluntarily appear for trial, or will I need to

---

[1] Although I did not to ask defense counsel to state whether Mr. Saipov intends to waive his right to appear at trial after jury selection, having considered the issue I believe that I need an answer to that question now so that I can, among other things, (1) efficiently and timely address the legal issues raised by such a request, and (2) notify individuals and entities who might be impacted by such a request, including the Bureau of Prisons, Untied States Marshal Service, and the Uzbek interpreters engaged to assist during the trial.

compel his appearance?[2]

(7) If I grant Mr. Saipov's waiver, will he agree to electronically watch the trial from another location if such arrangements can be made?[3]

IT IS FURTHER ORDERED that the Government submit a letter by November 11, 2022, stating its position concerning whether Mr. Saipov, as a defendant in a capital case, can waive his appearance at trial after jury selection.

IT IS FURTHER ORDERED that the Government's November 11 letter also state its views, if any, concerning the questions posed above to the defense, including whether I can compel Mr. Saipov's attendance at trial, and the legality and/or propriety of arranging for Mr. Saipov to electronically watch the trial should I grant his waiver.

SO ORDERED.

Dated: October 21, 2022
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

---

[2] I grant the defense permission to respond to this question ex parte and under seal should counsel choose to do so.

[3] Assuming such arrangements can be made, I note that I would direct that a member of the defense team either be with Mr. Saipov or readily accessible to him while he is watching the trial and that the member of the defense team in contact with Mr. Saipov be able to communicate with the members of the defense team in the courtroom such that Mr. Saipov could assist counsel should he choose to do so.