**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 4, 2022

**By ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

      Re:   *United States v. Sayfullo Saipov*
            **(S1) 17 Cr. 722 (VSB)**

Dear Judge Broderick,

    We write with respect to the Court's Order dated November 2, 2022, concerning *voir dire* and the Court's intention to, starting the week of November 7, 2022, "limit follow-up questions to only those necessary to clarify any genuine ambiguity as to whether a prospective juror is qualified to serve on this capital jury." DE #617 at 3.

    The defense agrees that the Court has the authority to regulate individual *voir dire* by limiting follow-up questions to only those necessary to clarify a genuine ambiguity as to a particular juror's qualifications. In general, the Court's questioning of individual jurors has been appropriately thorough: it has afforded the Court with sufficient information to consider the parties' cause challenges and elicited sufficient information for Mr. Saipov to intelligently and meaningfully exercise his peremptory challenges. The defense respectfully submits that the Court's approach to *voir dire* this past week in particular struck the appropriate balance between thoroughness and efficiency.

    Although it is true that the juror questionnaires generally provide a good deal of information, and the initial follow-up questions fill in many gaps, there are times when additional follow up is necessary. There have been many instances when jurors' answers in person differ from or add significantly to their answers in the questionnaires. This in turn means that the parties' initial follow-up questions, presented to the Court in advance of in-person questioning, do not address key issues. In those instances, additional follow-up may in fact be constitutionally required.

"[P]art of the guarantee of a defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors." *Morgan v. Illinois*, 504 U.S. 719, 729 (1992). Indeed, "*[v]oir dire* plays a critical function in assuring the criminal defendant that his [constitutional] right to an impartial jury will be honored." *Id.* 729-30. Like any criminal defendant, Mr. Saipov must have the opportunity to exercise his peremptory challenges "meaningfully." *Knox v. Collins*, 928 F.2d 657, 661 (5th Cir. 1991) (*quoting United States v. Rucker,* 557 F.2d 1046, 1049 (4th Cir. 1977)). To be meaningful, the adequacy of *voir dire* examination must permit the defendant an "opportunity to make reasonably intelligent use of his peremptory challenges and challenges for cause." *Id. See also United States v. Vargas,* 606 F.2d 341, 344 (1st Cir. 1979); *United States v. Barnes,* 604 F.2d 121, 142 (2d Cir.1979), *cert. denied,* 446 U.S. 907 (1980); *United States v. Segal,* 534 F.2d 578, 581 (3d Cir. 1976); *United States v. Hill,* 738 F.2d 152, 155 (6th Cir. 1984); *United States v. Sababu,* 891 F.2d 1308, 1325 (7th Cir. 1989).

We appreciate the need for an efficient process, but we also hope that the Court will continue to provide the parties' adequate opportunity to explore jurors' views when necessary.

        Respectfully Submitted,

/s/
David Patton
Andrew J. Dalack
Sylvie J. Levine
Annalisa Mirón
David Stern
David A. Ruhnke

Counsel for Sayfullo Saipov

Cc: Government Counsel