**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 29, 2022

**By ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

  Re: *United States v. Sayfullo Saipov*
     **17 Cr. 722 (VSB)**

Dear Judge Broderick,

  Sayfullo Saipov, through counsel, submits this reply to the government's opposition (DE #639) to his motion (DE #619) to preclude the government from calling four witnesses because the government failed to disclose them by the statutory deadline of October 8, 2022—*i.e.*, "three days before commencement of trial."[1]  18 U.S.C. § 3432 (in a capital case, government must provide a list of its witnesses' names and addresses by that deadline).

  The government urges the Court to deny Mr. Saipov's motion because he supposedly cannot show prejudice since the substance of the witnesses' testimony was made known to the defense through discovery or is not expected to be disputed. The government is wrong for two reasons.

  **First**, the principal decisions on which the government relies do not support its interpretation of § 3432—one that would largely negate the statute's separate witness-list requirement by subsuming it within the government's discovery obligations.  Instead, these decisions allow for late-noticed testimony only from witnesses whom the government, acting in good faith, could not have and did not discover until after the deadline had passed if, *in addition*, the defendant would not be prejudiced.  That is what the Supreme Court indicated in its only opinion touching on this subject more than a century ago, where it reserved the question of "how far … particular witnesses, afterwards coming to the knowledge of the government, or becoming necessary by unexpected developments at the trial, might be permitted, on special reasons shown, and at the discretion of the court, to testify

---

[1] The government concedes that, as discussed in Mr. Saipov's motion, "[f]or purposes of Section 3432, trial begins with the start of jury selection" (DE #639 at 2) which began here with individual *voir dire* on October 11, 2022.

in the case." *Logan v. United States*, 144 U.S. 263, 306 (1892).

And that is what the two circuits that have most closely examined the statute have explicitly said in more recent federal death penalty decisions (on which the government relies). In *United States v. Fulks*, 454 F.3d 410 (4th Cir. 2006), the Fourth Circuit, relying on the above-quoted language from *Logan*, construed the statute as allowing the government to call late-noticed witnesses if the government shows they were late-discovered *and* that "its failure to discover the witness prior to the expiration of the deadline" was not "due to a lack of reasonable diligence." *Id.* at 423. Only if the government makes those showings does prejudice enter the equation: At that point, if the defendant would be prejudiced by permitting late notice, then the district court must either remedy the prejudice, such as by an adjournment, or, if it cannot, must "preclude the witness from testifying." *Id.* at 423-24.

Similarly in *United States v. Young*, 533 F.3d 453 (6th Cir. 2008), the Sixth Circuit, also relying on the above-quoted language from *Logan*, agreed with the Fourth Circuit's view of the statute, under which the propriety of exclusion of a late-noticed witness turns initially on "the government's good faith" and "diligence in pretrial investigations," before the issue of prejudice comes into play. *Id.* at 462. Applying that framework, "[a]lthough the government acted in good faith and conducted a reasonably diligent investigation, exclusion would be proper upon a showing of irreparable prejudice by Young." *Id.* at 466. Only because the Sixth Circuit found good faith and reasonable diligence did it remand for the district court to address prejudice.[2] *Id.*

In Mr. Saipov's case, the government does not even claim that its violation of § 3432's notice-deadline for these four witnesses is excused, conceding that it could have discovered and noticed these witnesses before the October 8, 2022, deadline: "to be sure, the Government was capable of determining the identities of these witnesses at the time it transmitted its September 22 witness list." DE #639 at 5, n.8. Instead, the government leaps straight to its conclusory claim that there has been no prejudice. But the law does not allow the government to pick and choose which statutory deadlines it can meet before flipping the burden to the defense to prove prejudice. Accordingly, the Court should not and need not reach the

---

[2] Other circuit decisions cited by the government did not address what showing of good faith and reasonable diligence is required before addressing prejudice. *See United States v. Tipton*, 90 F.3d 861, 889 (4th Cir. 1996) (threat defendant posed to witnesses' safety justified withholding addresses of some); *United States v. Chandler*, 996 F.2d 1073, 1098-99 (11th Cir. 1993) (defendant failed to show prejudice as required on appeal for claim of plain-error from late notice of witnesses where no objection was made below); *United States v. Greene*, 497 F.2d 1068, 1083 (7th Cir. 1974) (appellate claim rejected based on "lack of prejudice" with no further analysis or discussion of facts).

secondary issue of prejudice to exclude these witnesses.  The government missed a deadline that is imposed by statute and about which it was long on notice.  It has no excuse for its failure to comply, and the witnesses should be excluded.

**Second**, however, and in any event, Mr. Saipov can and has shown prejudice, particularly with respect to the government's summary law-enforcement witness Special Agent Kevin Song.  When the government disclosed SA Song one month ago, it offered to make him (and the other three witnesses) available to meet with the defense.  We promptly sought meetings with each witness.  To date, SA Song's interview still has not been scheduled.  And while it is true that the prison communications, videos, and other items to be introduced through SA Song are part of discovery, the government has provided no insight into how it intends to introduce these items through SA Song, including through summary exhibits that are (presumably) designed to be as incriminating as possible and to serve as a de facto jury address.  Had the government adhered to §3432, the defense could have been preparing for SA Song's testimony and summary exhibits (including by preparing its own summary rebuttal witness) for the past seven weeks—*i.e.*, since October 8, 2022.  Instead, SA Song's testimony remains a black box, more than two-thirds of the way through individual *voir dire*.  This is exactly the type of unfair, trial-by-surprise scenario § 3432 was written to prevent in capital cases.

The Court should enforce the government's statutory notice-deadline for its witnesses and preclude the government from calling the four witnesses it disclosed to the defense three weeks after trial began.

Respectfully Submitted,

/s/
David Patton
Andrew J. Dalack
Sylvie J. Levine
Annalisa Mirón
David Stern
David A. Ruhnke

Counsel for Sayfullo Saipov

Cc: Government Counsel