

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2023

Via ECF and E-Mail
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

> Re:   ***United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)**

Dear Judge Broderick:

The Government writes in brief reply to the defendant's letter of today and in further support of the Government's letter of January 7, 2023. (Dkt. No. 667).  For the reasons set out in the Government's prior letter and those detailed below, the Court should admit Government Exhibits ("GX") 1145, 404-A, and 410 at the liability phase of the trial, and the Government should be permitted to reference such evidence in its opening statement.

### The Court Should Admit ISIS's Announcement of Responsibility for the Defendant's Attack (GX 1145)

#### A.  The Court Already Considered and Rejected the Defendant's Arguments Concerning the Relevance and Admissibility of GX 1145

The defendant continues to ignore the Court's prior ruling concerning the relevance and admissibility of GX 1145.  The parties specifically addressed the content of GX 1145 in the motions *in limine* and the defendant made the same (meritless) arguments he advances now.  In his motions *in limine*, the defendant argued that ISIS's announcement of responsibility for the defendant's attack was irrelevant and inadmissible hearsay. (Dkt. No. 287, at 12, 14).  The Government opposed. (Dkt. No. 300, at 23-29).  In its October 7, 2022 Opinion and Order, the Court held that the defendant's request to preclude the Government from "introducing specific ISIS-related evidence and testimony" was denied.  (Order at 16 (citing Dkt. No. 287, at 12 (at which the defendant moved to preclude the Government from introducing "evidence or testimony that ISIS allegedly identified Mr. Saipov as a 'soldier of the caliphate' days after he was arrested"))).

The Honorable Vernon S. Broderick, U.S.D.J.
January 8, 2023
Page 2

### B. The Court's Prior Order Denying the Defendant's Motion to Preclude Evidence of ISIS's Announcement of Responsibility for the Defendant's Attack Should Stand

The Court denied the defendant's prior motion for good reason. ISIS's announcement concerning the defendant's attack is relevant to the defendant's motive in committing the attack and his provision of material support to ISIS. The cases cited by the defendant concern whether the Government is *required* to prove that the defendant became a member of ISIS—indeed it is not. (Def. Ltr. at 3). That does not, however, render irrelevant evidence reflecting that he in fact became a member of ISIS. To the contrary, courts in this Circuit regularly consider the effect (or lack thereof) of a defendant's violence in RICO cases when evaluating the defendant's motivation.[1] Moreover, the defendant's argument ignores the relevance of ISIS's announcement to the charge against the defendant for providing material support to ISIS. When evaluating whether the defendant provided such support, it is important for the jury to understand that, following the attack, ISIS announced responsibility for the attack and declared it "one of the most prominent attacks against the Christians in America." Further, it is critical for the jury, in considering whether the defendant provided himself as personnel to ISIS, to know that ISIS called the defendant one of its own soldiers. ISIS's statement is also important context for the defendant's own later statements describing himself as a soldier of the Caliphate. Additionally, to omit such evidence would give the jury the false impression that ISIS was silent after the defendant's attack when the jury will learn about multiple other announcements of responsibility by ISIS for attacks by its soldiers of the Caliphate. For these reasons, GX 1145 is indisputably relevant.

The Court also properly overruled the defendant's hearsay objection, holding that ISIS's statements announcing responsibility for murderous attacks are admissible as co-conspirator statements pursuant to Rule 801(d)(2)(E) and statements against interest pursuant to Rules 804(a)(4) and 804(b)(3). (Order at 9). There is more than sufficient evidence to demonstrate by a

---

[1] *See, e.g.*, *See, e.g.*, *United States v. Bruno*, 383 F.3d 65, 85 (2d Cir. 2004) (finding that the Government had not established that the defendant committed shootings to increase his status within RICO enterprise where the evidence showed, among other things, that the shootings "actually *decreased* his standing" in the enterprise (emphasis in original)); *United States v. Santiago-Ortiz*, No. 17 Cr. 0149 (LAK), 2018 WL 4054859, at *5 (S.D.N.Y. Aug. 23, 2018), *aff'd*, 2019 WL 6904526 (2d Cir. 2019) (relying on fact that defendant's status in RICO enterprise increased after murder as evidence that the defendant committed the murder to enhance his status); *United States v. D'Angelo*, No. 02 Cr. 399 (JG), 2004 WL 315237, at *14 (E.D.N.Y. Feb. 18, 2004) (finding that the Government had not sustained its burden of proof in showing that the defendant's offer of violence was intended to gain him entrance into RICO enterprise and noting that the Government had not, for example, presented evidence that "the enterprise or that the members of [the enterprise] perceived [the defendant] as trying to become a member or considered him to be a potential member"); *United States v. Howard*, 414 F. Supp. 3d 580, 603 (S.D.N.Y. 2019) (noting that, while "the question is not whether [a defendant's] position in the [enterprise] was advanced in fact by the murder he committed, but whether his purpose in committing the murder was to benefit his position, . . . . it is nonetheless significant . . . that the shooting may have actually *decreased* his standing in the [enterprise]" (internal quotations omitted)).

