**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 16, 2023

**By ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:   *United States v. Sayfullo Saipov*
      **17 Cr. 722 (VSB)**

Dear Judge Broderick,

    We write in further opposition to Jon Northrup's expert testimony regarding the speed of the rental truck Mr. Saipov was driving down the West Side Highway bike path on October 31, 2017. Given the substantial eyewitness testimony regarding the truck's speed, any expert testimony about the same subject matter is impermissibly duplicative and cumulative. In the alternative, the Court should hold a *Daubert* hearing to permit the defense an opportunity to *voir dire* Northrup outside of the jury's presence, and otherwise limit Northrup's testimony to an explanation of the crash data report from the truck's "black box," which indicates that the truck was traveling at 66 miles per hour when it struck a pole approximately 50 feet before Mr. Saipov's truck collided with a school bus.

    "A district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert's testimony is not beyond the ken of the average juror." *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) (citations omitted). "When the tenor of the expert's testimony is closely aligned with the facts of the case, the testimony may create an improper implication that a law enforcement specialist believes the government's witness to be credible and the defendant to be guilty." *Id.* (cleaned up).

    In this case, expert testimony about the high rate of speed at which Mr. Saipov's truck was traveling down the bike path mirrors the eyewitness testimony already presented and is plainly not beyond the ken of the average juror. Each of the witnesses and surviving victims who testified and were able to recall the events of October 31, 2017, made it clear that Mr. Saipov's rental truck was barreling down the bike path at a high rate of speed, faster than the traffic on the West Side Highway and much faster than any vehicle should have been traveling. And each

witness was able to describe the speed of the truck in plain, understandable terms that do not require expert interpretation.

For example, one eyewitness, who saw Mr. Saipov strike Hernan Ferruchi, testified that he saw the truck traveling at a "very high speed" and that it did not slow down. Tr. at 442. The same witness described the sound of the truck's engine as "very loud … as if a train were passing by." *Id.* Another eyewitness testified that the truck was moving "very fast" and targeting individuals as it intentionally "moved towards" pedestrians and cyclists. Tr. at 468. Rachel Pharn, a surviving victim, also testified about her shock and surprise when she realized that Mr. Saipov's truck "wasn't slowing down" as it approached her (Tr. at 480), and Anita McGraw, an eyewitness, described the speed of the truck as "very, very fast" and testified that the truck never appeared to reduce its speed. Tr. at 491-92. Similarly, another surviving victim, an employee of Stuyvesant High School, testified that he saw a "medium-sized truck coming down south from north very fast." Tr. at 507. When asked to provide additional detail, the witness further explained:

> I don't know how to describe how fast. I don't really have any idea. But I know it was very fast. Any moving objects on the bike path shouldn't be that fast. It's faster than I normally would see on the bike path.

*Id.*

Against this backdrop, expert testimony about how fast the truck was moving down the bike path would be gratuitous, impermissibly mirroring eyewitness testimony that, when coupled with the defense's concession that Mr. Saipov intentionally drove his truck down the bike path at a high-rate speed to kill pedestrians and cyclists, is readily understandable and not beyond any individual juror's comprehension. Jurors clearly do not require and would not benefit from expert testimony opining on exactly how fast the truck was going at any specific point along the bike path. Such information is neither necessary to resolving any disputed factual issue, nor is it helpful to understanding eyewitness testimony replete with details about the only fact of consequence: that Mr. Saipov was driving the truck fast enough to kill and seriously injure his victims. Accordingly, and on the present record, Northrup's expert opinions are inadmissible under Fed. R. Evid. 702 because they do not concern matters beyond the ken of the average juror and otherwise mirror eyewitness testimony.

However, to the extent Northrup could clear Rule 702, the Court should hold a *Daubert* hearing and otherwise limit his testimony to an explanation of the information obtained from the truck's crash data report, which captured the speed of the truck (66 miles per hour) in the last five seconds before it crashed into a pole

and triggered the airbags approximately 50 feet before the truck collided with a school bus.

Respectfully Submitted,

_____/s/_____
David Patton
Andrew J. Dalack
Sylvie J. Levine
David Stern

Cc:   Government Counsel