**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 26, 2023

**BY ECF/Email**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:   *United States v. Sayfullo Saipov*
      **17 Cr. 722 (VSB)**

Dear Judge Broderick,

We write in response to the jury's note from January 25, 2023, posing three questions to the Court. Below are our proposed responses to each question.

1. As I instructed you, the defense theory is Mr. Saipov is not guilty because he did not kill, attempt to kill, or assault the people named in the indictment for the purpose of joining ISIS.
2. I cannot answer this question. Your job is to determine the facts based on the evidence and apply the facts to the law as I instructed you. You should not concern yourself with alternative factual scenarios.
3. Whatever verdict you reach on Counts 1 through 26, I remind you that you would still need to determine whether the defendant is guilty of the two remaining counts, Count 27 and Count 28, and whether one of the individuals named in Counts 1 through 8 in the indictment died as a result of the commission of each offense.  In addition, it is possible that Mr. Saipov could be prosecuted in New York State court, but the possibility of any future legal proceedings should not factor into your deliberations.

In support of our proposed answer to question 3, it is necessary to remind the jury that there are two other counts charged to which the defense's theory of liability is not dispositive. In *Beck v. Alabama*, 447 U.S. 625 (1980), the Supreme Court held that the death penalty cannot be imposed where the jury convicted on a capital offense and was not allowed to consider a lesser-included, non-capital offense. There, the defendant was charged with robbery and an intentional killing, a capital crime, but was not instructed on the lesser-included offense of felony murder, a non-capital offense. As a result, the Supreme Court held that imposing the death penalty in that scenario would be unconstitutional. Specifically, the Court stated:

> For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction. Such a risk cannot be tolerated in a case in which the defendant's life is at stake.

*Beck*, 447 U.S. at 637.

The present situation is not identical to *Beck*, but it implicates the same idea: If the jury is concerned that Mr. Saipov will go free (or not face severe punishment) assuming an acquittal on Counts 1 through 26, as is apparent from their note, then there is a constitutionally unacceptable risk that the jury will convict of the VICAR counts, including the eight capital murder counts, because they are unclear as to the "third option" in this case—a conviction on Count 27, Count 28, or both. That "third option" is appropriately presented by our proposed response to question 3—*i.e.*, that even if the jury determines Mr. Saipov "is not guilty" because "he did not do [the truck attack] for ISIS membership," it should still determine Mr. Saipov's guilt as to Counts 27 and 28.

The same reasoning applies to answering the jurors' question with truthful information about the possibility of state charges. Absent such information, there is a constitutionally unacceptable risk the jury would convict of capital charges because of a concern that the defendant would not otherwise be appropriately convicted and punished when he is unquestionably guilty of other non-capital offenses.

> Sincerely,
> /s/
> David Patton
> Andrew J. Dalack
> Sylvie J. Levine
> David Stern

cc:   A.U.S.A. Amanda Houle, Andrew Dember, Alexander Li, Jason Richman