

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 26, 2023

<u>Via ECF and E-Mail</u>
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

      Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

      The Government writes to propose the following instruction in response to the January 25, 2023 note from the jury:

> *The defense theory is listed on page 50 of the jury charge. As to questions 2 and 3, let me say this: Your task is to decide whether the defendant is guilty or not guilty of the charges in the Indictment. Whether these charges could apply to different facts, whether different charges could apply to these facts, and whether the defendant could be retried if you find him not guilty of any of the charges is not your concern. To the extent you believe any party made any argument regarding these matters, you should disregard it.*

      This instruction is necessary to ensure that the jury limits its consideration to the laws charged here and the facts established at trial, and is particularly appropriate in light of comments made by defense counsel during summation that have invited juror confusion and nullification. *See, e.g.* (Tr. at 1489-90 (stating that the defendant was guilty of "murder and assault among many other crimes"; contrasting that with "federal" racketeering charges; and opining that "I fully expect Mr. Saipov will be held accountable for the crimes he did in fact commit"—all suggesting that there are non-federal charges through which the defendant may be held accountable); Tr. at 1524 (describing the mafia or a gang as "classic racketeering," which was a comment on the type of charge brought and not the sufficiency of the evidence). *See generally United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *In re United States*, 945 F.3d 616, 627 (2d Cir. 2019) (holding that District Court improperly granted defense request to argue nullification and noting that "District courts have a duty to forestall or prevent" jury nullification (citation omitted)); *see also generally United States v. Blount*, 229 F.2d 669, 670-71 (2d Cir. 1956) (affirming jury instruction, given in response to jury question regarding whether defendant could be charged with a different crime,

The Honorable Vernon S. Broderick, U.S.D.J.
January 26, 2023
Page 2

that jury should not "speculate" as to other crimes and that whether another crime could be charged was of "no concern" to the jury).

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                            By:     /s/
                                        Andrew Dember
                                        Amanda Houle
                                        Jason A. Richman
                                        Alexander Li
                                        Assistant United States Attorneys
                                        (212) 637-2563/2194/2589/2265

cc:     Defense counsel (via ECF)