

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 8, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    The Government writes to advise the Court of a dispute between the parties regarding the form of the testimony of a potential defense witness.

    On January 27, 2023, the defense notified the Government that it wished to take a video deposition, pursuant to Federal Rule of Criminal Procedure 15, of an inmate at the United States Penitentiary Florence – Administrative Maximum Facility. On January 31, 2023, the Government advised the defense that a Rule 15 deposition was not appropriate because, among other reasons, the inmate can be produced to testify in court. *See United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) ("A movant [under Rule 15(a)] must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice."). Given the need for time to coordinate with the United States Marshals Service regarding transport of the inmate, the Government requested that the defense promptly advise whether it wished for the inmate to be produced.[1] *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) ("It is within the discretion of the trial court to deny the [Rule 15] motion if it is made after unexcused delay or on the eve of trial." (citations and quotation marks omitted)).

    On February 6, 2023, the defense notified the Government that it did not wish for the inmate to be produced in court, but was still considering filing a letter requesting a Rule 15 deposition. The Government maintains that a Rule 15 deposition is not necessary or appropriate. Because the United States Marshals Service requires significant lead time to produce the inmate due to his distance and in light of necessary security measures, the Government respectfully

---

[1] In offering to facilitate the inmate's presence at trial, the Government does not concede the relevance or admissibility of his testimony.

The Honorable Vernon S. Broderick, U.S.D.J.
February 8, 2023
Page 2

advises the Court of the issue now.  The Government is prepared to discuss this issue at the conference this afternoon.

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

          By: /s/
              Andrew Dember
              Amanda Houle
              Jason A. Richman
              Alexander Li
              Assistant United States Attorneys

cc:  Defense counsel (*by ECF*)