

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

      Re:   *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

      The Government writes in brief response to the defendant's letter of February 7, 2023, regarding the Court's preliminary remarks to the jury at the upcoming penalty phase. (Dkt. No. 710). The Government addresses the defendant's objections in turn below.

Non-unanimity Instruction

      In connection with the *voir dire* instructions and in connection with the proposed preliminary remarks to the jury at the penalty phase, the Government objected to the defendant's proposed non-unanimity instruction. The Supreme Court and the Second Circuit have made clear that such an instruction is not required. *Jones v. United States*, 527 U.S. 373, 384 (1999) ("In light of the legitimate reasons for not instructing the jury as to the consequences of deadlock . . . we will not exercise our supervisory powers to require that an instruction of the sort petitioner sought be given in every case."); *United States v. Whitten*, 610 F.3d 168, 203 (2d Cir. 2010) ("A capital defendant is not entitled to a jury instruction on the effect of deadlock."). Indeed, the defendant's proposed instruction misleads the jury as to their function, which is to come to unanimous agreement on the appropriate sentence in this case. *Jones*, 527 U.S. at 382 ("The truth of the matter is that the proposed [non-unanimity] instruction has no bearing on the jury's role in the sentencing process. Rather, it speaks to what happens in the event that the jury is unable to fulfill its role—when deliberations break down and the jury is unable to produce a unanimous sentence recommendation."); *see also United States v. Tsarnaev*, 968 F.3d 24, 91-92 (1st Cir. 2020), *rev'd on other grounds*, 142 S. Ct. 1024 (2022) (affirming District Court's refusal to give a non-unanimity instruction at the weighing stage of the penalty phase and noting the Supreme Court's reasoning in *Jones* that "the Government has a strong interest in having the jury express the conscience of the community on the ultimate question of life or death[, and that] telling the jurors about the consequences of non-unanimity could undermine those vital interests because it might amount to an open invitation for the jury to avoid its responsibility and to disagree").

The Honorable Vernon S. Broderick, U.S.D.J.
February 9, 2023
Page 2

      While the defense cites to examples in which an analogous non-unanimity instruction was given in other cases in this District, those instructions were delivered at the *conclusion* of the penalty phase and were often paired with necessary and appropriate instructions to the jury about deliberation with fellow jurors.  *See, e.g.*, *United States v. Barnes* (S9 04 Cr. 186 (SCR)), at 44 ("Before you reach any conclusion based on a lack of unanimity on any count, you should continue your discussions until you are fully satisfied that no further discussion will lead to a unanimous decision."); *United States v. Mohamed* (S7 98 Cr. 1023 (LBS)), at 29 (same).[1]  Moreover, the Court's proposed preliminary instructions already advise the jury that a death sentence will only be imposed if the jury unanimously concludes that it is the appropriate sentence, and at least three times instruct the jury that the decision on whether to impose a sentence of death is an individual one.  There is no risk, then, as the defendant argues, that the jury will be confused about the controlling legal standard or that the jury will perceive any departure from the *voir dire* questioning, which asked jurors whether they could accept the principles that each juror would come to a personal decision, and that if a single juror ultimately voted for life imprisonment the Court would sentence the defendant to life imprisonment.

      Accordingly, the Court should not adopt the defendant's proposed non-unanimity instruction, which is confusing and misleading to the jury at this stage of the proceedings and would invite jurors to enter into the penalty phase under the misimpression that there is no expectation that they will endeavor to reach a unanimous determination on the appropriate sentence.

<u>Age and Gateway Factors</u>

      The Government does not object to the defendant's proposed heading.  As to the reference to a stipulation—there is no such stipulation at this time and the Government does not presently believe a stipulation is necessary given that there was evidence admitted at the liability phase of the defendant's age.  (GX 309-7-P (driver's license showing the defendant's date of birth)).

<u>Statutory Aggravating Factors</u>

      The defense now objects to the Court's definition of aggravating factors—arguing that the Court's language unduly broadens the scope of aggravation and invites jurors to improperly determine their own aggravation.  The language to which the defense objects, however, was in the first instance proposed to the Government by the defense, and then proposed to the Court by the parties on consent.  Nonetheless, the Government does not object to the defendant's proposed revisions on pages 5 and 6 of the redline attached to the defendant's letter as Exhibit A ("Def. Ex. A").

