**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 9, 2023

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  **Re:**  *United States v. Sayfullo Saipov*
     **17 Cr. 722 (VSB)**

Dear Judge Broderick:

  We write in brief reply to the government's February 9, 2023 letter (DE #714) regarding the Court's preliminary instructions to the jury before the start of the capital sentencing hearing, and in further support of Sayfullo Saipov's proposed instructions set forth at DE #710, 566, and 566-1.

Non-Unanimity

  The government does not dispute Mr. Saipov's main points that (1) the Court has already repeatedly instructed jurors (after considering and rejecting previous government objections) that if even a single juror votes for life imprisonment and other jurors vote for the death penalty, the Court will sentence Mr. Saipov to life imprisonment; and (2) the defense has reasonably relied on these instructions in its decision-making and preparation at every stage of the case. As Mr. Saipov explained in his February 7 letter, for that reason alone, it would seriously and unfairly prejudice him for the Court, at this late date, to reverse course and withhold such an instruction. The government's only reference to this is to unpersuasively deny, in passing, that this instruction has any significance or that omitting it would create "any departure" from the Court's repeated previous charges that included it.

  The government also does not deny that, at other federal capital trials in this district (after the Supreme Court in a 1999 decision left the matter to district courts' discretion) sentencing juries have received such an instruction.[1] But the

---

[1] The government incorrectly claims that the Tenth Circuit's pattern charge does "not recommend a non-unanimity instruction." *See* Criminal Pattern Jury Instructions (Tenth Circuit, 2021 Edition), Charge 3.01, at 347 ("If you cannot

government says it should only be included in the final charge at the conclusion of the sentencing, not in the preliminary one where it supposedly would be "confusing and misleading." The government is incorrect in claiming (without citing any preliminary charge from any case) that this has been the practice in this district.[2] And it especially would make no sense here, since, again, the Court already has repeatedly given the instruction. Moreover, the instruction conveys an unfamiliar and unintuitive principle critical to the defense that jurors need to know and understand; thus, just as the Court has, at the government's insistence, included in the preliminary charge various principles critical to the government's case for death, so too the instruction on non-unanimity needs to be included here and now, before the jurors hear several weeks of evidence.

Non-Statutory Aggravating Factors

Mr. Saipov does not object to omitting a reference to "the balancing stage of the analysis" or "the selection stage of the analysis," as the government proposes.

As to the other aspects of the preliminary charge over which the government and Mr. Saipov disagree, he relies on his February 7 letter and accompanying exhibits.

---

unanimously agree on the appropriate punishment, I will sentence the defendant to life imprisonment without possibility of release.").

[2] *See, e.g.*, *United States v. Quinones* (Aug. 4, 2004 Transcript, at 3992) (preliminary charge) ("But if even one juror believes that death should not be imposed on that defendant, then your verdict must be life imprisonment without release, and you should so record it on your verdict form."); *United States Barnes*, No. 00-1008 (May 23, 2008 Transcript at 6594) (preliminary charge) ("if even a single juror does not conclude that death is the appropriate sentence, the death penalty will not be imposed").

The defense respectfully requests leave to be heard further on the issues outlined in this letter, the letter filed on February 7, 2023, and the parties' annotated preliminary penalty phase instructions filed on September 16, 2022 (DE# 566) before the preliminary instructions are finalized and delivered to the jury on Monday, February 13, 2023.

Respectfully submitted,

    /s/
David Patton
Andrew J. Dalack
Sylvie J. Levine
Annalisa Mirón
David A. Ruhnke
David Stern

Counsel for Sayfullo Saipov

Cc:    Government Counsel