

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 12, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

      Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

      The Government writes in response to the defense requests (i) for a video deposition, pursuant to Federal Rule of Criminal Procedure 15, of Khalfan Khamis Mohamed, an inmate at the United States Penitentiary Florence – Administrative Maximum Facility ("ADX"); or (ii) in the alternative, for Mohamed to testify at trial by two-way videoconference from ADX. (Defense Letter Dated February 8, 2023 ("Ltr."); February 8, 2023 Transcript ("Tr.") 1858–71).[1] The Government objects to these requests. Because Mohamed is available to testify in court, and because his proposed testimony is largely irrelevant and otherwise cumulative, there is no lawful basis for him to testify remotely. He should instead testify in the same manner as every other witness in this case: in person and in court.

**I.  Rule 15**

      Pursuant to Rule 15(a), a court may authorize the deposition of a prospective witness "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). "A movant [under Rule 15(a)] must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). Mohamed's proposed deposition meets none of these requirements.

      <u>First</u>, Mohamed is plainly available for trial. Indeed, as a federal inmate, it is hard to imagine a witness whose availability can be more readily secured: As the Government has

---

[1] The defense requested leave to file its February 8, 2023 letter under seal because it "contains identifying information" about Mohamed. At the conference, however, the defense stated "[t]here is no reason it can't be discussed in open court," and the parties did so at length. (Tr. 1859). The defense letter should therefore be filed on the public docket.

The Honorable Vernon S. Broderick, U.S.D.J.
February 12, 2023
Page 2

repeatedly told the defense, the Government is prepared to have Mohamed produced at trial.[2] The defendant asserts, based upon defense counsel's communications with Mohamed, that Mohamed "will only testify if he is able to do so from ADX" because travel to New York City "is grueling, and he refuses to do it." (Ltr. at 2). But a witness may not refuse to testify simply because it is inconvenient. As the Supreme Court has said: "A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity." *United States v. Bryan*, 339 U.S. 323, 331 (1950).

The defense claims that "for all practical purposes the Court lacks the power to compel Mr. Mohamed's testimony since holding him in contempt would have no practical effect for him," given he is serving a life sentence. (Ltr. at 3). But it is not true that a finding of contempt would have no effect on Mohamed. If he is, as the defense says, "institutionalized" at ADX and unwilling to be anywhere else (Tr. 1859), then a finding of contempt would motivate him by prolonging his detention in New York City. The sooner he testifies, the sooner he can return to ADX. Moreover, the Court should not simply accept a party's assertion that a witness will disobey a lawful order to testify. Indeed, the Second Circuit has held, in assessing "unavailability" within the meaning of Federal Rule of Evidence 804(a)(2), that a court may not rely on a witness's "assertion that he would refuse to testify even if ordered to by the court" and should instead order the witness to testify. *United States v. Zappola*, 646 F.2d 48, 54 (2d Cir. 1981). It would turn the "exceptional" nature of a Rule 15 deposition on its head for a witness to dictate to the Court: "I will testify, but only under these conditions." (Tr. 1861).

Second, while the Government submits that the defense's request should be denied because Mohamed is available, it notes further that Mohamed's testimony is not material. The defense says that Mohamed's testimony is "relevant to two of the jury's most important considerations: whether life imprisonment is a sufficient punishment for Mr. Saipov's crimes and whether he is likely to pose a risk of future violence." (Ltr. at 2). But Mohamad's anticipated testimony, as set forth in the defense proffer ("Proffer," Dkt. 720), has minimal, if any, relevance to these topics. The defense says Mohamed will describe the "isolation" he felt in the Special Security Unit and "the toll that took on his relationships" (Proffer at 1), but the subjective internal experience of *Mohamed* — a completely unrelated individual with a unique background and family relationships — has no bearing on *the defendant's* relationships with his family or how *the defendant* will process the conditions of confinement at ADX. Moreover, Mohamed's proffered testimony concerning the particulars of the ADX facilities and security measures is cumulative of the anticipated testimony of a defense witness who "has been working in the legal department at ADX for decades" and "will testify about his first-hand knowledge of ADX and the SAMs Unit." (Defense Letter Dated February 1, 2023, Dkt. 704, at 11 & n.7). Certainly, the ADX employee can testify "as a fact witness" about the "conditions of confinement" and the "programming, food,

---

[2] A decision is needed quickly, however, given the measures necessary for the United States Marshals Service to transport Mohamed from ADX. (Tr. 1868).

