

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 17, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    The Government writes in response to the defendant's renewed motion for a mistrial ("Mot.," Dkt. 729), based upon news reports of an unrelated incident in Brooklyn involving a man driving a U-Haul truck (the "Brooklyn Incident"). The Court previously denied the motion as "premature at best." (Tr. 2000). As reflected in the news reports now cited by the defense, there is no suggestion of any link between the Brooklyn Incident and this case; instead, the reporting clearly indicates that the Brooklyn Incident was not an act of terrorism and that its timing during this trial was purely coincidental. Because the publicity of the Brooklyn Incident does not present any potential for unfair prejudice to the defendant, his motion for a mistrial should be denied. While the Court could *voir dire* the jurors to determine whether they have learned of the Brooklyn Incident and, if so, what effect that information has had on the juror's ability to fairly and impartially continue to sit on the jury in this case, it is not necessary to take that step because the publicity of the Brooklyn Incident does not present any potential for unfair prejudice, and neither the Government nor the defense has requested that the Court conduct such an inquiry. Finally, for prudential purposes, and in response to the Court's inquiry of the parties concerning whether any instruction is appropriate, the Government proposes below an instruction to be delivered during the Court's concluding instructions to the jury.

*Applicable Law*

    The Second Circuit has "established a simple three-step process that a district court may follow in order to determine whether a mistrial is warranted as a result of prejudicial publicity," *United States v. Delance*, 694 F. App'x 829, 834–35 (2d Cir. 2017):

> First determine whether the coverage has a potential for unfair prejudice; second, canvass the jury to find out if they have learned of the potentially prejudicial publicity; and third, examine individually exposed jurors — outside the presence

The Honorable Vernon S. Broderick, U.S.D.J.
February 17, 2023
Page 2

of the other jurors — to ascertain how much they know of the distracting publicity and what effect, if any, it has had on that juror's ability to decide the case fairly.

*Id.* at 835 (quoting *United States v. Scopo*, 861 F.2d 339, 349 (2d Cir. 1988) (internal quotation marks, brackets, and ellipses omitted)). If, however, "the defendants prefer not to have the jurors interviewed individually, the trial court has discretion to forgo such interviews and instead give a general admonition to the jurors as a group to avoid exposure to publicity about the case." *United States v. Elfgeeh*, 515 F.3d 100, 129 (2d Cir. 2008). This three-step process recognizes that "[t]he typical jury, in this age of mass-communications, is not hermetically sealed from the events occurring all about them. . . . [U]nless the court accepts the standard judicial hypothesis that cautioning instructions are effective, criminal trials in the large metropolitan centers may well prove impossible." *United States v. Agueci*, 310 F.2d 817, 832 (2d Cir. 1962) (internal quotation marks omitted).

*Discussion*

In this case, the Court need go no further than step one of the three-step inquiry because there is no potential for unfair prejudice. The defendant says that "[b]ecause the U-Haul incident involved a person's use of a rental vehicle to kill and injure bicyclists and pedestrians, it resembles Mr. Saipov's offense in a manner that is impossible for the jury to ignore." (Mot. at 3). The defendant then claims that this alleged factual parallel would heighten "fear and anxiety" among jurors and risk them "vot[ing] in favor of a death sentence based in part on consideration of an incident that has nothing to do with Mr. Saipov" (Mot. at 3) — but he does not explain *why* the Brooklyn Incident would frighten jurors or enter into their deliberations at all. Nor is there any reason to believe it would, particularly given that, as the defendant concedes, the "incident had nothing to do with terrorism or Mr. Saipov" (Mot. at 2). Indeed, the articles quoted in the defendant's motion uniformly state there is *no* indication that the Brooklyn Incident was an act of terrorism (and none suggest any connection to ISIS), and to the extent the articles mention the defendant's trial, it is principally to note the happenstance of timing. (*See* Ex. A-E (news articles quoted in defense motion)).

Given the articles quoted by the defendant all disclaim any connection between the Brooklyn Incident and the defendant's truck attack, there can be no potential prejudice even if a juror happened upon the news. Accordingly, the defendant's motion should be denied. Indeed, the extraordinary relief the defendant requests — declaration of a mistrial based on presumed prejudice from media coverage concerning an incident entirely unrelated to the defendant or his crime — is without precedent.

Even if there were evidence here of potential prejudice (which there is not), the appropriate relief would not be a mistrial, but rather, at the election of the defense, inquiry of the jurors to determine "if they have learned" of the Brooklyn Incident, and, if so, "how much they know of the distracting publicity and what effect, if any, it has had on that juror's ability to decide the case fairly." *Scopo*, 861 F.2d at 349 (internal quotation marks omitted). The defense has not requested inquiring of the jurors and the Government does not believe such an inquiry is necessary at this

The Honorable Vernon S. Broderick, U.S.D.J.
February 17, 2023
Page 3

time. The jurors have already been instructed daily to avoid any media coverage of this case, and the Government submits the Court should continue to give that general admonition to the jury, *see Elfgeeh*, 515 F.3d at 129. (*See, e.g.*, Tr. 2076, 2143, 2280, 2315, 2432, 2474). Moreover, on the morning of the Brooklyn Incident (before it occurred), the Court again cautioned jurors about avoiding any media coverage of the case and asked jurors to advise the Court whether they had seen any such coverage (none had). (*See* Tr. 1981, 1997). Accordingly, the record reflects that the jurors have both been carefully complying with the Court's instructions and also that they understand that they should advise the Court if they were to have seen such coverage. The Court has also already instructed the jurors that they should contact the Court's Deputy Clerk if any issues arise (Tr. 64), and none has since the Brooklyn Incident, further demonstrating that no juror has seen or been prejudiced by the media coverage of that unrelated event.

*Conclusion*

Accordingly, for the reasons set out above, the Court should deny the defendant's request for a mistrial.

While the Government does not believe there is any potential for prejudice, for prudential purposes, the Government proposes the following instruction to be delivered during the Court's final instructions to the jury: *I have instructed you repeatedly to avoid all media associated with this case. Let me be clear that it would also be improper for you to consider media coverage concerning any other case or news event. In determining the appropriate sentence in this case, you should consider the evidence presented in Court, my instructions to you on the law, and your own common sense. You should not consider any media you may have seen concerning other events or cases.*

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Andrew Dember
Amanda Houle
Jason A. Richman
Alexander Li
Assistant United States Attorneys

cc: Defense counsel (*by ECF*)