# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 28, 2023

<u>Via ECF</u>

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

**APPLICATION GRANTED**
**SO ORDERED** [signature]
**VERNON S. BRODERICK**
**U.S.D.J.** 03/01/2023

Defendant shall provide the requested information from Doc. 750 no later than seven (7) days after the jury returns a sentencing verdict.

**Re:** *United States v. Sayfullo Saipov*
**17 Cr. 722 (VSB)**

Dear Judge Broderick:

I write in response to the Court's order directing the defense to provide by Tuesday, February 28, "the number of people in the following categories for each year beginning with 2018 through the present who have worked on the case: lawyers; volunteer attorneys; other, non-legal volunteers; paralegals." (Dkt. No. 750). For the reasons stated below, I respectfully request that the Court stay this order until seven (7) days after the jury in this case returns a sentencing verdict.

First, I do not have the ability to provide the figures requested at this time, and it would require significant effort to attempt to gather accurate information. Because we are in the final stages of Mr. Saipov's death penalty sentencing phase, diverting time and attention to this matter would seriously prejudice Mr. Saipov's defense.

Second, I have concerns that the information requested invades confidential defense information and threatens to violate Mr. Saipov's Sixth Amendment rights. The defense requires additional time to consider, research, and discuss these concerns and determine any appropriate next steps. I am not familiar with any federal court, in a capital or non-capital case, ordering a Federal Defender Office to provide such information about its internal operations to a district court in a particular case. And the requested staffing information appears to me similar to the kind of financial expenditure information that federal judicial guidelines make confidential. This is not just a matter of attorney-client privileged information or work product, but more broadly is confidential information that counsel is ethically required to protect. Rule of Professional Conduct 1.6 mandates that a lawyer shall not reveal information related to representation. The requested information falls within this requirement.

Lastly, although it is not clear what issue in controversy the staffing information relates to, if the Court intends to use the information to rule against Mr. Saipov on a matter in this case, the Order places counsel in the untenable position of violating Mr. Saipov's Sixth Amendment right to unconflicted counsel acting in his best interests. The Court's Order authorized the defense to file a redacted version on the docket in the event the defense considered the requested staffing information "attorney work product or otherwise confidential." Unfortunately, I do not believe redaction would mitigate or resolve the above concerns because the Court would still have access to the otherwise confidential staffing information to potentially use to Mr. Saipov's detriment.

Accordingly, for these reasons, I respectfully request that the Court stay its February 24, 2023, Order until seven (7) days after the jury in Mr. Saipov's case returns a sentencing verdict.

Respectfully Submitted,

/s
David Patton
Counsel for Sayfullo Saipov