**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

March 5, 2023

*By ECF*
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Sayfullo Saipov*
     **S1 17 Cr. 722 (VSB)**

Dear Judge Broderick:

  On March 3, 2023, the government filed a letter (DE #755) asking the Court to preclude the defense from making two arguments in its penalty-phase summation. In addition, the government moved to strike mitigating factors from the final list the defense provided to the government last week. *See* Exhibit A (modified to reflect government's opposition, as set forth below).

  With respect to the government's preemptive summation objections, the defense rejects the government's narrow description of the appropriate boundaries for defense counsel to argue against a death sentence. We understand the rules governing capital sentencing proceedings and, in addition, this Court's prior ruling on evidence concerning the impact of Mr. Saipov's execution on his family. *See* Sealed Opinion and Order, dated October 7, 2022. The defense will not make arguments in summation against the death penalty generally, and the summation will comport with the evidence, Eighth Amendment, 18 U.S.C. § 3592, and the Court's instructions to the jurors. In any event, as to the government's specific objection to using the term "barbaric" or stating that the death penalty is "uncivilized," the defense does not intend to do so.

  The government also seeks to strike the defense's proposed mitigating factor regarding mercy: "One or more members of the jury wish to extend mercy." This is wrong. Capital sentencing jurors are "empowered to show mercy to reject a death sentence." *United States v. Higgs*, 353 F.3d 281, 331 (4th Cir. 2003); *cf. Wilson v. Kemp*, 777 F.2d 621, 626 (11th Cir.1985) (granting penalty-phase habeas relief based on prosecution argument that mercy was not an appropriate consideration under the law); *Drake v. Kemp*, 762 F.2d 1449, 1460 (11th Cir. 1985) (granting penalty-phase habeas relief based on prosecution's closing arguments, holding that

argument that mercy is unavailable under the law "strikes at the core of the jury's role in capital sentencing" and withdraws "from the jury one of the most central sentencing considerations, the one most likely to tilt the decision in favor of life."). Indeed, the instructions from two capital cases in this district, *United States v. Barnes* and *United States v. Williams*, appropriately invited jurors to extend or consider "mercy." *See United States v. Williams*, (S1) 00 Cr. 1008 (NRB) (defining mitigating factor as "a fact about a person's life or character, or about the circumstances surrounding the particular capital offense, or anything else relevant that would suggest, in fairness and mercy, that life in prison without the possibility of release is a more appropriate punishment than a sentence of death"); *United States v. Barnes*, (S9) 04 Cr. 186 (SCR) (instructing jurors that "you have the discretion to temper justice with mercy").

Accordingly, identical, or substantially similar, mitigating factors have been submitted in numerous federal capital trials. *United States v. Galan*, Case No. 3:06-cr-00730-JGC (N.D. Ohio 2007); *United States v. Byers*, Case No. RDB-08-056 (D. Md. 2009); *United States v. Franz Oscar*, Case No. 2:93-cr-131 (E.D. Va. 1994); *United States v. Jean Oscar*, Case No. 2:93cr131 (E.D. Va. 1994); *United States v. Sanders*, Case No. 10-00351 (W.D. La. 2014); *United States v. Smith*, Case No. 02-0S02S-01-CR-SW-GAF (W.D. Mo. 2007); *United States v. Street*, Case No. 04-00298-01-CR-W-GAF (W.D. Mo. 2006).

The government objects to two other proposed mitigating factors: "There are other factors in Sayfullo Saipov's life, personal traits, character, or background, or any other circumstances present, that suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the appropriate punishment"; and, "There are other relevant circumstances that weigh against imposing a sentence of death," as duplicative of each other and overlapping with Subsection V, Part B of the parties' proposed verdict form.

The defense agrees to list only one "catch-all" mitigating factor at the end of its list, consistent with the government's objection. That edit is reflected in Exhibit A. The defense also agrees with the government's suggestion to follow the format employed in *United States v. Wilson*, and will request that mitigating factor 28 be listed on the verdict sheet followed by additional spaces for jurors to record any other mitigating factors or circumstances found and weighed.

Respectfully submitted,<br>
/s/<br>
David Patton<br>
Andrew J. Dalack<br>
Sylvie J. Levine<br>
Annalisa Mirón<br>
David Stern

Cc:   Government Counsel

2