


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 6, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    The Government writes in response to the defendant's letter of today's date, ("Ltr," Dkt. 762), proposing three alternatives to an explicit "third option" on the verdict sheet reporting, as to each capital count, that the jury is unable to reach a unanimous decision as between life imprisonment and the death penalty. The Government also sets forth the legal authorities, including the opinions of seven courts of appeals, supporting this Court's prior ruling that "the beyond-a-reasonable-doubt standard is inapplicable to the FDPA weighing process." (Sealed Opinion and Order dated October 7, 2022 ("Op.") at 17).

<center>The Defendant's Proposals for the Verdict Sheet</center>

    In his letter, the defendant proposes, in order of preference:

(1) the options "Yes" or "No or not unanimous," in response to the question "We the jury, by unanimous vote, find, beyond a reasonable doubt, for Capital Count ___, that a death sentence, rather than a sentence of life imprisonment without possibility of release, should be imposed on Sayfullo Saipov";

(2) the options "Yes" or "No" in response to the same question as above; and

(3) the instruction in both the jury charge and on the verdict sheet that: "If you have concluded that you are unable to reach a unanimous decision, send a note indicating that you have concluded you are unable to reach a unanimous decision."

(Ltr. at 1–2).

The Honorable Vernon S. Broderick, U.S.D.J.
March 6, 2023
Page 2

The Government objects to the first two proposals. The Government does not object to the third proposal as to the jury charge, but objects to its inclusion on the verdict sheet.

The defendant's first two proposals collapse into a single negative response two possibilities: that the jury has unanimously voted in favor of life imprisonment, or that the jury is deadlocked as between life imprisonment and the death penalty. Although both responses result in a life sentence, they may have different consequences if the conviction or sentence is vacated on appeal. *Sattazahn v. Pennsylvania*, 537 U.S. 101, 108 (2003) (whether double jeopardy bars seeking the death penalty on retrial depends not on "whether the defendant received a life sentence the first time around, but rather whether a first life sentence was an 'acquittal' based on findings sufficient to establish legal entitlement to the life sentence"). The ambiguity in the defendant's first two proposals appears designed to create the defect identified in *United States v. Candelario-Santana*, 977 F.3d 146, 160 (1st Cir. 2020), in which the First Circuit held the Government could not seek the death penalty on retrial because the court was unable to discern whether the jury, which had selected the "third option" on the verdict sheet, was (i) divided between life imprisonment and the death penalty, (ii) unanimously in favor of life imprisonment, or (iii) divided between life imprisonment and some lesser sentence. The Court's current verdict form, by contrast, is not ambiguous. Either the jury will return a unanimous verdict for the death penalty or a unanimous verdict for life imprisonment, or the jury will report it was unable to reach a unanimous verdict as to the choice between the two.

The Government would not object to including the text of the defendant's third proposal in the jury charge,[1] as a means of informing the jury how to communicate non-unanimity to the Court. It is unnecessary to also include the same instruction on the verdict sheet, particularly given the Court will permit the jurors to keep a written copy of the charge. Adding the instruction to the verdict sheet would, like an explicit "third option," invite the jury to prematurely decide that they have reached a "breakdown in the deliberative process." *Jones v. United States*, 527 U.S. 373, 382 (1999).

The Beyond-A-Reasonable-Doubt Standard

In its October 7, 2022 opinion, the Court held that "the beyond-a-reasonable-doubt standard is inapplicable to the FDPA weighing process" because during the weighing stage of 18 U.S.C. § 3593(e), what is required of the jury "'is not a finding of fact, but a moral judgment.'" (Op. at 17 (quoting *United States v. Gabrion*, 719 F.3d 511, 533 (6th Cir. 2013) (en banc)). As the Court rightly noted, (Op. at 17), every court of appeals to have considered the issue — seven of them — has reached the same conclusion. *See Gabrion*, 719 F.3d at 533 (collecting cases from the First, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits).

---

[1] The Government understands that this instruction would be added immediately after the sentence: "In the event that you do not unanimously decide to sentence Mr. Saipov to death or unanimously decide to sentence him to life imprisonment without the possibility of release for a particular count, the Court will sentence Mr. Saipov to life imprisonment without the possibility of release." (*See* Ltr. at 2; Dkt 757-1, at 50 n.58).

The Honorable Vernon S. Broderick, U.S.D.J.
March 6, 2023
Page 3

      The defense has identified no contrary appellate authority. Although the Sand treatise does propose a beyond-a-reasonable-doubt instruction,[2] the authors appear to rely solely on the text of 18 U.S.C. § 3593 and the Eighth Circuit's model jury instructions. As discussed above, however, all courts of appeals to have considered the issue have held that Section 3593's weighing process is not susceptible to proof beyond a reasonable doubt. Nor does the Eighth Circuit's model jury instructions implement such a standard.[3] Indeed, the committee comments to the Eighth Circuit's model jury instructions expressly note: "There is no standard of proof or persuasion for the weighing decision. . . . Because it is a moral judgment about punishment, not an element, it follows that it does not need to be found beyond a reasonable doubt. Other circuits have held that the weighing decision does not need to be found by any particular standard of persuasion." Eighth Circuit Model Jury Instructions § 12.11, committee comments.

---

[2] In the model instruction for "Burden of Proof," Sand proposes: "The Government, at all times and as to (all) the capital count(s), has the burden of proving beyond a reasonable doubt that the appropriate sentence for Defendant is in fact the death penalty. Specifically, that means that the Government must prove as to (each/the) capital count all of the following beyond a reasonable doubt . . . . (4) that all the aggravating factors found to exist sufficiently outweigh all the mitigating factors found to exist so as to make a sentence of death appropriate, or, in the absence of any mitigating factor, that the aggravating factors found to exist alone make a sentence of death appropriate." 1 Modern Federal Jury Instructions - Criminal P 9A.02.

[3] In relevant part, the Eighth Circuit's model instruction for "Weighing Aggravation and Mitigation" reads: "If you find unanimously and beyond a reasonable doubt [that defendant was eighteen years of age or older when [he] [she] committed the [offense] [offenses];] that [he] [she] acted with the requisite intent; and that the [government] [prosecution] proved the existence of at least one statutory aggravating factor; and after you then determine whether the [government] [prosecution] proved the existence of the nonstatutory aggravating factors submitted to you, and whether the defendant proved the existence of any mitigating factors, you will then engage in a weighing process. In determining the appropriate sentence, all of you must weigh the aggravating factor or factors that you unanimously found to exist—whether statutory or nonstatutory—and each of you must weigh any mitigating factor[s] that you individually found to exist, and may weigh any mitigating factor[s] that [another] [others] of your fellow jurors found to exist. . . . If you unanimously conclude that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors which any of you found to exist to justify a sentence of death, [or in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient to justify a sentence of death], and that therefore death is the appropriate sentence in this case, you must record your determination that a sentence of death shall be imposed on [the appropriate] page [_____] of Section [V] [VI]A, on [Page _____ of] the Special Verdict Form." Eighth Circuit Model Jury Instructions § 12.11 (2022), *available at* https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf (last visited Mar. 6, 2023).

Conclusion

For the foregoing reasons, the Court should reject the defendant's alternative proposals for the verdict sheet, except to instruct the jury on how to communicate non-unanimity in the jury charge (but not in the verdict sheet). The Court should decline to instruct the jury that the Government must prove that the aggravating factors outweigh any mitigating factors beyond a reasonable doubt.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Andrew Dember
Amanda Houle
Jason A. Richman
Alexander Li
Assistant United States Attorneys

cc: Defense counsel (*by ECF*)