

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2023

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    The Government writes in brief response to the first argument raised in the defense letter filed this morning.[1] ("Ltr.," Dkt. 768).   The defense argues that the Government's reference to life imprisonment as the "minimum" punishment "inserted an unfair and prejudicial ranking of punishments." (Ltr. at 2).  The defense ignores that defense counsel referenced the concept of a baseline sentence in his own summation before the rebuttal. (Tr. 3467 (Defense counsel: "And by your verdict last month, you guaranteed he will spend the rest of his life in prison.")).  The Government's argument that life imprisonment is the minimum sentence in this case was legally correct and responsive to the defense argument.

    The Government made similar arguments in at least two capital cases, *United States v. Tsarnaev* and *United States v. McCluskey*.

    In *Tsarnaev*, the Government argued in rebuttal:

> One final thought before I sit down: If you sentence the defendant to life imprisonment, you will be giving him the minimum punishment authorized by law for these crimes.  Contrary to what Ms. Clarke said, it is a lesser punishment than death.  Does he deserve the minimum punishment or do these crimes, these four deaths, demand something more?  Please ask yourself that question when you go back to deliberate.

*United States v. Tsarnaev*, Case No. 13 Cr. 10200, ECF Doc. No. 1418, at 164 (D. Mass. May 13, 2015).  This argument was not challenged on appeal.

---

[1] The Government is prepared to address the remaining defense arguments in court today.

The Honorable Vernon S. Broderick, U.S.D.J.
March 8, 2023
Page 2

In *McCluskey*, the Government argued in closing:

> Thus, you can sentence him to the maximum punishment provided by law for these offenses, or the minimum punishment provided by law for these offenses. When you're thinking about these two choices, I want you to think about justice, punishment, and protection.
>
> Is the minimum sentence justice for what the defendant did to Gary and Linda Haas, for a repeat violent offender who took two lives to avoid going back to prison for most, if not all, of his life? He killed them and burned their bodies hoping to leave no trace, no witnesses. He crushed a family while he was doing it.
>
> If there were no aggravating factors in this case the sentence would be life. But all these aggravating factors must mean something. Justice for the murders, plus the aggravating factors, is the maximum sentence.
>
> Punishment. Remember this proposition from the very beginning, from your first day here. We asked everybody this. Serious crimes deserve serious punishment. You all agreed with that.
>
> The defendant wants you to sentence him to life imprisonment. It's what he's asking for. Ask yourself if that's punishment for him. It's what he knows. It is routine. We heard it from his own witnesses, from Warden Bezy and Professor Haney. Professor Haney told you the defendant is prisonized.
>
> Warden Bezy told you about the routine. Wake up in the morning, showers and coffee, three meals a day, jobs, recreation, programming, telephone calls, visits. It's what the defendant knows. Sending him to prison would be like putting a child in the corner.
>
> Life is what he is asking for. A death sentence is what he -- his actions show he deserves, or he's earned.

*United States v. McCluskey*, Case No. 10 Cr. 2734, ECF Doc. No. 12841–43, at 164 (D. New Mex. Dec. 4, 2013).

The Honorable Vernon S. Broderick, U.S.D.J.
March 8, 2023
Page 3

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By:    /s/
                Andrew Dember
                Amanda Houle
                Jason A. Richman
                Alexander Li
                Assistant United States Attorneys

Cc: Defense counsel (by *ECF*)