UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA                                :
                                                        :
                                                        :          17-CR-722 (VSB)
        -against-                                       :
                                                        :          **ORDER**
                                                        :
SAYFULLO HABIBULLAEVIC SAIPOV,                           :
                                                        :
        Defendant.                                      :
--------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Following the charging conference and subsequent revisions proposed by the parties, the

Court will read the Jury Charge, attached as Exhibit A, into the record on March 8, 2023.

Attached as Exhibit B is the final verdict sheet, which will be provided to the twelve members of

the jury.

SO ORDERED.

Dated:  March 8, 2023
        New York, New York

                                                        Vernon S. Broderick
                                                        United States District Judge

# EXHIBIT A

PENALTY PHASE JURY INSTRUCTIONS

## Table of Contents

Introductory Instruction ........................................................................................................... 1

Role of the Court ...................................................................................................................... 4

Role of the Jury ........................................................................................................................ 4

Role of Counsel ........................................................................................................................ 4

Stipulations .............................................................................................................................. 5

Transcriptions and Translations ............................................................................................... 5

Expert Testimony ..................................................................................................................... 6

Redactions and Excerpts .......................................................................................................... 7

Burden of Proof ....................................................................................................................... 7

Evidence .................................................................................................................................. 8

Sympathy or Bias .................................................................................................................... 9

Defendant's Right Not to Testify ............................................................................................. 9

Separate Deliberations ........................................................................................................... 10

Age of the Defendant ............................................................................................................. 11

Finding a Preliminary Intent Factor ...................................................................................... 11

Introduction to Statutory Aggravating Factors ..................................................................... 14

First Statutory Aggravating Factor: Death During Commission of Another Crime ................... 16

Second Statutory Aggravating Factor:  Substantial Planning and Premeditation ....................... 19

Third Statutory Aggravating Factor:  Multiple Killings ................................................................ 21

Non-Statutory Aggravating Factors ....................................................................................... 23

Mitigating Factors .................................................................................................................. 27

Weighing Aggravating and Mitigating Factors ........................................................................ 34

Determination of Sentence ..................................................................................................... 37

Special Precaution to Ensure Against Discrimination ............................................................... 39

Right to See Exhibits and Hear Testimony:  Communication with the Court ............................ 40

Notes ...................................................................................................................................... 40

Concluding Remarks ............................................................................................................... 41

<u>Introductory Instruction</u>

Members of the jury, it is again my duty to instruct you as to the law applicable to the sentencing phase of this case.  The sole question before you is whether the defendant, Sayfullo Saipov, should be sentenced for his capital offenses to (1) the death penalty; or (2) lifetime imprisonment without the possibility of release.  The selection between these very serious punishments is yours and yours alone to make.  If you determine, as to a particular count, that Mr. Saipov should be sentenced to death, or instead to life imprisonment without possibility of release, the Court is required to impose whichever sentence you choose as to that count.  That sentence is final.  There is no parole in the federal system, so a life sentence means exactly that – Mr. Saipov will spend the rest of his life in prison and never be released.  A death sentence means that Mr. Saipov will be executed.

You have previously found Mr. Saipov guilty of Counts 1-8, murder for the purpose of gaining entrance to ISIS, and Count 28, Damage or Destruction of a Motor Vehicle, in the Indictment, which I read to you at the start of this penalty phase.  These are the capital counts at issue here, and you must approach the sentencing decision before you, separately, as to each count and, of course, with an open mind.  I cannot stress to you enough the importance of your giving careful and thorough consideration to all the evidence.  Regardless of any opinion you may have as to what the law may be or should be, it would be a violation of your oaths as jurors to base your sentencing decision upon any view of the law other than that which is given to you in these instructions.

The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision as to the defendant, Mr. Saipov.

During your deliberations, you should rely on these instructions.  I have also prepared a Special Verdict Form that you must complete.  The form details the findings you must make and will serve as a guide to your deliberations.

Although Congress has left it to you, the jury, to decide Mr. Saipov's proper punishment, it has narrowed and channeled your discretion in specific ways, particularly by making you consider and weigh "aggravating" and "mitigating" factors present in this case.  Aggravating factors are certain specified factors that could support a death sentence.  By contrast, mitigating factors are any factors that would suggest, for any individual juror, that life imprisonment without possibility of release is the more appropriate punishment.

Of course, your task is not simply to decide what aggravating and mitigating factors exist here, if any.  Rather, you are called upon to evaluate any such factors and to make a unique, individualized moral choice between the death penalty and life in prison without the possibility of release.  The law never requires that any defendant found guilty of committing capital murder must be sentenced to death.   Rather, the law requires that you consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

If you find no aggravating factors have been proven beyond a reasonable doubt, the defendant will be sentenced to life imprisonment without the possibility of release.  During the Government's rebuttal summation, it mentioned the concept of a minimum sentence.  There is no evidence in the record of a minimum sentence absent aggravating factors.  A finding of aggravating factors does not make a death sentence required or presumed or make consideration of mitigating factors any less important or required.

In carrying out this weighing and balancing process, the members of the jury are not mere fact-finders.  Instead, each juror is called upon to make a unique, individualized moral judgment about the appropriateness of sentencing another human being to death.  This is not a mechanical process.  Neither is the decision determined by raw numbers.  You are not to simply count factors.  Instead, each of you must consider such factors qualitatively, assessing the weight and value of each factor.  Any single mitigating factor may outweigh several aggravating factors.  On the other hand, one aggravating factor proved, if sufficiently serious, may outweigh several mitigating factors.  In short, what is called for in weighing the various factors is not an arithmetic calculation, but an individual juror's careful, considered, and mature judgment as to the weight to be given to the aggravating and mitigating factors present in this case.

As we begin this process, there are two points I wish to remind you of from my preliminary instructions and reiterate as part of these final instructions.  The first is that the law never requires that any defendant found guilty of committing capital murder must be sentenced to death.  The law provides you with guidance in making a decision, but your decision on this question of life or death is a judgment which the law, in the final analysis, leaves up to each of you.  The second point is that if, and only if, all twelve jurors unanimously find that a sentence of death is justified, will a death sentence be imposed.

Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass judgment upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I had conferences out of your hearing referred to as side-bars.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

### Stipulations

In this case, you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact or set of facts is true.  You must accept such facts as true.  However, it is for you to determine the effect to be given to any stipulated fact.

### Transcriptions and Translations

Arabic, Russian, Spanish and Uzbek-language documents and recordings and their English translations have been admitted into evidence.

I instruct you that it is the English translations of those documents and recordings reflected on those transcripts or as subtitles that is the evidence.  The parties have agreed to the accuracy of all transcripts and exhibits with subtitles.  You should not, however, substitute your own understanding of Arabic, Russian, Spanish, or Uzbek for that of any translation that was admitted in evidence; you must accept or reject the Arabic, Russian, Spanish, or Uzbek into

English translations in whole or in part without regard to your own understanding of Arabic, Russian, Spanish, or Uzbek.

Some of the witnesses testified in Spanish, Flemish, Creole, French, and Uzbek, which was translated through an official court interpreter.  A witness is permitted to testify in whichever language they feel most comfortable using.  If a witness testified through an official court interpreter, you must base your decision on the testimony presented to you through the interpreter.  Even if you know the foreign language, you must accept the translation provided by the interpreter.  It is important that all jurors consider the same evidence.

If you wish to hear or see any of the documents or recordings again or see any of the transcripts of the foreign-language recordings, they will be made available to you during your deliberations.

## Expert Testimony

You have heard testimony from people who are classified as expert witnesses.  An expert is allowed to express his or her opinion on matters about which he or she has specialized knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness's testimony.  You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept witness testimony simply because the witness is an

expert.  Nor should you substitute such testimony for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

## Redactions and Excerpts

Among the exhibits received in evidence, there are some documents that are redacted or excerpted.  "Redacted" or "excerpted" means that part of the document, transcript, photograph, or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted in evidence.

