

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 13, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

      Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

      The Government writes in response to the Court's inquiry concerning the parties' views on any potential charge to the jury pursuant to *Allen v. United States*, 164 U.S. 492 (1896). The Government understands that the defense objects to any such charge. Because any such charge in this case will depend upon the circumstances, the Government does not propose any particular charge at this time, and instead writes to advise the Court of the pertinent authorities.

      In *Lowenfield v. Phelps*, 484 U.S. 231 (1988), the Supreme Court examined a state capital sentencing in which the trial court issued an *Allen*-type charge. The jury sent a note advising that it was "unable to reach a decision at that time, and requesting that the court again advise the jury as to its responsibilities." *Id.* at 234. The court polled the jury as to whether "further deliberations would be helpful in obtaining a verdict," and the vote was eight votes in favor of further deliberations and four votes against. *Id.* The court denied a mistrial motion and the jury sent a new note stating that "some of the jurors had misunderstood the question previously asked." *Id.* The court re-polled the jury using the question: "Do you feel that any further deliberations will enable you to arrive at a verdict?" *Id.* This time, the vote was eleven votes in favor of further deliberations and one against. *Id.* at 234–35. The court then instructed the jury as follows:

> Ladies and Gentlemen, as I instructed you earlier if the jury is unable to unanimously agree on a recommendation the Court shall impose the sentence of Life Imprisonment without benefit of Probation, Parole, or Suspension of Sentence.
>
> When you enter the jury room it is your duty to consult with one another to consider each other's views and to discuss the evidence with the objective of reaching a just verdict if you can do so without violence to that individual judgment.

The Honorable Vernon S. Broderick, U.S.D.J.
March 13, 2023
Page 2

> Each of you must decide the case for yourself but only after discussion and impartial consideration of the case with your fellow jurors. You are not advocates for one side or the other. Do not hesitate to reexamine your own views and to change your opinion if you are convinced you are wrong but do not surrender your honest belief as to the weight and effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

*Id.* at 235.  After 30 minutes, the jury returned a sentence of death.  *Id.*  On habeas review, the Supreme Court held that "on these facts the combination of the polling of the jury and the supplemental instruction was not 'coercive' in such a way as to deny petitioner any constitutional right."  *Id.* at 241.  In particular, the Supreme Court noted that its precedents had "implicitly approved" the type of polling conducted by the trial court, which "was not as to how they stood on the merits of the verdict, but how they stood on the question of whether further deliberations might assist them in returning a verdict."  *Id.* at 240.

Consistent with *Lowenfeld*, the courts of appeals have approved the following *Allen*-type charges in federal capital cases:

- After deliberating less than one full day, the jury sent a note that "with 100% certainty" it could not reach a unanimous sentencing decision as to the defendant.  Over the defense objection, the district court instructed the jury to "continue [its] deliberations, and [to] try to reach unanimous verdicts."  Approximately one hour later, the jury returned a sentence of death.  The Eighth Circuit affirmed.  *United States v. Hall*, 945 F.3d 1035, 1047–48 (8th Cir. 2019).

- After deliberating about five hours and forty minutes, the jury sent a note stating that "[w]e cannot come to a unanimous agreement."  Without providing an opportunity for the defense to object, the district court responded, "[p]lease continue your deliberations."  Approximately one hour later, the jury returned a sentence of death.  The Fifth Circuit affirmed.  *United States v. Fields*, 483 F.3d 313, 338–40 (5th Cir. 2007).

- At some point during deliberations, which totaled less than three hours, the court instructed jurors that they "should 'not hesitate to re-examine your own opinion, and to change your mind if you become convinced that you are wrong,' [but] also admonished, 'do not give up you[r] honest beliefs . . . solely because the others think differently or merely to get the case over with.'"  The court also instructed the jury that the defendant "would receive the death penalty only if all jurors unanimously agreed to recommend death."  The Eleventh

The Honorable Vernon S. Broderick, U.S.D.J.
March 13, 2023
Page 3

Circuit affirmed in relevant part.  *United States v. Chandler*, 996 F.2d 1073, 1089 (11th Cir. 1993).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: _____/s/_____
      Andrew Dember
      Amanda Houle
      Jason A. Richman
      Alexander Li
      Assistant United States Attorneys

cc:  Defense counsel (*by ECF*)