**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 13, 2023

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:   *United States v. Sayfullo Saipov*
      **17 Cr. 722 (VSB)**

Dear Judge Broderick,

The defense writes in response to the government's letter earlier today regarding the Court's purported authority to give a charge under *Allen v. United States*, 164 U.S. 492 (1896) to the jury. As a threshold matter, the defense agrees with the government that how the Court responds to any potential note from the jury would depend on the content and circumstances, and thus the defense cannot propose any particular response at this time.

But the government's suggestion that an *Allen*-type charge would be appropriate, especially in response to any note from the jurors indicating they are not unanimous as to punishment, is wrong.  Indeed, a note expressing non-unanimity would require the Court to dismiss the jury and impose a life sentence, rather than to direct the jury to continue deliberating. The Court has already made clear the consequences of non-unanimity in its instructions to the jury:

> If you have concluded that you are unable to reach a unanimous decision, send a note indicating that you have concluded you are unable to reach a unanimous decision.  Before you reach any conclusion based on a lack of unanimity on any count, you should continue your discussions until you are fully satisfied that no further discussion will lead to a unanimous decision.

If the jury returns a note stating that it is not unanimous, the Court should presume the jury is following the Court's instructions.  None of the cases cited by the government support the proposition that further instruction is necessary, or even permitted.  The government cites a Supreme Court case in which a state death sentence was reviewed under a highly deferential habeas standard, and three lower court cases from outside of the Second Circuit in which the jury was initially instructed differently than Mr. Saipov's jury.  All of these cases are distinguishable from Mr. Saipov's in several important ways, including the critical one: In none of those cases had the jury been originally instructed, as here, that if "fully satisfied" that further deliberations would not lead to a unanimous decision, they should send a note indicating that conclusion, and

the Court would sentence the defendant to life imprisonment without parole.[1]  *See* 3/8/23 Tr.3610-11.

Thus, if the Court receives a note from the jury that it is unable to reach a unanimous determination, it must adhere to its instruction by accepting it, dismissing the jury, and imposing a life sentence.  That is especially true since, even at this point, the jury has already been deliberating over two days — most of Thursday after the alternate's substitution just after 11 a.m., and much of today.[2]  It would not only flout the instructions but also be inherently coercive were the Court to instead reject such a note and direct the jury to continue deliberating through any *Allen*-type instruction.  This would inevitably be understood as a message to the jury that the initial instructions meant something different than they plainly stated and that non-unanimity is an illegitimate result.  Such an instruction is inherently coercive, too, as it would clearly pressure life-voting jurors to reexamine their votes, and signal to the death-voting ones to keep pressing until their fellow jurors fell in line.  Thus, it would violate Mr. Saipov's right to due process and to a non-arbitrary sentencing decision, under the Fifth and Eighth Amendments and the FDPA, 18 U.S.C. §§ 3593, 3595.

Sincerely,

/s/
David Patton
Andrew J. Dalack
Sylvie J. Levine
David Stern

---

[1] In *Lowenfeld v. Phelps*, 484 U.S. 231, 234-35 (1988), the jury had been told the consequences of non-unanimity, but nothing about how long to deliberate or how to communicate a non-unanimous result to the trial court.  (That is why the Supreme Court thought it permissible for the trial court to inquire of the jury if it felt further deliberations would be helpful.)  The same was true in *United States v. Hall*, 945 F.3d 1035, 1047-48 (8th Cir. 2019) and *United States v. Fields*, 483 F.3d 313, 338-40 (5th Cir. 2007).  And in the third lower-court decision cited by the government, *United States v. Chandler*, 996 F.2d 1073, 1089 (11th Cir. 1993), the jury had not even been told the consequences of non-unanimity.

[2] By the government's own admission it its letter, the cases it cited involved juries that had been deliberating far shorter amounts of time when they inquired about or indicated potential non-unanimity.