**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 20, 2023

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Government's request for leave to respond to this letter by March 22, 2023 is hereby granted. I will make a decision on the sentencing date after receiving the Government's letter.

SO ORDERED: 03/20/2023

*[signature]*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re: *United States v. Sayfullo Saipov*
S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

We write with respect to a sentencing date in the above-captioned case. Because the defense is not filing any post-trial motions, and because a pre-sentence report is either precluded by statute in a capital case or obviated by the sufficient information in the record about Mr. Saipov and the offense, the Court should sentence Mr. Saipov forthwith, but no later than the week of April 17, 2023. The government requests leave to respond to this letter by Wednesday, March 22, 2023.

In a capital case, a pre-sentence report is arguably precluded by statute. 18 U.S.C. § 3593 (which is referenced in Fed. R. Crim. P. 32(c)(1)(A)(i)) directs that, "Notwithstanding rule 32 of the Federal Rules of Criminal Procedure, when a defendant is found guilty or pleads guilty to an offense under section 3591, no presentence report shall be prepared." Because Mr. Saipov is a defendant who was found guilty of capital crimes under 18 U.S.C. § 3591 and subjected to a death penalty phase proceeding, in which the outcome was indisputably a life sentence, a pre-sentence report is unnecessary pursuant to 18 U.S.C. § 3593.

Further, Rule 32(c)(1)(A)(ii) itself expressly authorizes proceeding without a presentence report if "a court determines that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record." Here, the record is replete with detailed information about Mr. Saipov and his offense, and the Court's application of the § 3553(a) factors to Mr. Saipov is straightforward because Mr. Saipov must and will receive a life sentence following the jury's failure to arrive at a unanimous verdict. Indeed, a pre-sentence report was not prepared in *U.S. v. Tsarnaev* (and all issues pertaining to restitution were deferred under 18 U.S.C. § 3664(d)(5) and resolved months later without Tsarnaev present). Moreover, in *U.S. v. Wilson*, the

government took the position that a pre-sentence report was not necessary (even as to non-capital counts of conviction) writing that, "A capital case presents no need for a PSR because, as the U.S. Sentencing Commission has observed, the procedures set forth in § 3593 establish 'sufficient information in the record to enable [the district court] to exercise its statutory sentencing authority meaningfully and explain[] its finding on the record.'" 04-1016 (EDNY), ECF No. 1567 at 39-40 (quoting U.S.S.G. § 6A1.1, Commentary).

Given these facts and that Mr. Saipov's designation to ADX is undisputed, Rule 32(b)'s directive that courts "must impose sentence without unnecessary delay" supports our position that Mr. Saipov can and should be sentenced forthwith, but no later than the week of April 17, 2023. For reference, Tsarnaev's verdict in his penalty phase was on May 15, 2015, and sentence was imposed on June 24, 2015, whereupon he was promptly sent to ADX.

For both security reasons and conditions of confinement, it does not make sense to keep Mr. Saipov at MDC Brooklyn longer than necessary. Of course, the defense understands that the victims have a statutory right to be present at sentencing and we have no objection. However, a month should be a reasonable amount of time to make the necessary travel arrangements for their appearance without unnecessarily delaying Mr. Saipov's sentencing in violation of Fed. R. Crim. P. 32(b).

Respectfully submitted,

/s/
David Patton
Andrew J. Dalack
Sylvie J. Levine
Annalisa Mirón
David Stern

Cc:   Government counsel