

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

      Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

      The Government writes in response to the defendant's request for an expedited sentencing and to waive the preparation of a Presentence Investigation Report ("PSR").  (Dkt. 777).  If the Court determines that there is sufficient information in the record to proceed to sentencing without a PSR, the Government does not object to the defendant's request for an expedited sentencing. However, the Government respectfully submits that preparation of a limited PSR is appropriate, as detailed below, and further requests that the Court not schedule the sentencing before May 15, 2023, to allow the victims adequate time to plan their travel to attend sentencing.

      *First*, while the Government does not concede the defendant's argument concerning Section 3593(c) and the need for a PSR, the Government does not object to the defendant's request to waive a full PSR so long as the Court makes a finding that there is sufficient information in the record to exercise its sentencing authority under Section 3553.  *See* Fed. R. Crim. P. 32(c)(1)(A)(ii).  However, the Government respectfully submits that the Probation Office should prepare a limited report concerning its calculation of the applicable sentencing range under the United States Sentencing Guidelines for the non-capital counts of conviction.  Indeed, the defense incorrectly argues that a "pre-sentence report was not prepared in *U.S. v. Tsarnaev*," as the Probation Office in *Tsarnaev* prepared such a limited report.  *See United States v. Tsarnaev*, 13 Cr. 10200 (GAO), Dkt. 1449 at 1-2 (ordering the preparation of a limited presentence report to identify "the guidelines and policy statements of the Sentencing Commission applicable to each non-capital count of conviction" and that "calculates the defendant's Guidelines Sentencing Range for each of the non-capital crimes."); Dkt. 1634 at 5 (transcript of sentencing, noting that a "limited presentence report" had been prepared and served on the parties).[1]  Moreover, the defendant's

---

[1] In addition, while the Court can defer determination of the full amount of restitution for 90 days after sentencing, it may, alternatively, order the Probation Office to include information concerning restitution in this limited presentence report.  *See* 18 U.S.C. § 3664(a) ("For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order.").

The Honorable Vernon S. Broderick, U.S.D.J.
March 22, 2023
Page 2

citations to *United States v. Wilson* are notably in the context of post-conviction litigation in which the defendant claims in part that it was error for him to be sentenced on non-capital counts without a PSR.  While the prosecution team in *Wilson* argues that the defendant's claim is meritless, neither party cites any controlling authority on the issue—a  point that, here, in an abundance of caution, further counsels in favor of a limited PSR.[2]

*Second*, while the Government is in the process of consulting with the victims concerning which victims will ultimately attend sentencing, a sentencing date the week of April 17, 2023 may not provide adequate time for them to make necessary arrangements.  As the Court is aware from testimony at the penalty phase, certain of the surviving family members of the victims now must work new or multiple jobs as a direct result of the defendant's attack, and many of the surviving family members have also been left as single parents with significant childcare responsibilities.  Additionally, the defendant's attack has left certain other witnesses who may wish to speak at sentencing with severe physical limitations that make traveling even short distances extremely difficult.  Thus, contrary to the defense's contention, a month may not provide a "reasonable" amount of time for these victims to plan international travel, obtain child-care, confirm with their employers that they can take time off, and coordinate the special arrangements they need to accommodate their injuries when traveling.  Moreover, the Government is in the process of seeking assistance from the appropriate components within the Department of Justice to fund and coordinate certain aspects of the victims' travel—a process that will not significantly extend the timeline but that does require some additional time. Ultimately, the defendant's desire to be sentenced on an expedited timeline should not outweigh the victims' statutory right to attend and speak at sentencing.[3]

[continued on next page]

---

[2] If the Court agrees and orders the preparation of a limited PSR, the Government respectfully submits that it should include an offense conduct section, with citations to relevant transcript portions and exhibits, and a Guidelines calculation by the Probation Office.

[3] In either event, the Government respectfully requests the opportunity to consult with the victims who want to travel to attend and speak at sentencing to ensure they are, at least in large part, available on the date the Court selects.

The Honorable Vernon S. Broderick, U.S.D.J.
March 22, 2023
Page 3

      For the foregoing reasons, the Government does not object to an expedited sentencing and the waiver of a formal PSR if the Court determines there is enough information in the record to allow the Court to proceed to sentencing, but respectfully requests that the Court order the preparation of a limited PSR and schedule the sentencing after May 15, 2023.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By:    /s/
      Andrew Dember
      Amanda Houle
      Jason A. Richman
      Alexander Li
      Assistant United States Attorneys

cc: Defense counsel (*by ECF*)

**APPLICATION GRANTED**
**SO ORDERED** /s/ Vernon S. Broderick
**VERNON S. BRODERICK**
**U.S.D.J.**  03/29/2023

The sentencing is hereby scheduled for May 17, 2023 at 12:00 PM. The parties shall inform the Court by April 12, 2023 if the proposed sentencing date presents an issue for any of the attorneys, victims, or victims' family members who wish to attend. The Probation Office shall prepare a limited presentence report concerning its calculation of the applicable sentencing range under the United States Sentencing Guidelines for the non-capital counts of conviction. The limited presentence report shall include an offense conduct section with citations to relevant transcript portions and exhibits, a Guidelines calculation, and information concerning restitution.