

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    The Government writes in brief response to the defendant's letter of March 21, 2023 (Dkt. No. 779), seeking to vacate the Court's Orders of February 3, 14, 23, and 24, 2023 (*See* Dkt. No. 750). The Government continues to agree that the Court has the authority to direct the defendant to provide the information requested, and that the information is relevant. The Government does not, however, object to the defense providing the information under seal and *ex parte*, provided the information is preserved for the record.

    First, the information requested by the Court is relevant to pending and future litigation in this case. The Court, for example, indicated that it intends to issue a written decision explaining the Court's denial of the defendant's motion for a trial adjournment and evidentiary hearing based on alleged *Brady* violations by the Government. The information presently requested by the Court is relevant to that motion in light of the defense's argument that the defendant would be prejudiced by proceeding to trial as scheduled because the defense could not review the Government's disclosures and also prepare for trial. (Dkt. No. 525, at 18-19). The defense made similar arguments in connection with other motions made throughout the pendency of this case relating to both phases of the trial.[1] While the defense has represented that current counsel does not intend to file any post-trial motions or appeal any issue relating to the penalty phase, that representation is not binding on the defendant (or any subsequent counsel), and, in any event, the information

---

[1] *See, e.g.*, Dkt. No. 475, at 3-4 (arguing that receipt of penalty phase informative outline two weeks before *voir dire* would violate the defendant's Fifth, Sixth, and Eighth Amendment rights because, among other reasons, counsel would be fully occupied with *voir dire* and evidentiary hearings); Dkt. No. 619, at 4-5 (arguing that the defendant was prejudiced by the timing of the Government's identification of four witnesses based, in part, on the necessary devotion of resources to brief-writing, reviewing the Government's "belated *Brady* disclosures," and participating in individual *voir dire*).

The Honorable Vernon S. Broderick, U.S.D.J.
March 31, 2023
Page 2

requested by the Court remains relevant to any appeal of the defendant's liability-phase conviction and any subsequent litigation pursuant to Title 28, United States Code, Section 2255.[2]

    Second, the Government does not concede that the information requested by the Court is attorney work product or that it is confidential.  Nonetheless, the Government does not object to the defense providing the information to the Court under seal and *ex parte*, provided that the information is preserved, and with the understanding that the Government may seek access to the information for purposes of defending against any relevant argument on appeal or in other post-conviction litigation.

    For the foregoing reasons, the Court should deny the defendant's request to vacate the Court's February 24, 2023 Order.  As noted, however, the Government does not object to the defense responding to the Court's Order under seal and *ex parte*.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:    /s/
    Andrew Dember
    Amanda Houle
    Jason A. Richman
    Alexander Li
    Assistant United States Attorneys

cc:  Defense counsel (*by ECF*)

---

[2] The Government further notes that the Court permitted the defense to delay production of the requested information after confirming that the defense would not argue that the delay to a date following the sentencing verdict would moot the Court's inquiry.  (Trial Tr. at 3192).