

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 11, 2023

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:    *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

    We write to address the following three issues in advance of sentencing in this matter, scheduled for May 17, 2023, at 9 a.m.

    *First*, the Government anticipates that approximately 25 victims will speak in person at sentencing, including approximately 23 victims traveling from Argentina or Belgium to speak. The Government anticipates that each victim will speak for approximately five minutes, and the Government has arranged for interpreters for those victims who need them. The Government respectfully requests that the victims speaking at sentencing be allowed to speak after the defendant addresses the Court (if he chooses to make a statement) and the defense objects to this request.

    *Second*, on May 5, 2023, the Probation Office issued the Final Presentence Investigation Report (the "PSR"). To date, the defense has not raised any objections. The Government respectfully submits that the defense identify objections to the PSR, if any, by 12 p.m. on Monday, May 15, so the parties and Court have adequate time to consider and address them in advance of sentencing. The defense instead requests that the parties file any objections to the PSR by 5 p.m. on Monday, May 15.

    *Third*, as the Court is aware, the defendant is subject to Special Administrative Measures ("SAMs") which, among other things, limit the defendant's ability to communicate with others and limit the content that the defendant is allowed to communicate about. *See, e.g.*, *United States v. Saipov*, Dkt. 108 (Court order denying defendant's motion to vacate SAMs). Pursuant to the SAMs, the FBI and an Uzbek linguist monitor the defendant's non-legal communications and they can terminate his communications if he says something in violation of the SAMs. (*See* Dkt. 56, Ex. A, at p. 10-11 (SAMs provisions regarding monitoring and termination)). For example, if contemporaneous monitoring reveals "any indication of a discussion of illegal activity, the soliciting of or encouraging of acts of violence or other crimes, or actual or attempted

The Honorable Vernon S. Broderick, U.S.D.J.
May 11, 2023
Page 2

circumvention of the SAM[s]," the FBI may immediately terminate the communication. (*See id.*). At sentencing, the Government will have an Uzbek linguist present who will monitor the defendant's statement, if he chooses to make one, in real-time. If the defendant makes any statements that violate his SAMs (by, for example, soliciting or encouraging violence by ISIS or others), the linguist will notify the Government, and the Government will promptly object before the statement is publicly translated into English by the courtroom interpreters. The Government respectfully requests that the Court instruct the courtroom interpreters to pause public translation if such an objection is lodged.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    /s/   
    Andrew Dember
    Amanda Houle
    Jason A. Richman
    Alexander Li
    Assistant United States Attorneys

cc: Defense counsel (*by ECF*)