**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 16, 2023

**Via ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

**Re:**   *United States v. Sayfullo Saipov*
         **17 Cr. 722 (VSB)**

Dear Judge Broderick:

We write regarding the Court's order that the defense reveal to the Court, "the number of people in the following categories for each year beginning with 2018 through the present who have worked on the case: lawyers; volunteer attorneys; other, non-legal volunteers; paralegals." "Order" DE #750, 793. The defense has previously requested that the Court vacate the Order. We do so again here, for all the reasons stated in our prior submissions. In the alternative, we request that the Court stay the Order pending appeal for the reasons stated below.

**Stay Pending Appeal**

In the alternative to vacating the Order, we respectfully ask the Court to stay the Order pending Mr. Saipov's appeal to the Second Circuit from the Court's final judgment.[1] The four criteria relevant to considering such a stay all weigh in favor of the request. Those are: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay … and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009).

First, although not accepted by the Court, as detailed in previous letters (DE #779, 791), there are substantial arguments that the Order extends beyond the Court's authority, is not relevant to any outstanding issue, and intrudes on defense counsel's ethical duties and Mr. Saipov's Sixth Amendment rights. To satisfy the first criteria for a stay, there need only be a "substantial possibility" of prevailing on

---

[1] A motion for a stay pending appeal must be presented to the district court in the first instance; only if and when it is denied may it then be presented to the Court of Appeals. *See* Fed. R. App. P. 8(a)(1).

appeal.  The chance of success need not be more than 50 percent and, indeed, can be quite less if, as here, the movant faces irreparable injury from denial of a stay whereas a stay would cause little or no injury to the non-movant.  *Mohammed*, 309 F.3d at 101-02; *see also In re: Application of Hornbeam Corp.*, 2017 WL 2241522, at *1 (S.D.N.Y. May 22, 2017 (Broderick, J.) ("'The necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors'") (quoting *Mohammed*, 309 F.3d at 101).

In its letter supporting the Order on March 31, 2023, the Government stated that the staffing information was relevant "to pending and future litigation in this case" and cited to the Court's then-pending written decision regarding the defense's motion last August related to the Government's late disclosure of *Brady* material.  Since the time of that letter, the Court issued its written ruling. DE #797.  Nothing in the ruling was dependent on the defense's staffing information.  The Court ruled that the material at issue was not covered by *Brady* and in any event was not in the possession of the "Prosecution Team."  In a footnote, the Court also found that the seven defense attorneys noticed on the docket were sufficient "to investigate and make use of the information it claims to be Brady material" and that any additional defense personnel would only bolster the Court's view.[2]  DE #797 at 11 n.9.

In sum, the *Brady* issue never involved issues of defense staffing, was decided by the Court independent of staffing issues, and only went to issues in the penalty phase – which was resolved in the defendant's favor and for which there are no remaining issues to be decided now or in the future.

The Government made reference to two other defense motions in a footnote, both of which have already been decided *without* reference to defense staffing.[3]  The only remaining litigation before the Court relates to the defense proposal for language in the judgment about Mr. Saipov's BOP commissary.  Thus, there is no pending litigation that requires the disclosure of defense staffing information.

---

[2] The Court's order for staffing information came in response to the defense request for an informative outline of victim impact testimony for the penalty phase.  We address the *Brady* issue here because the government cited it in its letter supporting the Order.  Notably, the Government did not state that defense staffing information was relevant to the request for victim impact testimony. The Court has never stated that the defense staffing information is relevant to the now-decided *Brady* issue and indeed denied the defense request for an evidentiary hearing last fall when it ruled against Mr. Saipov on that issue. It is not surprising that the Court did not raise defense staffing issues in the Brady litigation because the defense never claimed it lacked sufficient resources; instead, we asserted that it was not possible to conduct the necessary investigation into penalty phase mitigation on the eve of trial and detailed the things we would have done well in advance had we been timely apprised of the information – none of which implicated our resources in the nearly five years leading up to trial during which time we lacked the late-disclosed information.
[3] *See* DE #785 at 1 n.1.