The Honorable Vernon S. Broderick, U.S.D.J.
January 8, 2023
Page 3

preponderance of the evidence a tacit agreement between ISIS and Saipov, including that (i) the defendant told the FBI that he committed the attack in response to a call for attacks by Abu Bakr al-Baghdadi, who was the leader of ISIS at the time, and who the evidence will show had called on followers of ISIS to commit attacks in the West; (ii) the defendant possessed significant amounts of propaganda from ISIS directing such attacks (including vehicular attacks); (iii) the defendant's attack bears the hallmarks of an ISIS attack, including the specific manner of execution; and (iv) the defendant has repeatedly affirmed that he committed the attack for ISIS. Moreover, while the Government is not required to present evidence of specific communications between the defendant and ISIS, he told the FBI that he was a member of an ISIS chat group on an encrypted messaging application with individuals who he believed were in Iraq and Syria—which is corroborated by evidence from the defendant's phone. Finally, contrary to the defendant's argument, he has not demonstrated that he withdrew from this conspiracy, and there is no indication it terminated upon his attack—indeed, even months after the attack, the defendant continued to promote ISIS's objectives by making public statements in support of the organization and its mission.

The Court also correctly held that ISIS's announcements of responsibility for attacks are statements against interest. (Order at 9). The defendant's only argument in this regard is that the statement lacks trustworthiness because it is insufficiently corroborated. (Def. Ltr. at 4). The defendant's statements to the FBI and other evidence noted above, however, plainly constitute corroborating circumstances demonstrating the trustworthiness of ISIS's statement. The defendant does not argue otherwise, and instead focuses on the statement's references to a separate attack in Las Vegas. Even if the Court were to find that the statement's references to the Las Vegas attack are not sufficiently corroborated, the remedy would be a limitation on that portion of GX 1145 (which the Government will not reference in its opening statement), and not preclusion of the very reliable and corroborated statements in GX 1145 concerning the defendant's attack.

Finally, there is no risk of unfair prejudice or misleading the jury. As reflected above, it is entirely proper—and consistent with well-settled precedent—for the jury to consider whether the defendant became a member of ISIS when evaluating his intent. The defendant's remaining arguments go the weight of the evidence, not its admissibility. The defendant is free to argue that ISIS's statement is inconsistent with other evidence in the case (including evidence of the defendant's phone communications), or that it is unreliable, but these arguments cannot preclude admission. As noted above, it is the preclusion of GX 1145 (and not its admission) that would mislead the jury as it would give the misimpression that ISIS was silent after the defendant's attack even though the jury will hear and see evidence that ISIS regularly makes similar announcements of responsibility for such attacks.

### C. The Defendant's Arguments Concerning Dr. Zelin Are Meritless

Because GX 1145 is properly admitted as a co-conspirator statement and a statement against interest, the defendant's arguments regarding Rule 703 are moot. Moreover, the defendant ignores that the Court has already made a preliminary determination granting the Government's motion *in limine* that Dr. Zelin's "testimony regarding the ISIS . . . claims of responsibility be deemed admissible expert testimony under Federal Rule of Evidence 702." (Order at 11). In so

The Honorable Vernon S. Broderick, U.S.D.J.
January 8, 2023
Page 4

holding, the Court noted that "Courts in this Circuit have repeatedly permitted Dr. Zelin to testify on similar topics" and that "[t]he Defense has not identified a court, in this District or elsewhere, that precluded Dr. Zelin from testifying." (Order at 11).

Moreover, for all of the specific reasons set forth in the Government's letter of January 7—none of which are addressed in the defendant's letter—the evidence of GX 1145's authenticity more than suffices to meet the standard of Rule 901.

## The Court Should Admit GX 404-A and 410

The Government's letter of January 7 detailed the probative value of GX 404-A. The defendant is charged with attempting to murder a number of individuals who were riding on a school bus by crashing into that bus with a truck. GX 404-A is the only video in evidence that shows that crash. Moreover, as noted in the Government's prior letter, GX 404-A corroborates the testimony of other witnesses concerning the location of the crash, the defendant's speed, and the impact of the crash. The defendant's prejudice arguments are addressed by the Government's limitation on the evidence (playing only six seconds of the video) and the fact that the video is no more sensational or disturbing than the charged crimes, which include attempting to murder the adults and children on the school bus and actually murdering eight other innocent victims.

GX 410 is likewise highly relevant. GX 410 shows three of the attempted murder victims in the moments after the attack, only one of whom will testify at trial. GX 410 also shows the condition and location of the bus in the moments after the attack, and corroborates testimony by other witnesses who will testify about the crash and the emergency response to it. This high probative value is not substantially outweighed by any danger of unfair prejudice. The calls for help by the bus driver and a bystander are not inflammatory, are measured considering the circumstances of the defendant's attack, and are not more sensational than the defendant's eight murders. For all of these reasons, and those detailed in the Government's January 7 letter, the defendant's objection should be overruled.

The Honorable Vernon S. Broderick, U.S.D.J.
January 8, 2023
Page 5

## <u>**Conclusion**</u>

For the reasons set forth above, the Court should admit GX 1145, 404-A, and 410 at the liability phase of the trial, and the Government should be permitted to reference such evidence in its opening statement.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Andrew Dember
Amanda Houle
Jason A. Richman
Alexander Li
Assistant United States Attorneys
(212) 637-2563/2194/2589/2265

cc:     Defense counsel (via ECF)