---

[1] While the defense also cites to the Tenth Circuit Criminal Pattern Jury Instruction 3.02, *Summary of Deliberative Process*, para. 10 (2021)—those pattern jury instructions do not contain the language proposed by the defense, and do not recommend a non-unanimity instruction.

The Honorable Vernon S. Broderick, U.S.D.J.
February 9, 2023
Page 3

The Government does object, however, to the defendant's proposed deletion of the victim names on page 6 of Def. Ex. A. The names are listed in the Government's Notice of Intent to seek the Death Penalty ("Notice of Intent" (Dkt. No. 80)) as to that factor. Moreover, given that the jury has heard evidence of both the eight deceased victims as well as many other attempted murder victims, it is appropriate (and will be most clear) for the Court to remind the jury of the names of the deceased victims who bear on that aggravating factor.

Non-Statutory Aggravating Factors

The Government does not object to the defendant's proposed heading on page 7 of Def. Ex. A. Instead of adopting the defendant's proposed insertion of "selection stage" on page 7, however, the Government proposes that the Court revise the first two sentences to read as follows: *"If, but only if, you find the existence of at least one preliminary intent factor and at least one statutory aggravating factor, you will proceed to ~~the selection balancing stage of the analysis. At that time, you will~~ consider whether you unanimously find that the Government has proven beyond a reasonable doubt the existence of any 'non-statutory aggravating factors,' which are those factors not specifically set out in the death penalty statute but which have been specifically identified by the Government for consideration in this case."* To reference the "selection stage," as the defendant now suggests, when that term has not previously been defined for the jury, is confusing and unnecessary.

For the reasons noted above, the Government objects to the defendant's deletion on page 8 of Def. Ex. A of the names of the victims identified in the first non-statutory aggravating factor (which were listed in the Government's Notice of Intent as to this factor).

The Government objects to the defendant's edits to the second non-statutory aggravating factor on page 8 of Def. Ex. A. The Court's proposed instructions contain the language of the Government's Notice of Intent. Moreover, the defendant's proposed edits render the description inaccurate. This factor is not, as the defendant's proposed language suggests, limited to physical injury, but rather also encompasses "physical and emotional injury, including maiming disfigurement, permanent disability, and grievous economic hardship."

The Government also objects to the defendant's edits to the fourth non-statutory aggravating factor on page 8 of Def. Ex. A. First, the defendant's addition of language concerning the Special Security Unit at ADX Florence (i) is a departure from the language the parties *jointly* proposed just days ago and (ii), in any event, improperly restricts the Government's arguments concerning future dangerousness because, among other reasons already briefed to the Court, there is no guarantee that the defendant will remain in the Special Security Unit. Second, the remainder of the Court's proposed instruction tracks, verbatim, the language in the Government's Notice of Intent. Accordingly, the Court is not, as the defendant argues, "marshaling evidence," but rather simply stating what the Government has alleged in its Notice of Intent.

The Honorable Vernon S. Broderick, U.S.D.J.
February 9, 2023
Page 4

## Mitigating Factors

The defendant now objects to the Court's introductory language concerning mitigating factors, arguing that the Court's proposal treats mitigating factors as an afterthought and conveys skepticism. Again, the defense previously proposed this language to the Government, and the parties jointly submitted that language to the Court. Nonetheless, the Government does not object to the defendant's proposed edits on page 9 of Def. Ex. A.

## Selection of Appropriate Punishment

The Government objects to the defendant's proposed insertions in this section. The defendant's proposed insertions inaccurately describe the weighing process outlined in the Federal Death Penalty Act. The question before the jury is whether the aggravating factors sufficiently outweigh any proven mitigating factors to justify a sentence of death. The Court's proposed instruction is accurate and, notably, is consistent with all of the jury charges attached to the defendant's motion, as well as the Tenth Circuit Pattern Jury Instructions referenced in the defendant's motion (*see* Tenth Circuit Criminal Pattern Instruction 3.11 ("You must determine whether the proven aggravating factor[s] sufficiently outweigh any proven mitigating factor[s] to justify a sentence of death.")).

For all of the reasons set out above, the defendant's objections to the Court's Preliminary Remarks, with limited exceptions noted above, should be overruled.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:      /s/
    Andrew Dember
    Amanda Houle
    Jason A. Richman
    Alexander Li
    Assistant United States Attorneys

cc: Defense counsel (*by ECF*)