The Honorable Vernon S. Broderick, U.S.D.J.
February 12, 2023
Page 3

limited recreation, medical treatment, etc., that was/was not available" within the Special Security Unit at ADX (Proffer at 1–2), rendering this proposed testimony from Mohamed cumulative.

Third, Mohamed's testimony by Rule 15 deposition is not necessary to prevent a miscarriage of justice. The defense first identified Mohamed as a witness on January 27, 2023 — two weeks before the start of the penalty phase of the trial. (Tr. 1862). On January 31, 2023, the Government offered to produce Mohamed in court. (Dkt. 711). The defense declined. (Dkt. 711; Tr. 1869). "It is within the discretion of the trial court to deny the [Rule 15] motion if it is made after unexcused delay or on the eve of trial." *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) (citations and quotation marks omitted). The defendant's delay in making his Rule 15 motion, combined with his refusal to have Mohamed testify in court, is essentially a statement that he will have Mohamed's testimony by video or not at all. There is no "miscarriage of justice" in denying such a demand.

## II. Two-Way Videoconference

For the same reasons that a Rule 15 deposition should not be substituted for Mohamed's in-person testimony, the defendant's alternate request to have Mohamed testify by two-way videoconference should also be denied.

In *United States v. Gigante*, the Second Circuit analogized the use of two-way closed-circuit television ("CCTV") to a Rule 15 deposition and held that "exceptional circumstances" must justify the use of either tool. 166 F.3d 75, 81 (2d Cir. 1999) ("Closed-circuit television should not be considered a commonplace substitute for in-court testimony by a witness."); *see also United States v. Patterson*, No. 21-1678-cr, 2022 WL 17825627, at *4 (2d Cir. Dec. 21, 2022) (reaffirming *Gigante*). Thus, "[c]ourts have applied the same standard used regarding Rule 15 depositions when evaluating whether to permit testimony via close-circuit television." *United States v. Buck*, 271 F. Supp. 3d 619, 622 (S.D.N.Y. 2017); *see also United States v. Pham*, No. 12 Cr. 423 (AJN), 2015 WL 7871348, at *4 (S.D.N.Y. Dec. 4, 2015) (collecting cases). In the context of foreign penalty-phase witnesses, this Court has already noted that the "exceptional circumstances" standard of *Gigante* would apply to the use of two-way CCTV (and to Rule 15 depositions). *United States v. Saipov*, 412 F. Supp. 3d 295, 300 (S.D.N.Y. 2019). Because the defendant has not shown "exceptional circumstances" warranting a Rule 15 deposition, as set forth above, he also has not shown "exceptional circumstances" justifying the use of two-way videoconferencing. The defendant's request to have Mohamed testify by two-way videoconference should therefore be denied.

## III. In-Court Testimony

Should the defendant wish to secure Mohamed's testimony, the Government remains prepared to facilitate Mohamed's appearance in Court.[3] The defense has advised, however, that if

---

[3] In offering to facilitate Mohamed's presence at trial, the Government does not concede the relevance or admissibility of his testimony.

The Honorable Vernon S. Broderick, U.S.D.J.
February 12, 2023
Page 4

the Court were to rule that Mohamed "must be produced here to testify, we would not call him as a witness." (Tr. 1863).  While the defendant is free to waive his right to call a witness, out of an abundance of caution, the Government respectfully requests that the Court direct a member of the defense team who did not previously represent Mohamed to advise the defendant regarding the decision whether to call Mohamed to testify.  Should the defendant still wish to waive his right to call Mohamed to testify, the Court may accept the waiver.  If, on the other hand, the defendant elects to have Mohamed produced, the Government requests that the Court appoint counsel to advise Mohamed of his duty to testify upon order of the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ____/s/_____
Andrew Dember
Amanda Houle
Jason A. Richman
Alexander Li
Assistant United States Attorneys

cc:  Defense counsel (*by ECF*)