You should draw no adverse inference against either party as a result of these redactions or excerpts, nor should you speculate on what may have been redacted or deleted.

## Burden of Proof

The Government must prove as to each capital count all of the following beyond a reasonable doubt: (1) that the defendant was at least eighteen years old at the time of the offense; (2) the existence of at least one preliminary intent factor; (3) the existence of at least one statutory aggravating factor; and (4) the existence, if any, of non-statutory aggravating factors.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence.  Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would rely and act upon it without hesitation in the most important matters of his or her own affairs.  Yet proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

A defendant never has the burden of disproving the existence of anything which the Government must prove beyond a reasonable doubt.  The burden is wholly upon the Government; the law does not at all require Mr. Saipov to produce evidence that a particular aggravating factor does not exist or that death is not an appropriate sentence.

As such, Mr. Saipov is not required to assert or establish any mitigating factors. However, in this case, as he is entitled to do, Mr. Saipov has asserted that there are various mitigating factors.  It is Mr. Saipov's burden to establish any mitigating factors by a preponderance of the evidence.  To prove something by a preponderance of the evidence is a lesser standard of proof than proof beyond a reasonable doubt.  To prove something by a preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding what evidence is more believable.  If the evidence is equally balanced, you cannot find that the mitigating factor has been proved.

The preponderance of the evidence is not determined by the greater number of witnesses or exhibits presented by the Government or Mr. Saipov.  Rather, it is the quality and persuasiveness of the information which controls.

<u>Evidence</u>

In making all the determinations you are required to make in this phase of the trial, you may consider any information presented during this penalty phase and the trial phase.  Also, recall that for our purposes here the terms "evidence" and "information" have the same meaning. As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.  In deciding what testimony of any witness to believe, consider the witness's bias, intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the

8

general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Additionally, because the law does not permit any witness to state whether he or she personally favors or opposes the death penalty in this case, you should draw no inference either way from the fact that no witnesses have testified as to their views on this subject. You have no reason to believe, nor should you speculate, as to whether any witness supports or disfavors the death penalty in this case. You are to draw no inferences about that one way or the other.

<u>Sympathy or Bias</u>

During its rebuttal summation, the government discouraged you from basing a verdict on sympathy. However, during the weighing process, you are entitled to consider mercy or sympathy for Mr. Saipov as long as it is connected to or arises in some way from the evidence. But, under your oath as jurors you are not to be swayed by mere sympathy or prejudice. You are to be guided solely by the evidence presented in court and the law as I explain it to you. It must be clear to you that once you let fear or, prejudice, or bias, or mere sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just decision.

<u>Defendant's Right Not to Testify</u>

Mr. Saipov did not testify in the penalty phase of this case. He has a right not to do so and there is no burden upon Mr. Saipov to prove that he should not be sentenced to death, or to put forward any evidence during the penalty phase. Accordingly, the fact that Mr. Saipov did not testify must not be considered by you in any way, or even discussed, in arriving at any aspect of your sentencing decision, including the existence or non-existence of an alleged aggravating or mitigating factor.

<u>Separate Deliberations</u>

You must deliberate and determine the appropriate sentence for each of the capital counts separately.  Although I will be discussing the capital counts together, your findings regarding preliminary intent factors, aggravating factors, and all other issues pertaining to these counts must be treated separately as to each count.  It is possible that, even though all of the counts are connected with the same incident, you may find differences which would justify different sentences on different counts.  You should understand, though, that if you vote to impose the death penalty as to any count, the death sentence will control, regardless of a life sentence you might vote to impose as to any other count or counts.

The instructions I am about to give you, as well as the Special Verdict Form you will be completing, will first address your findings, if any, regarding the four "preliminary intent factors" and the statutory aggravating factors identified by the Government with regard to each capital count.  The instructions and the Special Verdict Form thereafter address your findings, if any, as to each capital count regarding the existence of non-statutory aggravating factors and mitigating factors, as well as the weighing of aggravating and mitigating factors and the ultimate sentencing decision.

<u>Age of the Defendant</u>

Title 18, United States Code, Section 3591, provides that: "[N]o person may be sentenced to death who was less than 18 years of age at the time of the offense."

Thus, before you may consider whether or not to impose the death penalty, you must first unanimously determine beyond a reasonable doubt that the defendant was eighteen years of age or older at the time of the capital offenses in this case.

If you unanimously make that finding, you should indicate that in Section I of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding, you should indicate that on the Special Verdict Form and no further deliberations will be necessary.

The Government contends that the defendant, Sayfullo Habibullaevic Saipov, was born in 1988 and committed the capital offenses on October 31, 2017.

<u>Finding a Preliminary Intent Factor</u>

Before you may consider the imposition of the death penalty for any capital count, you must first unanimously find, beyond a reasonable doubt, the existence as to that count of at least one of the four preliminary intent factors identified by the Government.  The preliminary intent factors are as follows:

1.      That Mr. Saipov intentionally killed the victim or victims of the particular capital offense charged in the respective count of the Indictment; or

2.      That Mr. Saipov intentionally inflicted serious bodily injury that resulted in the death of the victim or victims of the particular capital offense charged in the respective count of the Indictment; or

3.      That Mr. Saipov intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person,

11

other than one of the participants in the offense, and the victim or victims of the particular capital

offense charged in the respective count of the Indictment died as a direct result of the act; or

      4.      That Mr. Saipov intentionally and specifically engaged in an act of violence,

knowing that the act created a grave risk of death to a person, other than one of the participants

in the offense, such that participation in the act constituted a reckless disregard for human life

and the victim or victims of the particular capital offense charged in the respective count of the

Indictment died as a direct result of the act.

      Your findings as to whether the Government has proven the existence, beyond a

reasonable doubt, of a particular factor from among these four preliminary intent factors must be

separate and unanimous as to each capital count.

      With regard to your findings, you may not rely solely upon your first-stage verdict of

guilt or your factual determinations therein.  Instead, you must now each decide this issue for

yourselves again, although you may rely upon all of the evidence previously presented in the trial

phase of the trial, all of which was also admitted at this penalty phase of the trial.

      Any finding that a preliminary intent factor has been proven as to a particular capital

count must be based on Mr. Saipov's personal actions and intent.  Intent or knowledge may be

proven like anything else.  You may consider any statements made and acts done by Mr. Saipov,

and all the facts and circumstances in evidence which may aid in a determination of Mr. Saipov's

knowledge or intent.

      You may, but are not required to, infer that a person intends the natural and probable

consequences of acts knowingly done or knowingly omitted.

      In the event that you unanimously find, beyond a reasonable doubt, that a particular

preliminary intent factor exists as to all capital counts, you are to indicate that finding in the

appropriate box provided on the Special Verdict Form.  In the event that you unanimously find, beyond a reasonable doubt, that a particular preliminary intent factor exists as to one or more, but not all, of the capital counts, you are to indicate that finding in the appropriate box provided on the Special Verdict Form, and also identify on the line provided, by count number, the specific capital count or counts as to which you find that preliminary intent factor applies.  If you do not unanimously find that a particular preliminary intent factor has been proven beyond a reasonable doubt with respect to any of the capital counts, you should mark the appropriate box provided on the Special Verdict Form.

I instruct you that preliminary intent factors are not aggravating factors and any that you find may not be weighed by you in deciding whether or not to impose a sentence of death.

For any capital count, if you do not unanimously find that the Government has proven beyond a reasonable doubt the existence as to that count of any of the four preliminary intent factors, your deliberative task as to that capital count will be over and the Court will impose a sentence on that count of life imprisonment without the possibility of release.  Section II, Part B of the Special Verdict Form provides a space for you to indicate those counts, if any, for which you have not unanimously found that the Government has proven beyond a reasonable doubt the existence of any preliminary intent factor.