As for the Government's claim that the staffing information might be relevant to some "future litigation" on appeal or in a § 2255 motion, it provides nothing beyond that general assertion. Of course, any criminal case could hypothetically require the eventual disclosure of otherwise non-discoverable information.  For instance, certain post-conviction claims might require a defendant to waive attorney-client or work-product privilege to the extent it is necessary for a court to make factual findings relevant to the claim.  But a defendant cannot "waive" those protections for the mere possibility of some as-yet unfiled, hypothetical future claim.  Section 2255 has its own provisions for fact-finding.  *See, e.g.*, 28 U.S.C. § 2255(b).  If a defendant chooses to waive various protections in order to advance a claim in that forum, he may do so, at which time it is appropriate to address them.  Were it otherwise, a Court could issue an order forcing the revelation of staffing information at the outset of every criminal case merely for the possibility of some future unknown claim.

In its letter the Government also noted that before the jury returned its penalty phase verdict, the defense requested a stay of the Order and stated that the delay would not "moot the Court's inquiry."  In fact, the defense stated that it would not argue that the passage of time between the requested stay and seven days after the jury verdict would make the staffing information irrelevant.[4]  And we have not made that argument or anything like it.  The arguments made by the defense here and in previous submissions have been present from the outset:  the staffing information is not relevant to any issues and is ethically and legally protected.  The jury's penalty phase verdict and the Court's subsequent rulings have highlighted why vactur of the Order is appropriate for all the reasons raised before the verdict, but that is because of their substance and not the passage of time.

Lastly, leaving aside the legal, ethical, and constitutional concerns with revealing defense staffing information that is not relevant to any outstanding issue, it is simply not possible for the defense to comply with the Order.  As stated in the letter of February 28, 2023, we do not have the information the Court requests, and we do not have any reasonable means of obtaining it.

For all those reasons, the first criteria for a stay is met.  With respect to the second criteria, absent a stay, the Court's order would cause irreparable injury because the disclosure of the staffing information is the precise harm sought to be prevented and could not be undone or remedied on appeal.[5]  A stay is thus required

---

[4] Tr. 3192, Lines 6-12:
THE COURT: … Now, I don't have a problem with the seven days, as long as we are not going to hear an argument that because of the passage of time, somehow, that the information I have requested is not relevant. By passage of time, I mean between now and when I get the materials.
MR. PATTON: Understood, your Honor. You will not hear that.
[5] Although the Court ordered that the staffing information "may be provided ex parte and under seal" (DE #793), this provides no protection against future disclosure of the information to the

to "preserve the jurisdiction" of the Court of Appeals. *Michael v. I.N.S.*, 48 F.3d 657, 664 (2d Cir. 1995) (irreparable injury because denial of stay would moot the appeal); *S.E.C. v. Daspin*, 557 Fed. Appx. 46 (2d Cir. 2014) (same), *citing In re Agent Orange Product Liability Litig.*, 804 F.2d 19, 20 (2d Cir. 1986).

Third, the Government will suffer no injury, let alone a substantial one, if the staffing disclosure is delayed until the Second Circuit can review the Order on appeal. Indeed, the Government has stated that the information could be provided to the Court *ex parte* and under seal – highlighting that it has no immediate need for the information.

Finally, there is no public interest against staying the staffing disclosure long enough to enable the Court of Appeals to review its legality. On the contrary, the public interest is served by allowing appellate review, which the public shares an interest in safeguarding. *See, e.g., N.L.R.B. v. Gen. Motors Corp.*, 510 F. Supp. 341, 343 (S.D. Ohio 1980) ("the preservation of the respondents' right to appeal is also within the public interest").

## Conclusion

For the reasons stated above, we ask the Court to either vacate the Order or stay compliance pending appeal.

                                          Respectfully Submitted,

                                          /s
                                          David Patton
                                          Counsel for Sayfullo Saipov

cc: Govt. counsel via ECF

---

government or the public once it is out of counsel's hands, especially as the Court will lose jurisdiction of the case once it enters final judgment. Indeed, the government has strenuously argued that the information is not privileged or confidential and signaled an intention to seek access to it. *See* DE #785.