Introduction to Statutory Aggravating Factors

If and only if you unanimously find that the Government has proven, beyond a reasonable doubt, that the defendant was at least eighteen years of age and the existence of at least one of the four preliminary intent factors as to a particular capital count, you must then proceed to determine whether the Government has proven, beyond a reasonable doubt, the existence of any of the following statutory aggravating factors with respect to that same count:

1.      The death or injury resulting in death of the victim or victims (Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco) occurred during the commission or attempted commission of the offense of damage and destruction of a motor vehicle under Title 18, United States Code, Section 33.

2.      Mr. Saipov committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism.

3.      Mr. Saipov intentionally killed or attempted to kill more than one person in a single criminal episode.

At this point the law directs you to consider and decide, separately as to each of the capital counts for which you have unanimously found that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor, the existence or non-existence of the statutory aggravating factors specifically claimed by the Government.  You are reminded that to find the existence of a statutory aggravating factor as to a particular count, your decision must be unanimous and beyond a reasonable doubt.  Any finding that one or more of these factors has been proven must be based on Mr. Saipov's personal actions and intent.

In the event that you unanimously find, beyond a reasonable doubt, that a particular statutory aggravating factor exists as to all of the capital counts for which you have found the

14

existence of at least one preliminary intent factor, you are to indicate that finding in the appropriate box provided on the Special Verdict Form.

In the event that you unanimously find, beyond a reasonable doubt, that a particular statutory aggravating factor exists as to one or more, but not all, of the capital counts for which you have found that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor, you are to indicate that finding in the appropriate box provided on the Special Verdict Form, and also identify on the line provided, by count number, the particular count or counts as to which you find the statutory aggravating factor applies. If you do not unanimously find that a particular statutory aggravating factor has been proved beyond a reasonable doubt with respect to any of the capital counts you are considering, you should mark the appropriate box provided on the Special Verdict Form.

For any capital count for which you unanimously found that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor, if you do not also unanimously find as to that same count the existence of at least one statutory aggravating factor, then your deliberative task as to that count will be over, and the Court will impose a sentence on that count of life imprisonment without the possibility of release. Section III, Part B of the Special Verdict Form provides a space for you to indicate the counts, if any, for which you have not unanimously found that the Government has proven beyond a reasonable doubt the existence of any statutory aggravating factor.

Let me now instruct you in detail on the specific elements necessary for the Government to prove each of these statutory aggravating factors beyond a reasonable doubt.

15

First Statutory Aggravating Factor: Death During Commission of Another Crime

In its first statutory aggravating factor, the Government alleges that the death, and injury resulting in death, of the victims occurred during the commission and attempted commission of the offense of damaging or destroying a motor vehicle, in violation of Title 18, United States Code, Section 33.

To establish the existence of this factor, the Government must prove unanimously and beyond a reasonable doubt that the death or injury resulting in death occurred during the commission of another offense, specifically a violation of 18 U.S.C. § 33.

Although you have already returned a guilty verdict against the defendant for the crime of damaging or destroying a motor vehicle, which was Count Twenty-Eight of the Indictment, I will again describe the three elements to you, which the Government must prove beyond a reasonable doubt:

First, that the defendant damaged, disabled, or destroyed a motor vehicle;

Second, that the defendant did so willfully, and with reckless disregard for the safety of human life; and

Third, that the motor vehicle was used, operated, or employed in interstate commerce.

The first element of Count Twenty-Eight that the Government must prove beyond a reasonable doubt is that the defendant damaged, disabled, or destroyed a motor vehicle. Under the statute, the term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in transportation of passengers, passengers and property, or property or cargo. Motor vehicles in this statute do not mean motor vehicles generally. Used for commercial purposes means the carrying of persons or property for any fare, fee, rate, charge or other consideration, or directly or

16

indirectly in connection with any business, or other undertaking intended for profit.  A private motor vehicle is not within the statute.  A rental motor vehicle, however, could be within the statute.

The terms "damage," "disable," and "destroy" should be given their ordinary meanings.

The second element of Count Twenty-Eight that the Government must prove beyond a reasonable doubt is that the defendant acted willfully and with reckless disregard for the safety of human life.

The Government must prove that the defendant willfully damaged, disabled, or destroyed a motor vehicle.  To act willfully means to engage in conduct voluntarily and purposely with the intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.  The Government is not required to prove that the defendant knew the particular criminal law he is alleged to have disobeyed or disregarded.  It is sufficient that the defendant had an awareness of the general unlawfulness of his conduct.

"Reckless disregard" in this context means that the defendant must have been aware of a substantial and unjustifiable risk of harm to the safety of human life and deliberately disregarded it.

The third element of Count Twenty-Eight that the Government must prove beyond a reasonable doubt is that the motor vehicle was used, operated, or employed in interstate commerce.  A motor vehicle used, operated, or employed in interstate commerce includes a motor vehicle engaged in an interstate journey at the time of the incident, or a motor vehicle regularly engaged in travel across state lines, or a motor vehicle used in furtherance of an interstate business.  Driving a rented motor vehicle from one state to another qualifies as using, operating, and employing a motor vehicle in interstate commerce.

Finally, the Government does not need to establish that the defendant knew that the motor vehicle was used in interstate commerce.  It is sufficient if you find beyond a reasonable doubt that it actually was so used.

For you to find this statutory aggravating factor, the Government must prove beyond a reasonable doubt that the death charged in a given count occurred during a violation of the crime of destroying or damaging a motor vehicle.  As I have instructed you, such a finding must be unanimous and beyond a reasonable doubt.

<u>Second Statutory Aggravating Factor:  Substantial Planning and Premeditation</u>

In its second statutory aggravating factor, the Government alleges that the defendant committed the capital offenses after substantial planning and premeditation to cause the death of a person or to commit an act of terrorism.  The Government does not need to prove that the substantial planning and premeditation was both to cause the death of a person and to commit an act of terrorism.  However, to find that the Government has satisfied its burden to prove this aggravating factor beyond a reasonable doubt, you must unanimously agree on the particular object of the substantial planning and premeditation -- either to cause the death of a person or to commit an act of terrorism, or to do both.

"Planning" means mentally formulating a method for doing something or achieving some end.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand.

"Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.

"An act of terrorism" means a violent act or an act dangerous to human life that is a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State and appeared to be intended (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping.

19

To coerce means to compel by force, intimidation, or authority, especially without regard for individual desire or volition; to dominate or control, especially by exploiting fear or anxiety; and to bring about through use of force or other forms of compulsion.

Third Statutory Aggravating Factor:  Multiple Killings

In its third statutory aggravating factor, the Government alleges that the defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  To establish the existence of this aggravating factor, the Government must prove to you unanimously and beyond a reasonable doubt that the defendant intentionally killed or attempted to kill more than one person in a single criminal episode.

"More than one person" means one or more other person in addition to killing any single named victim in the capital count you are considering.  In this case, the Government alleges that the defendant intentionally killed the other seven victims in addition to killing the victim named in each of Counts One through Eight, and also attempted to kill the following additional victims: Marie Rose Charles, Sandra Hagen, Kristin Lin, Aristide Melissas, Darryl Melissas, Martin Marro, Rachel Pharn, Marion Van Reeth, Ivan Brajkovic, Didiyr Timothy Buytaert, Mezac Chosson, Friedel Decadt, Justine Decadt, Carolea Goldfarb, Noah Salz, Juan Pablo Trevisan, Lieve Wyseur, and Yanjun Zhang.

"Intentionally killing" a person means killing a person on purpose, that is willfully, deliberately, or with a conscious desire to cause a person's death (and not just accidentally or involuntarily).

"Attempting to kill" a person means purposely doing some act which constitutes a substantial step (beyond mere preparation or planning) toward killing a person, and doing so with the intent to cause a person's death.

"A single criminal episode" is an act or series of related criminal acts which occur within a relatively limited time and place, or are directed at the same persons, or are part of a continuous course of conduct related in time, place, or purpose.

A person may be presumed to have intended the ordinary, natural, and probable consequences of his knowing and voluntary acts.  However, this presumption is not required.

With respect to each capital count, if you do not unanimously find that the Government has proven beyond a reasonable doubt at least one statutory aggravating factor, your deliberations as to that count are concluded and you should mark the Special Verdict Form accordingly.

If you find that one or more of the statutory aggravating factors has been proven unanimously and beyond a reasonable doubt, then you should record your findings on the Special Verdict Form and proceed to consider non-statutory aggravating factors.

<u>Non-Statutory Aggravating Factors</u>

If and only if you have unanimously found that the Government has proven, beyond a reasonable doubt, as to a particular capital count, that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor and at least one statutory aggravating factor alleged by the Government, you must then consider whether the Government has proven the existence of any non-statutory aggravating factors with regard to that same count. You must agree unanimously, and separately as to each count, that the Government has proven beyond a reasonable doubt the existence of any of the alleged non-statutory aggravating factors before you may consider that non-statutory aggravating factor in your deliberations.

The law permits you to consider and discuss only the six non-statutory aggravating factors specifically claimed by the Government in advance and listed below. You are not free to consider any other facts in aggravation that you may conceive of on your own.

The non-statutory aggravating factors alleged by the Government with regard to each of the capital counts are as follows:

1.     Mr. Saipov caused injury, harm, and loss to the families and friends of the victim or victims (Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco). The injury, harm, and loss caused by Mr. Saipov with respect to each deceased victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

2.     Mr. Saipov, apart from the impact of the deaths of victims I just mentioned, caused serious physical and emotional injury, including maiming, disfigurement, permanent disability, and grievous economic hardship, to individuals who survived the offense. The Government alleges this aggravating factor only for Count 28, and not for Counts 1 through 8.

23

3.      Mr. Saipov committed the offense to support and further the ideological goals of the Islamic State of Iraq and al-Sham ("ISIS"), a terrorist organization that has as one of its goals to kill U.S. nationals around the world.

4.      Mr. Saipov is likely to commit criminal acts of violence in the future such that he poses a continuing and serious threat to the lives and safety of others.  The Government claims this is demonstrated by, among other things, his commission of the acts of violence charged in the Indictment, his stated intent to continue his attack in New York City had his truck not been rendered inoperable, and his continued support for the radical terrorist activities and goals of ISIS, which include the killing of U.S. nationals.  In deciding whether this alleged aggravating factor has been proved, you must understand and accept that if he is not sentenced to death, Mr. Saipov will be in prison for the rest of his life with no possibility of release.  You must consider only the danger that Mr. Saipov may present in prison.  The government must prove more than just that Mr. Saipov remains a danger or a threat; rather, you must agree unanimously that the Government has proven beyond a reasonable doubt that Mr. Saipov is likely to commit criminal acts of violence in the future in prison such that he poses a continuing and serious threat to the lives and safety of others.

5.      Mr. Saipov targeted the bike path on the West Side Highway on Halloween because he intended to maximize the devastation to civilians and in an attempt to instill fear in New Yorkers and tourists who use the bike path.

6.      Mr. Saipov demonstrated a lack of remorse for the offense in the days and months following his crimes.

These non-statutory aggravating factors are self-explanatory and, generally, do not require further instruction.  However, I do want to provide further instructions regarding the

24

alleged non-statutory aggravating factor of lack of remorse.  In determining whether the government has proven this fact beyond a reasonable doubt, you may not consider the fact that the defendant has not testified or made any statement during the trial.  I remind you the defendant has a constitutional right not to testify or speak both at the first phase of the trial and at this phase of the trial.  Again, there may be many valid reasons why a defendant would exercise his constitutional right not to testify.  You must, therefore, not draw any conclusion against him as to any issue from his decision not to testify at this stage of the trial.

Again, your findings regarding these non-statutory aggravating factors must be separate and unanimous with regard to each capital count you are considering.

In the event that you unanimously find, beyond a reasonable doubt, that a particular non-statutory aggravating factor applies to each of the capital counts for which you have found at least one preliminary intent factor and at least one statutory aggravating factor, you are to indicate that finding in the appropriate box provided in Section IV of the Special Verdict Form. In the event that you unanimously find that a particular non-statutory aggravating factor applies to one or more but not all of these counts, you are to indicate that finding in the appropriate box provided in Section IV of the Special Verdict Form, and also identify on the line provided, by count number, the particular count or counts to which you find the non-statutory aggravating factor applies.

If you do not unanimously find that a non-statutory aggravating factor has been proven beyond a reasonable doubt with regard to any capital count, you should so indicate in the appropriate box provided in Section IV of the Special Verdict Form.

Unlike the rules relating to preliminary intent factors and statutory aggravating factors, you are not required to find a non-statutory aggravating factor with regard to a particular count

before you may consider the death penalty as the possible sentence for that count.  Rather, the law only requires that before the jury may consider an alleged non-statutory aggravating factor in its sentencing decision as to any capital count, the jury must first unanimously agree that the Government has proven beyond a reasonable doubt the existence of that factor as to that count.

Remember, unless you are unanimous that the existence of a particular statutory or non-statutory aggravating factor has been proven by the Government beyond a reasonable doubt, you may not give that factor any further consideration during any of your deliberations.

After you have completed your findings regarding the existence or non-existence of non-statutory aggravating factors, you should proceed to Section V of the Special Verdict Form, to consider whether any mitigating factors exist.

<u>Mitigating Factors</u>

Before you may consider the appropriate punishment for any of the capital counts for which you have unanimously found that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor and at least one statutory aggravating factor, you must consider whether Mr. Saipov has proven the existence of any mitigating factors with regard to that count.  A mitigating factor is not offered to justify or excuse Mr. Saipov's conduct, and the law does not require that there be a connection between a mitigating factor and the crime committed.  Instead, a mitigating factor is a fact about Mr. Saipov's personal traits, character, or background, or about the circumstances surrounding the particular capital offense, or anything else relevant to the sentencing decision that would suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the more appropriate punishment.  As you will hear shortly, the law requires you to consider any mitigating factor you individually find has been proven by a preponderance of the evidence.  That means that the law prohibits you from ignoring any mitigating factor that you individually find.

There are three important distinctions that I want to highlight for you with respect to the proof of mitigating factors.  Mr. Saipov has the burden of proving any mitigating factors.  However, there is a different standard of proof as to mitigating factors.  Mr. Saipov is not required to prove beyond a reasonable doubt the existence of a mitigating factor; he need only establish its existence by a preponderance of the evidence.  That is to say, you need only be convinced that a mitigating factor is more likely true than not true in order to find that the mitigating factor exists.  Secondly, a unanimous finding is not required.  Any one of you may, individually and independently, find the existence of a mitigating factor, regardless of the number of other jurors who may agree, and any juror who so finds must give that factor whatever weight they think it deserves.  Thus, if even a single member of the jury finds that a mitigating

factor has been proved, that member of the jury is required to consider that factor in making up his or her own mind on whether to vote for a death sentence or a sentence of life imprisonment without the possibility of release.

Finally, unlike with aggravating factors, you are not limited in your consideration to the specific mitigating circumstances submitted to you.  If, in addition to those specific circumstances, there is anything about the circumstances of the offense, Mr. Saipov's personal traits, character, or background, or anything else relevant that you individually believe mitigates against the imposition of the death penalty, you are free to consider that factor in the balance as well.

Unlike aggravating factors, which you must unanimously find proven beyond a reasonable doubt in order for you even to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors.  Any individual juror who is persuaded of the existence of a mitigating factor must consider it in his or her sentencing decision.  Thus, for example, if eleven of you were to find the existence of a mitigating factor, all eleven could, and would be required to, consider that factor in the balance.  Or, for example, if only one juror were to be persuaded of a mitigating factor, that juror could, and would be required to, consider it in his or her own individual sentencing decision.

Furthermore, it is Mr. Saipov's burden to establish a mitigating factor only by a preponderance of the evidence.  This is a lesser standard of proof under the law than proof beyond a reasonable doubt.  A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is, more likely than not,

28

true.  If, however, the evidence is equally balanced, you cannot find that the factor has been proved.

Please understand that the existence of a mitigating factor is a distinct consideration from whatever weight, if any, should ultimately be given that factor in your deliberations.  For example, any number of jurors might first find that a particular mitigating factor is factually true (that is, that the factor has been established by a preponderance of the evidence), but those jurors as individuals might later choose to give that same mitigating factor differing levels of significance during the weighing process.  With this distinction in mind, Section V of the Special Verdict Form only asks you to report the total number of jurors who individually find the existence of a particular mitigating factor to be established by a preponderance of the evidence.

Whether a specific aggravating or mitigating factor has been proven here is a factual determination that is yours to make.  As I have instructed, the weight you decide to assign to each factor in your deliberations, if any, is up to each of you.  But you may not ignore any aggravating factor you unanimously find has been proven beyond a reasonable doubt; nor may you ignore any mitigating factor you individually find has been proven by a preponderance of the evidence.

Earlier in these instructions, I stated that regardless of any opinion you may have as to what the law may be or should be, it would be a violation of your oaths as jurors to base your sentencing decision upon any view of the law other than that which is given to you in these instructions.  If a mitigating factor has been established by a preponderance of the evidence, you are required to consider it.  It is up to you, however, how much weight, if any, you individually assign to each particular mitigating factor.

The defendant, Sayfullo Saipov, urges the following as mitigating factors in this case:

**Mitigating Factors Related to Sayfullo Saipov's Incarceration**

1.  If not sentenced to death, Sayfullo Saipov will be incarcerated for the rest of his life without any possibility of release.

2.  If sentenced to life imprisonment without the possibility of release, Sayfullo Saipov will be sent to the H Unit at the Federal Bureau of Prisons ADX facility in Florence, Colorado.

3.  On H Unit, Sayfullo Saipov will spend at least 22 hours a day alone in his cell.

4.  For the entire time he has been incarcerated since November 1, 2017, Sayfullo Saipov has never physically harmed anyone.

5.  Throughout this trial, Sayfullo Saipov sat unrestrained and did not threaten or attempt to harm anyone.

6.  For the entire time he has been incarcerated since November 1, 2017, the Federal Bureau of Prisons in its monthly "SHU" reviews, has consistently assessed Sayfullo Saipov's potential for harm to others as "Low."

7.  Sayfullo Saipov is under Special Administrative Measures, which restrict who may visit, have contact, or communicate with him to only those people approved by the Department of Justice.

8.  All of Sayfullo Saipov's communications are monitored by the FBI in real time and can be discontinued at any time.

9.  Under Special Administrative Measures Sayfullo Saipov's reading, viewing and listening material is vetted and inspected by government corrections and/or law enforcement staff.

10.  Sayfullo Saipov's Special Administrative Measures cannot be removed or modified without the approval of the Attorney General of the United States.

11.  In practice, Special Administrative Measures are not removed or modified without the approval of the U.S. Attorney's Office that prosecuted the case.

12.  A sentence of life imprisonment without the possibility of release is a harsh punishment.

13.  Sayfullo Saipov will die in prison.

**Mitigating Factors Related to the Offense**

14.  Sayfullo Saipov was not a leader or organizer of a terrorist group.

15.  Sayfullo Saipov was born and raised in Uzbekistan during a time of strict religious repression, and his ignorance about Islam contributed to his susceptibility to ISIS propaganda when he came to the U.S.

16.  ISIS used manipulative techniques to convince people to commit acts of terrorism.

17.  ISIS specifically targeted Uzbek migrants.

18.  Sayfullo Saipov was influenced by ISIS propaganda.

19.  Sayfullo Saipov was convinced by ISIS propaganda to seek martyrdom.

20.  Sayfullo Saipov was convinced he had a religious obligation to commit this attack.

**Mitigating Factors Related to Sayfullo Saipov's Family**

21.  Sayfullo Saipov's family members condemn his actions, but they still love him.

22.  Even from prison, Sayfullo Saipov's life is meaningful to his family.

23.  Sayfullo Saipov's parents and sisters love him, and he will continue to be part of their lives even from prison.

24.  Sayfullo Saipov's three children, Aisha, Hadicha, and Holid, love him.

**Additional Mitigating Factors**

25.  Sayfullo Saipov was 29 years old at the time of this crime and had no previous criminal convictions.

26.  A sentence of life imprisonment without release provides hope that Mr. Saipov may one day understand the wrongfulness of his conduct.

27.  There are other factors in Sayfullo Saipov's life, personal traits, character, or background, or any other circumstances present, that suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the appropriate punishment.

In Section V of the Special Verdict Form, you are asked to report the total number of jurors who individually find a particular mitigating factor to be established by a preponderance of the evidence.

In addition to the mitigating factors specifically raised by Mr. Saipov, the law permits each of you to consider anything about the circumstances of the offense, or anything about Mr. Saipov's personal traits, character, or background, or anything else relevant that you individually believe mitigates against the imposition of the death penalty.  The law does not limit your consideration of mitigating factors to those that can be articulated in advance.  As such, if there are any mitigating factors not argued by the attorneys for Mr. Saipov but which any juror, on his or her own or with others, finds to be established by a preponderance of the evidence, that juror is free to – and must – consider it in his or her sentencing determination.  In Section V of the Special Verdict Form, you are to identify any such additional mitigating factors that one or more of you independently finds to exist by a preponderance of the evidence.

In your consideration of mitigating evidence, I instruct you further that the law does not require that there be a connection between the mitigating evidence and the crime committed.  In other words, it is not necessary, for example, for the defense to establish that evidence of a

chaotic childhood led to the commission of the offense.  Thus, whether these factors have a connection to the crimes or not, does not in any way affect their status as mitigating circumstances that you are required to consider.  What weight you give them is, of course, up to you.

After you have completed your findings regarding the existence or non-existence of mitigating factors, you should proceed to Section VI of the Special Verdict Form, to weigh the aggravating factors and mitigating factors with regard to each of the counts for which you have unanimously found the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor and at least one statutory aggravating factor.

<u>Weighing Aggravating and Mitigating Factors</u>

If and only if you unanimously find, beyond a reasonable doubt, that the Government has proven that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor and at least one statutory aggravating factor with regard to any capital count; and after you then determine whether the Government has proven beyond a reasonable doubt the existence of any non-statutory aggravating factors with regard to that count, and whether Mr. Saipov has proven by a preponderance of the evidence the existence of any mitigating factors, you must then engage in a weighing process with regard to that count.  In carrying out this weighing and balancing process, the members of the jury are not mere fact-finders.  Instead, each juror is called upon to make a unique, individualized moral judgment about the appropriateness of sentencing another human being to death.  You must determine whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

You are to conduct this weighing process separately with regard to each of the capital counts for which you have found that the defendant was at least eighteen years of age and the existence of at least one preliminary intent factor and at least one statutory aggravating factor. Each juror must individually decide whether the facts and circumstances in this case as to each count call for death as the only appropriate sentence.

In determining the appropriate sentence for the capital count you are considering, all of you must independently weigh the aggravating factor or factors that you unanimously found to exist with regard to that count, whether statutory or non-statutory, and each of you must weigh any mitigating factors that you individually or with others found to exist.  You are not to weigh

34

any of the four preliminary intent factors I mentioned previously as part of this process.  In engaging in the weighing process, you must avoid any influence of passion, prejudice, or any other arbitrary consideration.  Your deliberations should be based upon the evidence you have seen and heard, and the law on which I have instructed you.

I want to caution you that you are not to consider any possible financial costs to the government that may be involved in carrying out either the death penalty or life imprisonment without the possibility of release.  This is so for two reasons:  first, whether one sentence may be more expensive than another is simply not a legally permissible basis upon which to decide a matter as important as this; and second, even if it were permissible to consider cost savings in selecting a sentence, there is no evidence before you as to which sentence, if either, is actually more expensive to carry out.  For both of these reasons, it would be improper for you to base any part of your decision on the notion that the government could save money by imposing one sentence rather than another.  That is a subject that you should not even discuss in the jury room.

Again, whether or not the circumstances in this case call for a sentence of death is a decision that the law leaves entirely to you.  Remember that all twelve jurors must agree a sentence of death is justified.  The law never requires that any defendant found guilty of committing capital murder must be sentenced to death.  The decision is yours as individuals to make.  If even a single juror is not persuaded that death is the more appropriate punishment, the death penalty will not be imposed.

The process of weighing aggravating and mitigating factors against each other is by no means a mechanical process.  In other words, you should not simply count the total number of aggravating and mitigating factors and reach a decision based on which number is greater; rather, you should consider the weight and value of each factor.  In carefully weighing these various

factors, the members of the jury are not mere fact-finders.  Instead, you are called upon as individuals to make a unique, individualized moral judgment about the sentence Mr. Saipov should receive.

The law contemplates that different factors may be given different weights or values by different jurors.  Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proved do not, standing alone, justify a sentence of death.  Similarly, you may instead find that a single aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death.  Any one of you is free to decide that a death sentence should not be imposed so long as, based on the evidence and your sense of justice, you conclude that all the aggravating factor or factors found to exist do not sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, that the aggravating factor or factors alone are not sufficient to justify a sentence of death.  The law does not define what is "sufficient."  As to that question, the law relies on each of you to determine what is "sufficient" outweighing to make the death penalty rather than life imprisonment without the possibility of release the more appropriate sentence.

Each juror is individually to decide what weight or value, if any, is to be given to a particular aggravating or mitigating factor in the decision-making process.  Bear in mind, however, that in order to find that a sentence of death is justified for a particular count, the jurors must be unanimous in their conclusion that the aggravating factor or factors proven as to that count sufficiently outweigh any mitigating factors found to justify a sentence of death.

<u>Determination of Sentence</u>

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence. But each juror must ultimately make the sentencing decision for themselves based on the juror's unique individual moral judgment.  Thus, each juror must respect the right of every other juror to arrive at an individual decision.  This means that each juror must treat every other juror with respect and dignity and not intimidate, coerce, or bully any other juror about a vote one way or another about any factor or the ultimate punishment decision, if they disagree.

If you unanimously determine that all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, that the aggravating factor or factors alone are sufficient to justify a sentence of death, please mark the appropriate box provided in Section VI of the Special Verdict Form for the count you are considering.  If you unanimously find that Mr. Saipov should be sentenced to life imprisonment without possibility of release, please mark the appropriate box provided in Section VI of the Special Verdict Form for the count you are considering.

As I have told you, should you unanimously decide to impose the death penalty or to impose life imprisonment without any possibility of release, I am required by law to abide by your decision and to sentence Mr. Saipov accordingly.

In the event that you do not unanimously decide to sentence Mr. Saipov to death or unanimously decide to sentence him to life imprisonment without the possibility of release for a particular count, the Court will sentence Mr. Saipov to life imprisonment without the possibility

37

of release.  If you have concluded that you are unable to reach a unanimous decision, send a note indicating that you have concluded you are unable to reach a unanimous decision.  Before you reach any conclusion based on a lack of unanimity on any count, you should continue your discussions until you are fully satisfied that no further discussion will lead to a unanimous decision.

<u>Special Precaution to Ensure Against Discrimination</u>

In your consideration of whether the death sentence is appropriate, you must not consider the race, color, religious beliefs, national origin, or sex of either Mr. Saipov or the victims.  In addition, you may not return a sentence of death unless you have determined that you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either Mr. Saipov or any victim.

To emphasize the importance of these considerations, Section VII of the Special Verdict Form contains a certification statement.  Each juror should carefully read the statement, and sign your name in the appropriate place if the statement accurately reflects the manner in which each of you reached your individual decision.

<u>Right to See Exhibits and Hear Testimony:  Communication with the Court</u>

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  As you know we have used juror numbers throughout this proceeding and will continue to do so to protect your privacy from media attention.  However, when talking and deliberating with one another, you are free to use your names if you choose.  I will send most of the exhibits into the jury room with you.  However, if during your deliberations you want to see any of the exhibits that were not sent back to the jury room, you may request that you be brought into the courtroom to see or hear those exhibits.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous decision is reached as to each count or you are fully satisfied that no further discussion will lead to a unanimous decision.

<u>Notes</u>

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors'

recollections are equal.  If you cannot agree on what you remember the testimony was, you can ask to have the transcript read back.

<u>Concluding Remarks</u>

I have now outlined for you the rules of law applicable to your consideration of the sentences of death and of life imprisonment without the possibility of release, and the process by which you should determine the facts and weigh the evidence.  In a few minutes you will retire to the jury room.

I instruct you that you are not to discuss the case unless all jurors are present.  Four or five or ten jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.  Therefore, if you take a break for any reason, you must stop your deliberations until all twelve jurors are present to deliberate.

The importance of your deliberations should be obvious.  When you are in the jury room, please discuss all aspects of these sentencing issues among yourselves with candor and frankness, but also with a due regard and respect for the opinions of one another.  Each of you must decide this question for yourself and not merely go along with the conclusion of your fellow jurors.  In the course of your deliberations, no juror should surrender his or her conscientious beliefs of what is the truth, of what is the weight and effect of the evidence, and what should be the outcome as determined by that juror's individual conscience and evaluation of the case.  Remember that the parties and the Court are relying upon you to give full, considered, and mature consideration to this sentencing.  By so doing, you carry out to the fullest your oaths as jurors: that you will well and truly try the issues of this case and a just result render.

41

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson.  Do not attempt to communicate with me or any other court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching on your sentencing decision other than in writing or orally here in open court.

When you have reached a decision, send me a note signed by your foreperson that you have reached a decision.  Do not indicate what the decision is in the note.  In no communication with the Court prior to a verdict should you ever give a numerical count of where the jury stands in its deliberations.

Whatever decision you reach, the foreperson must also sign and fill out the Special Verdict Form accordingly and be prepared to report to the Court your findings as to the preliminary intent, aggravating and mitigating factors, and then of your sentencing decision.

Let me remind you again that nothing that I have said in these instructions and nothing that I have said or done during the trial has been said or done to suggest to you what I think the outcome should be.  What the sentencing decision should be is your exclusive duty and responsibility.

* * * * *

Members of the jury that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

* * * * *

Before you retire into the jury room, I must inform you that the law provides for a jury of twelve people in this case.  Therefore, five people—jurors in seats 13 through 17, Juror 652,

42

Juror 660, Juror 718, Juror 785, and Juror 792—are alternates.  You are not yet excused as jurors in this case and should remain in the courthouse during deliberations.  In the event that one of the non-alternate jurors can no longer deliberate, you will be called to continue your service.  You have been very attentive and very patient.  I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case.  Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.  We will find another location for you to sit while the jury deliberates.  I will also notify the court security officers that you should be permitted to bring your phones to the room in which you have been asked to wait.  However, you have not been formally excused so my instructions about not discussing the case—even with fellow alternate jurors—still applies.  As do my instructions about researching the case and reading about the case in the media or from any other source.  In other words, please do not discuss the case with one another or anyone else while the non-alternate jurors are deliberating.

* * * * *

Members of the jury, you may now retire.  The court security officer will be sworn before you retire.  I ask that the five alternate jurors remain seated.

# EXHIBIT B

## SPECIAL VERDICT FORM

**SECTION I. AGE**

Do you unanimously find that the Government has proven beyond a reasonable doubt that Sayfullo Habibullaevic Saipov was eighteen (18) years of age or older at the time of the offenses in Counts One through Eight and Twenty-Eight?

_____Yes                         _____No

Proceed to Section II only if you answer "Yes."  If you answer "NO," skip forward to Section VII and complete that section in accordance with the directions there.  Then notify the Court that you have completed your deliberations.

**SECTION II.  PRELIMINARY INTENT FACTORS**

General Directions for Section II:

As used in this section, the term "capital counts" refers to Counts One through Eight and Twenty-Eight, involving the following charges and victims:

> **Murder to Gain Entrance to ISIS**
>
> > Count 1 – Diego Enrique Angelini
> >
> > Count 2 – Nicholas Cleves
> >
> > Count 3 – Ann-Laure Decadt
> >
> > Count 4 – Darren Drake
> >
> > Count 5 – Ariel Erlij
> >
> > Count 6 – Hernan Ferruchi
> >
> > Count 7 – Hernan Diego Mendoza
> >
> > Count 8 – Alejandro Damian Pagnucco
>
> **Damage or Destruction of Motor Vehicle**
>
> > Count 28 – All Eight Above-Named Victims

Please indicate which, if any, of the following preliminary intent factors you unanimously find that the Government has proven beyond a reasonable doubt.  For each of the four factors listed in Part A below, you must mark one of the responses.

Part A.

1.      That the defendant intentionally killed the victim of the particular capital count you are considering.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❏      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

2.      That the defendant intentionally inflicted serious bodily injury that resulted in the death of the victim of the particular capital count you are considering.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❏      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

3.      That the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim(s) of the particular capital count you are considering died as a direct result of the act.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

2

❑    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

4.    That the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim of the particular capital count you are considering died as a direct result of the act.

❑    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❑    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count only (identify by count number):

_____

❑    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

Part B.

After reviewing your findings in Section II, Part A, please identify by count number those capital counts, if any, for which you have not unanimously found that the Government has proven beyond a reasonable doubt the existence of any preliminary intent factor:

_____

Directions:

For each capital count, if you do not unanimously find that the Government has proven beyond a reasonable doubt at least one of the above preliminary intent factors with respect to that count, then your deliberations are over as to that count.  That is to say, you are not to consider in Section III (or thereafter until Section VII) any of the counts you have specified above in Section II, Part B.

If there is no capital count for which you unanimously find a preliminary intent factor has been proved beyond a reasonable doubt, skip forward to Section VII and complete that section in accordance with the directions there.  Then notify the Court that you have completed your deliberations.

If you have found at least one preliminary intent factor with regard to one or more capital counts, continue on to Section III.

3

**SECTION III.  STATUTORY AGGRAVATING FACTORS**

**General Directions for Section III:**

As used in this section, the term "capital counts" refers only to those counts for which you found the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II. Do not consider statutory aggravating factors in this section with regard to any counts for which you have not found at least one preliminary intent factor in Section II.

In this section, please indicate which, if any, of the following statutory aggravating factors you unanimously find that the Government has proven beyond a reasonable doubt. For each of the four statutory aggravating factors listed in Part A below, you must mark one of the responses.

Part A.

1.      The death, and injury resulting in death, of the victim or victims (Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco) occurred during the commission and attempted commission of the offense under Title 18, United States Code, Section 33 (damage or destruction of motor vehicles).

> ❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

> ❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

> _____

> ❏      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

2.      The defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism.

> ❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

> ❏      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

> _____

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

3.      The defendant intentionally killed or attempted to kill more than one person in a single criminal episode.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

Part B.

After reviewing your findings in Section III, Part A, please identify by count number those capital counts, if any, for which you have not unanimously found that the Government has proven beyond a reasonable doubt the existence of any statutory aggravating factor: _____

Directions:

For each capital count you are considering in this section, if you do not unanimously find that the Government has proven beyond a reasonable doubt at least one of the above statutory aggravating factors with respect to that count, then your deliberations are over as to that capital count. In other words, you are not to consider in Section IV (or thereafter until Section VII) any of the counts you have specified above in Section III, Part B.

If there is no capital count for which you unanimously find that at least one statutory aggravating factor has been proved beyond a reasonable doubt, skip forward to Section VII and complete that section in accordance with the directions there.  Then notify the Court that you have completed your deliberations.

If you have found one or more statutory aggravating factors with regard to one or more capital counts, continue on to Section IV.

**SECTION IV.  NON-STATUTORY AGGRAVATING FACTORS**

**General Directions for Section IV:**

As used in this section, the term "capital counts" refers only to those counts for which you have found the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II and at least one statutory aggravating factor in Section III.  Do not consider non-statutory aggravating factors in this section with regard to the counts for which you have not found the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II and at least one statutory aggravating factor in Section III.

In this section, please indicate which, if any, of the following six non-statutory aggravating factors you unanimously find that the Government has proven beyond a reasonable doubt. For each of the proposed factors, you must mark one of the responses provided.

1.      The defendant caused injury, harm, and loss to the families and friends of the victim or victims (Diego Enrique Angelini, Nicholas Cleves, Ann-Laure Decadt, Darren Drake, Ariel Erlij, Hernan Ferruchi, Hernan Diego Mendoza, and Alejandro Damian Pagnucco).  The injury, harm, and loss caused by Mr. Saipov with respect to each deceased victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

2.      *For capital count 28 only:*  The defendant, apart from the impact of the deaths of victims just mentioned in the first non-statutory aggravating factor, caused serious physical and emotional injury, including maiming, disfigurement, permanent disability, and grievous economic hardship, to individuals who survived the offense.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to count 28.

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to count 28.

6

3.      The defendant committed the offense to support and further the ideological goals of the Islamic State of Iraq and al-Sham ("ISIS"), a terrorist organization that has as one of its goals to kill U.S. nationals around the world.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

4.      The defendant is likely to commit criminal acts of violence in prison in the future such that he poses a continuing and serious threat to the lives and safety of others as demonstrated by, among other things,  his commission of the acts of violence charged in the Indictment, his stated intent to continue his attack in New York City had his truck not been rendered inoperable, and his continued support for the radical terrorist activities and goals of ISIS, which include the killing of U.S. nationals.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❑      We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

5.      The defendant targeted the bike path on the West Side Highway on Halloween because he intended to maximize the devastation to civilians and in an attempt to instill fear in New Yorkers and tourists who use the bike path.

❑      We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❏　　　We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❏　　　We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

6.　　　The defendant demonstrated a lack of remorse for the offense in the days and months following his crimes.

❏　　　We unanimously find that this factor has been proved beyond a reasonable doubt with regard to counts 1 – 8 and count 28.

❏　　　We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital count(s) only (identify by count number):

_____

❏　　　We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

Directions:

After you have completed your findings in this section (whether or not you have found any of the above non-statutory aggravating factors to have been proved), continue on to Section V.

**SECTION V.  MITIGATING FACTORS**

**General Directions for Section V:**

As used in this section, the term "capital counts" refers only to those counts for which you found the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II and at least one statutory aggravating factor in Section III.

As to the alleged mitigating factors which are listed below, please indicate which you find that the defendant has proven by a preponderance of the evidence.

Recall that your vote as a jury need not be unanimous with regard to each question in this section. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor must consider such a factor established in making his or her individual determination of whether to sentence Mr. Saipov to life imprisonment without the possibility of release or the death penalty, regardless of the number of other jurors who agree or disagree that the factor has been established.  The weight you decide to assign to each factor, if any, in your deliberations is up to each of you.

In the space provided, please indicate the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence with regard to each of the capital counts.

Mitigating Factor No. 1:  If not sentenced to death, Sayfullo Saipov will be incarcerated for the rest of his life without any possibility of release.

      Number of jurors who so find:  _____


Mitigating Factor No. 2:  If sentenced to life imprisonment without the possibility of release, Sayfullo Saipov will be sent to the H Unit at the Federal Bureau of Prisons ADX facility in Florence, Colorado.

      Number of jurors who so find:  _____


Mitigating Factor No. 3:  On H Unit, Sayfullo Saipov will spend at least 22 hours a day alone in his cell.

      Number of jurors who so find:  _____

Mitigating Factor No. 4:  For the entire time he has been incarcerated since November 1, 2017, Sayfullo Saipov has never physically harmed anyone.

      Number of jurors who so find:  _____

Mitigating Factor No. 5:  Throughout this trial, Sayfullo Saipov sat unrestrained and did not threaten or attempt to harm anyone.

     Number of jurors who so find:  _____

Mitigating Factor No. 6:  For the entire time he has been incarcerated since November 1, 2017, the Federal Bureau of Prisons in its monthly "SHU" reviews, has consistently assessed Sayfullo Saipov's potential for harm to others as "Low."

     Number of jurors who so find:  _____

Mitigating Factor No. 7:  Sayfullo Saipov is under Special Administrative Measures, which restrict who may visit, have contact, or communicate with him to only those people approved by the Department of Justice.

     Number of jurors who so find:  _____

Mitigating Factor No. 8:  All of Sayfullo Saipov's communications are monitored by the FBI in real time and can be discontinued at any time.

     Number of jurors who so find:  _____

Mitigating Factor No. 9:  Under Special Administrative Measures Sayfullo Saipov's reading, viewing and listening material is vetted and inspected by government corrections and/or law enforcement staff.

     Number of jurors who so find:  _____

Mitigating Factor No. 10:  Sayfullo Saipov's Special Administrative Measures cannot be removed or modified without the approval of the Attorney General of the United States.

     Number of jurors who so find:  _____

Mitigating Factor No. 11:  In practice, Special Administrative Measures are not removed or modified without the approval of the U.S. Attorney's Office that prosecuted the case.

     Number of jurors who so find:  _____

Mitigating Factor No. 12:   A sentence of life imprisonment without the possibility of release is a harsh punishment.

     Number of jurors who so find:  _____

Mitigating Factor No. 13:  Sayfullo Saipov will die in prison.

      Number of jurors who so find:  _____

Mitigating Factor No. 14:  Sayfullo Saipov was not a leader or organizer of a terrorist group.

      Number of jurors who so find:  _____

Mitigating Factor No. 15:  Sayfullo Saipov was born and raised in Uzbekistan during a time of strict religious repression, and his ignorance about Islam contributed to his susceptibility to ISIS propaganda when he came to the U.S.

      Number of jurors who so find:  _____

Mitigating Factor No. 16:  ISIS used manipulative techniques to convince people to commit acts of terrorism.

      Number of jurors who so find:  _____

Mitigating Factor No. 17:  ISIS specifically targeted Uzbek migrants.

      Number of jurors who so find:  _____

Mitigating Factor No. 18:  Sayfullo Saipov was influenced by ISIS propaganda.

      Number of jurors who so find:  _____

Mitigating Factor No. 19:  Sayfullo Saipov was convinced by ISIS propaganda to seek martyrdom.

      Number of jurors who so find:  _____

Mitigating Factor No. 20:  Sayfullo Saipov was convinced he had a religious obligation to commit this attack.

      Number of jurors who so find:  _____

Mitigating Factor No. 21:  Sayfullo Saipov's family members condemn his actions, but they still love him.

      Number of jurors who so find:  _____

Mitigating Factor No. 22:  Even from prison, Sayfullo Saipov's life is meaningful to his family.

      Number of jurors who so find:  _____

Mitigating Factor No. 23:  Sayfullo Saipov's parents and sisters love him, and he will continue to be part of their lives even from prison.

      Number of jurors who so find: _____

Mitigating Factor No. 24:  Sayfullo Saipov's three children, Aisha, Hadicha, and Holid, love him.

      Number of jurors who so find: _____

Mitigating Factor No. 25:  Sayfullo Saipov was 29 years old at the time of this crime and had no previous criminal convictions.

      Number of jurors who so find: _____

Mitigating Factor No. 26:  A sentence of life imprisonment without release provides hope that Mr. Saipov may one day understand the wrongfulness of his conduct.

      Number of jurors who so find: _____

Mitigating Factor No. 27:  There are other factors in Sayfullo Saipov's life, personal traits, character, or background, or any other circumstances present, that suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the appropriate punishment.

      Number of jurors who so find: _____

The law does not limit your consideration of mitigating factors to those submitted to you.  If, in addition to those specific circumstances, there is anything about the circumstances of the offense, the defendant's personal traits, character, or background, or anything else relevant that any juror individually believes mitigates against the imposition of the death penalty, you are free to consider that factor in the balance as well.  The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors.  If more space is needed, write "CONTINUED" and use the reverse side of the next page.

Mitigating Factor No. _____:

_____

_____

_____

_____

      Number of jurors who so find: _____

Mitigating Factor No. _____:

_____

_____

_____

_____

       Number of jurors who so find: _____

Mitigating Factor No. _____:

_____

_____

_____

_____

       Number of jurors who so find: _____

Directions:

After you have completed your findings in this section (whether or not you have found any mitigating factors in this section), continue on to Section VI.

13

**SECTION VI.  DETERMINATION OF SENTENCE**

**General Directions for Section VI:**

As used in this section, the term "capital count" refers only to those counts for which you found the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II and at least one statutory aggravating factor in Section III. You may not impose a sentence of death on a particular capital count unless you have first found with regard to that count, unanimously and beyond a reasonable doubt, the defendant was at least age eighteen in Section I and at least one preliminary intent factor in Section II and at least one statutory aggravating factor in Section III.

In this section, enter your determination of the defendant's sentence with regard to each of the capital counts.

After considering the information presented by both sides during the penalty phase and individually balancing the aggravating factors found to exist against the mitigating factors found to exist:

**COUNT ONE**

      ❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 1.

      ❏    We, the jury, unanimously find, for Capital Count 1, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 1.

**COUNT TWO**

      ❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 2.

      ❏    We, the jury, unanimously find, for Capital Count 2, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 2.

**COUNT THREE**

❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 3.

❏    We, the jury, unanimously find, for Capital Count 3, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 3.

**COUNT FOUR**

❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 4.

❏    We, the jury, unanimously find, for Capital Count 4, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 4.

**COUNT FIVE**

❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 5.

❏    We, the jury, unanimously find, for Capital Count 5, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 5.

**COUNT SIX**

❏    We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 6.

❏    We, the jury, unanimously find, for Capital Count 6, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 6.

**COUNT SEVEN**

❏     We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 7.

❏     We, the jury, unanimously find, for Capital Count 7, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 7.

**COUNT EIGHT**

❏     We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 8.

❏     We, the jury, unanimously find, for Capital Count 8, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to this count.

**COUNT TWENTY-EIGHT**

❏     We, the jury, unanimously find that a sentence of life in prison without possibility of release is the appropriate sentence for the defendant on Capital Count 28.

❏     We, the jury, unanimously find, for Capital Count 28, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant.  We vote unanimously that the defendant shall be sentenced to death as to Capital Count 28.

Each juror must sign his or her name below, indicating that the above sentence determinations reflect the jury's decision:

Juror No. 1: _____

Juror No. 2: _____

Juror No. 3: _____

Juror No. 4: _____

Juror No. 5: _____

Juror No. 6: _____

Juror No. 7: _____

Juror No. 8: _____

Juror No. 9: _____

Juror No. 10: _____

Juror No. 11: _____

Juror No. 12: _____

The foreperson shall indicate the date of signing:  Date: _____, 2023.

Directions:

After you have completed your sentence determination in this section (regardless of what that determination was), continue on to Section VII.

**SECTION VII.  CERTIFICATION**

By signing your name below, each of you individually certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victims was not involved in reaching your individual decision.  Each of you further certifies that you, as an individual, would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victims.  If any one or more of you cannot so certify, you may not return a verdict to the Court; instead, you should resume your deliberations.

Juror No. 1:  _____

Juror No. 2:  _____

Juror No. 3:  _____

Juror No. 4:  _____

Juror No. 5:  _____

Juror No. 6:  _____

Juror No. 7:  _____

Juror No. 8:  _____

Juror No. 9:  _____

Juror No. 10:  _____

Juror No. 11:  _____

Juror No. 12:  _____

The foreperson shall indicate the date of signing:  Date: _____, 2023.